1   SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
      A Limited Liability Partnership
2       Including Professional Corporations
    P. CRAIG CARDON, Cal. Bar No. 168646
3   DYLAN J. PRICE, Cal. Bar No. 258896
    BENJAMIN O. AIGBOBOH, Cal. Bar No. 268531
4   ERIC J. DIIULIO, Cal. Bar No. 301439
    Four Embarcadero Center, 17th Floor
5   San Francisco, California 94111-4109
    Telephone:    415.434.9100
6   Facsimile:    415.434.3947
    Email:        ccardon@sheppardmullin.com
7                 dprice@sheppardmullin.com
                  baigboboh@sheppardmullin.com
8                 ediiulio@sheppardmullin.com

9   *Attorneys for Defendants*
    WILLIAMS-SONOMA, INC., WILLIAMS-SONOMA DTC,
10  INC., WILLIAMS-SONOMA ADVERTISING, INC.,
    WILLIAMS-SONOMA STORES, INC., POTTERY BARN,
11  INC., POTTERY BARN KIDS, INC., POTTERY BARN
    TEEN, INC., and WEST ELM, INC.

12

13                    UNITED STATES DISTRICT COURT

14                  NORTHERN DISTRICT OF CALIFORNIA

15  WILLIAM RUSHING, Individually and on          Case No.
    Behalf of all Others Similarly Situated,
16                                                **CLASS ACTION**
                     Plaintiff,
17                                                **NOTICE OF REMOVAL PURSUANT TO
              v.                                  28 U.S.C. §§ 1332, 1441, AND 1446 (CLASS
18                                                ACTION FAIRNESS ACT)**
    WILLIAMS-SONOMA, INC., a Delaware
19  corporation, d/b/a WILLIAMS-SONOMA and        San Francisco Sup. Ct..
    WILLIAMS-SONOMA HOME; WILLIAMS-               Case No. CGC-16-550159
20  SONOMA DTC, INC., a California
    corporation; WILLIAMS-SONOMA                  [Complaint Filed: January 29, 2016]
21  ADVERTISING, INC., a California               Trial Date:       TBD
    corporation; WILLIAMS-SONOMA
22  STORES, INC., a California corporation;
    POTTERY BARN, INC., a California
23  corporation; POTTERY BARN KIDS, INC., a
    California corporation; POTTERY BARN
24  TEEN, INC., a California corporation also
    d/b/a PB TEEN and PB Dorm; WEST ELM,
25  INC., a California corporation; and DOES 1-
    30,
26
                     Defendants.
27

28

1    TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE

2    NORTHERN DISTRICT OF CALIFORNIA:

3        PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446,

4    Defendants Williams-Sonoma, Inc., Williams-Sonoma DTC, Inc., Williams-Sonoma Advertising,

5    Inc., Williams-Sonoma Stores, Inc., Pottery Barn, Inc., Pottery Barn Kids, Inc., Pottery Barn Teen,

6    Inc., and West Elm, Inc. (collectively, "Defendants"), by and through their counsel, hereby

7    remove the above-captioned matter *William Rushing v. Williams-Sonoma, Inc., et al.*, which is

8    currently pending before the Superior Court of the State of California for the County of San

9    Francisco, Case No. CGC-16-550151 (hereinafter the "State Court Action"), to the United States

10   District Court for the Northern District of California.[1]  Removal is proper for the following

11   reasons:

12                              **I.      BACKGROUND**

13       1.     Plaintiff William Rushing ("Plaintiff") filed a Complaint in the State Court Action

14   on January 29, 2016.  Plaintiff served the Complaint on Defendants—other than Defendant

15   Williams-Sonoma, Inc.—on February 23, 2016.[2]

16       2.     The Complaint asserts the following claims against Defendants arising from their

17   marketing and sale of bedding during the limitations period:  (a) Misleading and Deceptive

18   Advertising (Cal. Bus. & Prof. Code § 17500 *et seq.*); (b) Untrue Advertising (Cal. Bus. & Prof.

19   Code § 17500 *et seq.*); (c) Unlawful Business Practices (Cal. Bus. & Prof. Code § 17200 *et seq.*);

20   (d) Breach of Express Warranty (U.C.C. Article 2); (e) Breach of Implied Warranty of

21   Merchantability (U.C.C. Article 2); and (f) Unjust Enrichment.

22

23   —————————————

24   [1]  Pursuant to 28 U.S.C. § 1446(a), a copy of the all process, pleadings (including the Complaint and Amended Complaint), and orders served on Defendants in the State Court Action is attached

25   hereto as **Exhibit A**.

26   [2]  Plaintiff filed a First Amended Complaint on March 8, 2016, and served the First Amended Complaint on Defendants on March 9, 2016.  Defendants' Notice of Removal, however, is based

27   on Plaintiff's January 29, 2016 Complaint because it provides the basis for removal on its face. *See* 28 U.S.C. § 1446(b)(1); *Kuxhausen v. BMW Fin. Servs. NA LLC*, 707 F.3d 1136 (9th Cir.

28   2013.)

## II.   TIMELINESS OF REMOVAL

3.     Under the Class Action Fairness Act ("CAFA"), a defendant sued in state court has thirty days from service of the summons and complaint to file a notice of removal to federal court. 28 U.S.C. § 1446(b)(1).  Where defendants are served at different times, any earlier-served defendant may join in a timely removal filed by a later-served defendant.  28 U.S.C. § 1446(b)(2)(C).  Plaintiff served a copy of the Summons and Complaint in the State Court Action on Defendant Williams-Sonoma, Inc. on February 11, 2016.  (Ex. A (Proofs of Service of Summons) at pp. 478-79.)  Plaintiff served copies of the Summons and Complaint in the State Court Action on all other defendants on February 23, 2016.  (*Id*. (Proofs of Service of Summons) at pp. 466-77, 480-81)  Because Defendant Williams-Sonoma, Inc. joins the other defendants in filing this Notice of Removal, removal is timely as to all Defendants.

## III.   REMOVAL JURISDICTION UNDER CAFA

4.     Under CAFA, federal courts have original jurisdiction in class actions where:

(a)     any member of the plaintiff class is a citizen of a State different from any defendant ("minimal diversity");

(b)     the primary defendants are not states, state officials, or other government entities against whom the district court may be foreclosed from ordering relief;

(c)     there are more than 100 people in the putative class; and

(d)     the amount in controversy exceeds $5,000,000.00, exclusive of interests and costs.

28 U.S.C. § 1332(d); *see also Serrano v. 180 Connect, Inc.*, 478 F.3d 1018, 1020-21 (9th Cir. 2007).

5.     As set forth below, this action is removable under CAFA because Plaintiff and putative class members are citizens of a State different from that of one or more of Defendants (which entities are not states, state officials, or other government entities), there are more than 100 putative class members, and the amount in controversy exceeds $5,000,000.00, exclusive of interest and costs.

-2-

**A.**      **Minimal Diversity**

6.      Plaintiff is a resident and citizen of Kentucky.  (Complaint ¶ 15.)  Plaintiff purports to represent a putative "consumer class…[of] [a]ll persons in the United States who purchased bedding from Williams-Sonoma, Williams-Sonoma Home, Pottery Barn, Pottery Barn Kids, Pottery Barn Teen, or West Elm during the limitations period."  (*Id*. ¶ 85.)

7.      Defendants are citizens of Delaware and/or California:

(a)      Defendant Williams-Sonoma, Inc. is a Delaware corporation with its principal place of business in San Francisco, California (Complaint ¶ 16; Declaration of Sarah Bruner ("Bruner Decl.") ¶ 3), and, therefore, is a citizen of Delaware and California.  *Ghaderi v. United Airlines, Inc.*, 136 F. Supp. 2d 1041, 1043 n.1 (N.D. Cal. 2001) ("A corporation is a citizen of the state in which it is incorporated and the state that is its principal place of business.").

(b)      Defendant Williams-Sonoma DTC, Inc. is a California corporation with its principal place of business in Shafter, California (Complaint ¶ 19; Bruner Decl. ¶ 4) and, therefore, is a citizen of California.

(c)      Defendant Williams-Sonoma Advertising, Inc. is a California corporation with its principal place of business in San Francisco, California (Complaint ¶ 20; Bruner Decl. ¶ 5) and, therefore, is a citizen of California.

(d)      Defendant Williams-Sonoma Stores, Inc. is a California corporation with its principal place of business in San Francisco, California (Complaint ¶ 20; Bruner Decl. ¶ 6) and, therefore, is a citizen of California.

(e)      Defendant Pottery Barn, Inc. was a California corporation, but was dissolved before January 29, 2016.  (Bruner Decl. ¶ 7.)  Pottery Barn is a brand that is owned and operated by Defendant Williams-Sonoma, Inc. from its principal place of business in San Francisco, California.  As such, Defendant Pottery Barn, Inc. is a citizen of California.  *See C-One Tech. v.*

1                 *Mount & Stoelker, P.C.*, 2008 U.S. Dist. LEXIS 77642, at **6-8 (N.D. Cal.

2                 Oct. 3, 2008).

3       (f)      Defendant Pottery Barn Kids, Inc. was a California corporation, but was

4                 dissolved before January 29, 2016.  (Bruner Decl. ¶ 8.)  Pottery Barn Kids

5                 is a brand that is owned and operated by Defendant Williams-Sonoma, Inc.

6                 from its principal place of business in San Francisco, California.  As such,

7                 Defendant Pottery Barn Kids, Inc. is a citizen of California.

8       (g)      Defendant Pottery Barn Teen, Inc. was a California corporation, but was

9                 dissolved before January 29, 2016.  (Bruner Decl. ¶ 9)  Pottery Barn Teen is

10                 a brand that is owned and operated by Defendant Williams-Sonoma, Inc.

11                 from its principal place of business in San Francisco, California.  As such,

12                 Defendant Pottery Barn Teen, Inc. is a citizen of California.

13       (h)      Defendant West Elm, Inc. was a California corporation, but was dissolved

14                 before January 29, 2016.  (Bruner Decl. ¶ 10.)  West Elm is a brand that is

15                 owned and operated by Defendant Williams-Sonoma, Inc. from its principal

16                 place of business in San Francisco, California.  As such, Defendant West

17                 Elm, Inc. is a citizen of California.

18     8.      None of the Defendants is a state, state official or other governmental entity.

19 (Bruner Decl. ¶¶ 3-10.)  Accordingly, the minimal diversity and non-governmental entity

20 requirements are satisfied.

21 **B.**     **Class Size**

22     9.      Plaintiff alleges that the putative class includes "[a]ll persons who have purchased

23 bedding from [Defendants] during the limitations period"—a class that Plaintiff contends

24 "includes thousands of purchasers geographically dispersed throughout the United States."

25 (Complaint ¶¶ 85, 88.)  Defendants' records confirm that Defendants sold bedding to more than

26 100 people during the four-year period preceding the filing of the Complaint.  (Bruner Decl. ¶ 11.)

27     10.     Because there is no dispute that the putative class—as defined by Plaintiff—

28 includes more than 100 people, CAFA's class size requirement is satisfied.

                                         

**C.**      **Amount In Controversy**

11.      Under CAFA, "the claims of the individual class members shall be aggregated to determine whether the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs."  28 U.S.C. § 1332(d)(6); *see also Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014).  The aggregate amount in controversy includes claims for damages, the cost of complying with injunctive relief, and attorneys' fees.  *Gugliemino v. McKee Foods Corp.*, 506 F.3d 696, 700 (9th Cir. 2007); *Anderson v. SeaWorld Parks & Entm't, Inc.*, 2015 U.S. Dist. LEXIS 128786, at **6-7 (N.D. Cal. Sept. 22, 2015).  "[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold."  *Dart*, 135 S. Ct. at 554.

12.      The amount in controversy requirement is met for the following reasons:

(a)      Plaintiff alleges that the putative class includes "[a]ll persons who have purchased bedding from [Defendants] during the limitations period." (Complaint ¶ 85.)  Plaintiff further alleges that he and the putative class are "entitled to a refund of any money paid for bedding...." (Complaint ¶ 160; *see also* Complaint ¶¶ 114, 122, 130, 141, 147 (alleging that Plaintiff and the putative class members "are entitled…to the appointment of a receiver…to restore to any person in interest money paid for bedding and sheeting…."))  In fact, Plaintiff seeks at least $774.20—the total amount he allegedly paid Defendants for a set of Williams-Sonoma Home "Signature 600-Thread-Count Sateen Bedding" and matching pillowcases.  (Complaint ¶¶ 98-108.)  Defendants' total sales of bedding during the four-year period before the Complaint was filed is several times greater than $5,000,000.00.  Bruner Decl. ¶ 11.  Plaintiff alleges that the class is entitled to every penny (as well as shipping and processing fees and taxes).  (Complaint ¶¶ 98-108.)  Therefore, Plaintiff and the class seek damages well in excess of $5,000,000.00.

(b)     Plaintiff also seeks to recover attorneys' fees.  (Complaint, Prayer at F.)
Courts in the Ninth Circuit have held that removing defendants can
reasonably assume that plaintiffs are entitled to attorneys' fees valued at
25% of projected damages.  *See, e.g., Fong v. Regis Corp.*, 2014 U.S. Dist.
LEXIS 275, at *23 (N.D. Cal. Jan. 2, 2014); *Molnar v. 1-800-Flowers.com,
Inc.*, 2009 U.S. Dist. LEXIS 131768 at *15.  Plaintiff seeks a full refund of
at least tens of millions of dollars in bedding sales.  Accordingly, under the
Ninth Circuit's benchmark, the attorneys' fees alone could exceed the total
jurisdictional amount necessary for removal under CAFA.

(c)     Plaintiff also seeks injunctive relief—not only enjoining Defendants from
engaging in future wrongful conduct—but also requiring "Defendants to
correct the false impression engendered on the Class and the general public
by their ongoing deception" including by using "[c]orrective advertising" in
the nearly 600 retail stores and dozens of websites owned and operated by
Defendants.  (Complaint ¶¶ 16-25, 82.)  Plaintiff's proposed injunctive
relief would also enjoin "Defendants from further misstating thread count or
yarn origin in advertising and marketing their bedding" (Complaint, Prayer
at B), which would necessitate, at a minimum, repackaging of all goods sold
through hundreds of retail stores around the country and online.  (Complaint
¶¶ 16-25.)  The extensive injunctive relief sought by Plaintiff further
increases the amount in controversy—an amount that clearly exceeds the
minimum necessary for removal jurisdiction under CAFA.  *See, e.g.,
Rauschkolb v. Chattem, Inc.*, 2016 U.S. Dist. LEXIS 12776, at *8 (S.D. Ill.
Feb. 3, 2016) ("The plaintiff seeks prospective relief that could include,
among other things, a corrective advertising campaign, a label change, and
removing products from the shelf.  The cost of the possible prospective
relief would be significant.").

13.     Defendants deny all liability and damages, and deny that a class may be certified pursuant to Federal Rule of Civil Procedure 23.  However, based on Plaintiff's and the putative class's claims and the damages asserted against Defendants, Defendants' total sales of bedding during the relevant period, the significant amounts to be expended on attorneys' fees litigating a nationwide consumer class action for sales of all bedding by retailers like Defendants, and the significant costs associated with repackaging of allegedly deceptively-labeled bedding and implementing corrective advertising in Defendants' hundreds of retail stores, online, and elsewhere, Defendants allege in good faith that the amount in controversy supports this Court's jurisdiction under CAFA.

**IV.     VENUE**

14.     Venue is proper in the Northern District of California pursuant to 28 U.S.C. §§ 1441(a) and 1446(a) because the county in which the State Court Action is pending is within this District.

**V.     NOTICE TO PLAINTIFF AND THE SUPERIOR COURT FOR THE COUNTY OF SAN FRANCISCO**

15.     Pursuant to 28 U.S.C. § 1446(d), Defendants will promptly serve this Notice of Removal on Plaintiff William Rushing ("Rushing"), through his counsel of record—George Richard Baker of BAKER LAW, PC, 436 N. Stanley Avenue, Los Angeles, California  90036— and will promptly file a copy of the Notice of Removal with the Clerk of the Superior Court of the State of California for the County of San Francisco.

16.     Pursuant to 28 U.S.C. § 1446(a), the undersigned counsel for Defendants has read the foregoing and signs the Notice of Removal pursuant to Federal Rule of Civil Procedure 11.

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

-7-

SMRH:475660159.9

NOTICE OF REMOVAL

**WHEREFORE**, Defendants request that the State Court Action pending before the Superior Court of the State of California for the County of San Francisco be removed to the United States District Court for the Northern District of California.

Dated:  March 23, 2016                    SHEPPARD MULLIN RICHTER & HAMPTON LLP


By _____/s/ Eric DiIulio_____
                                                P. CRAIG CARDON
                                                DYLAN J. PRICE
                                                BENJAMIN O. AIGBOBOH
                                                ERIC J. DIIULIO

                                                *Attorneys for Defendants*
                                        WILLIAMS-SONOMA, INC., WILLIAMS-
                                        SONOMA DTC, INC., WILLIAMS-SONOMA
                                        ADVERTISING, INC., WILLIAMS-SONOMA
                                        STORES, INC. POTTERY BARN, INC., POTTERY
                                        BARN KIDS, INC., POTTERY BARN TEEN, INC.,
                                        and WEST ELM, INC.