# **EXHIBIT B**

# Rose Reynolds

| | |
|---|---|
| **From:** | Katie Honecker |
| **Sent:** | Wednesday, May 04, 2016 5:07 PM |
| **To:** | Ben Aigboboh |
| **Cc:** | richard@bakerlawpc.com; Lauren Nageotte; Rose Reynolds; Eric DiIulio |
| **Subject:** | RE: William Rushing v. Williams-Sonoma, Inc., et al., Case No. 3:16-cv-01421 |
| **Attachments:** | Rushing Stipulation re SAC (corrected date).docx; Rushing Venue Affidavit May 2 2016.pdf; REDLINE SAC May 3 vs May 4 2016.pdf; CLRA Notice Letter (5-4-2016).pdf |

Ben – Attached is the redline, along with Mr. Rushing's venue affidavit, the final stipulation (date corrected), and Mr. Rushing's CLRA Notice that you agreed to accept for your clients by email. Please let me know if I have permission to sign the stipulation for you.

Thanks.

**Kathryn Honecker**



7144 E Stetson Drive, Suite 300
Scottsdale, Arizona 85251
Direct: 480.291.0744
Fax: 480.505.3925
Cell: 480.209.7365

My LinkedIn Profile
roselawgroup.com
roselawgroupreporter.com
social.roselawgroup.com

*RLG is Service*

*Winner "Best place to work in Arizona"*

The information contained in this message is privileged and confidential. It is intended only to be read by the individual or entity named about or their designee. If the reader of this message is not the intended recipient, you are on notice that any distribution of this message, in any form, is strictly prohibited. If you have received this message in error, please immediately notify the sender by telephone at 480.291.0744 or by fax at 480.505.3925 and delete or destroy any copies of this message. Thank you.

Think green, please don't print unnecessarily

**From:** Katie Honecker
**Sent:** Wednesday, May 4, 2016 4:06 PM
**To:** 'Ben Aigboboh' <baigboboh@sheppardmullin.com>
**Cc:** richard@bakerlawpc.com; Lauren Nageotte <lnageotte@roselawgroup.com>; Rose Reynolds

1



**KATHRYN HONECKER**
7144 E. Stetson Drive, Suite 300
Scottsdale, Arizona 85251
Phone 480.291.0744 Fax 480.505.3925
KHonecker@roselawgroup.com
www.roselawgroup.com

May 4, 2016

**VIA EMAIL**

Benjamin O. Aigboboh
Attorney for Williams-Sonoma, Inc.
Sheppard Mullin Richter & Hampton LLP
Four Embarcadero Center, 17th Floor
San Francisco, CA 94111-4109

**VIA CERTIFIED MAIL, RETURN RECEIPT REQUESTED**

Williams-Sonoma, Inc., *et al.*
c/o CSC Lawyers Incorporating Service
2710 Gateway Oaks Drive, Suite 150 N
Sacramento, CA 95833

Janet Hayes
President
Williams-Sonoma Brand
3250 Van Ness Avenue
San Francisco, CA 94109

Sandra Stangl
President
Pottery Barn, Pottery Barn Kids,
  and Pottery Barn Teen
3250 Van Ness Avenue
San Francisco, CA 94109

Williams-Sonoma DTC, Inc.
3250 Van Ness Avenue
San Francisco, CA 94109

Laura J. Alber
CEO, President, Director
Williams-Sonoma, Inc.
3250 Van Ness Avenue
San Francisco, CA 94109

David King
General Counsel and Senior Vice President
Williams-Sonoma, Inc.
3250 Van Ness Avenue
San Francisco, CA 94109

James W. Brett
President
West Elm
3250 Van Ness Avenue
San Francisco, CA 94109

Williams-Sonoma Stores, Inc.
3250 Van Ness Avenue
San Francisco, CA 94109

Williams-Sonoma Advertising, Inc.
3250 Van Ness Avenue
San Francisco, CA 94109

**Re: Notice of Potential Claims under California's CLRA and Demand Letter**

To Williams-Sonoma Inc., Williams-Sonoma DTC, Inc., Williams-Sonoma Stores, Inc., Pottery Barn, Inc., Pottery Barn Kids, Inc., Pottery Barn Teen, Inc., and West Elm, Inc.:

Together with our co-counsel, Baker Law, PC, we represent William Rushing. Pursuant to the California Consumers Legal Remedies Act (the "CLRA"), California Civil Code § 1750, *et seq.*, and specifically §§ 1782(a)(1) and (2), Mr. Rushing, individually and on behalf of all other similarly situated consumers nationwide (collectively, the "Class"), through their undersigned counsel, hereby notify you that the above named entities, and/or their subsidiaries or affiliates (collectively "WSI") are alleged to have violated the CLRA. WSI has violated the CLRA by marketing, promoting, labeling, advertising and selling bedding products as having thread counts of over 350 threads per inch,[1] despite the fact that such thread counts are false and have been inflated by WSI. WSI knew, or should have known, that such thread counts were untrue and were not calculated using the textile industry's generally accepted method for calculating thread count. Such action by WSI is to the detriment of consumers.

Mr. Rushing had been a prior Williams-Sonoma customer, received Williams-Sonoma catalogs in the mail, and had previously visited a Williams-Sonoma store. However, the Williams-Sonoma store he has visited was a culinary supply store, and did not have bedding on display. From Williams-Sonoma's catalogs, Mr. Rushing learned that Williams-Sonoma (a/k/a Williams-Sonoma Home) also sold purportedly high-thread count bedding.

For Valentine's Day 2015, Mr. Rushing decided to give his wife a set of sheets. But he was not interested in buying her average quality sheets for Valentine's Day. Rather, he wanted to give her soft, luxurious, high-quality sheets for this special occasion. On or before February 10, 2015, Mr. Rushing, looking for bedding to purchase for his wife's gift, reviewed one of the Williams-Sonoma (a/k/a Williams-Sonoma Home) catalogs he had previously received. He had purchased other items from Williams-Sonoma and was aware that it would be more expensive than buying from many other retailers. Based on Williams-Sonoma's reputation, however, Mr. Rushing believed it would be worth the extra expense when purchasing what he believed would be soft, luxurious, high-quality sheets.

As Mr. Rushing was shopping for Valentine's Day, he did not wish to order using the catalog's mail order form, so he went to the website indicated on the catalog. On or about February 10, 2015, Mr. Rushing reviewed Williams-Sonoma's bedding options again, this time on its website, and selected and purchased Williams-Sonoma Home's King-size "Signature 600-Thread-Count Sateen Bedding" because Williams-Sonoma's website advertised them as being 600 thread count, made in Italy, made of Egyptian cotton, and the retailer's "Signature" line. He also ordered an extra pair of matching pillowcases. Mr. Rushing viewed Williams-Sonoma's misleading catalog and website descriptions of its bedding options and reasonably relied in substantial part on those representations. Mr. Rushing was thereby deceived by both

---

[1] For the purposes of this notice and the legal action to follow, bedding products labeled as having a thread count of 350 or more may also be referred to as "higher thread count" or "high thread count" bedding products.

descriptions in deciding to purchase the "Signature 600-Thread-Count Sateen Bedding" for a premium price.

Mr. Rushing viewed Williams-Sonoma's misleading descriptions of its Williams-Sonoma Home's bedding options and reasonably relied on those representations. Based on these representations, Mr. Rushing purchased Williams-Sonoma Home's King-size "Signature 600-Thread-Count Sateen Bedding" because WSI's website advertised this bedding as being 600 thread count, made in Italy, made of Egyptian cotton, and the retailer's "Signature" line. Mr. Rushing's final cost for one set of sheets and an extra set of pillowcases was $774.20. Mr. Rushing believed the expense of the sheets to be supported by Williams-Sonoma's representations that the bedding was 600 thread count, Egyptian cotton, and its most luxurious "Signature" bedding. When the bedding arrived, its label contained the same description as the website and again indicated that it was 600 thread count. However, Mr. Rushing decided not to give the sheets to his wife for Valentine's Day, because he was disappointed in the quality of the bedding. Upon further investigation, Mr. Rushing discovered that the "Signature 600-Thread-Count Sateen Bedding" he received was only 291 thread count, half of Williams-Sonoma's advertised thread count.

Thread count figures are material information for consumers that, if disclosed, must be stated accurately. They are material because a reasonable person would consider it important in deciding whether or not to purchase a particular set of bedding and at a particular price. Manufacturers, marketers, advertisers, and retailers, including WSI, have actively worked to convince consumers that thread count matters when purchasing bedding—the higher the better. And, higher thread count numbers generally come with a higher price tag.

However, Williams-Sonoma's mislabeling of Williams-Sonoma Home's "Signature 600-Thread-Count Sateen Bedding" to falsely assert a thread count of 600 is prohibited by the CLRA, since such mislabeling was "undertaken by [Williams-Sonoma] in a transaction intended to result or which results in the sale" of goods to Mr. Rushing, a consumer.

Williams-Sonoma engaged in unfair and deceptive acts declared unlawful by the CLRA by knowingly and intentionally mislabeling the Williams-Sonoma Home's "Signature 600-Thread-Count Sateen Bedding" to reflect a thread count materially higher than it actually had.

Williams-Sonoma violated the CLRA's proscription against misrepresentation of the "approval, characteristics, ingredients, uses, benefits, or quantities" of the Bedding Products by affirmatively and specifically misrepresenting, at all times, to Mr. Rushing and other consumers that Williams-Sonoma Home's "Signature 600-Thread-Count Sateen Bedding" was 600 thread count when, in fact, it was only 291. Specifically, Williams-Sonoma's misrepresentations of material facts on labels, in catalogs, and on its websites regarding Williams-Sonoma Home's "Signature 600-Thread-Count Sateen Bedding's" purported superior qualities violated (a) California Civil Code § 1770(a)(5)'s proscription against representing that goods have characteristics and quantities that do not actually have; (b) § 1770(a)(7)'s proscription against representing that goods are of a particular standard, quality or grade when they are of another;

and (c) § 1770(a)(9)'s proscription against advertising goods with the intent not to sell them as advertised.

Williams-Sonoma's active concealment of a material fact, the true thread count, violated § 1770(a)(5)'s proscription against representing that goods have characteristics and quantities that do not actually have. Williams-Sonoma's active concealment of this material fact also violated or § 1770(a)(7)'s proscription against representing that goods are of a particular standard, quality or grade when they are of another, and § 1770(a)(9)'s proscription against advertising good with the intent not to sell them as advertised.

Our investigation also has found that Williams-Sonoma's inflation of its bedding products' thread count was not isolated to Williams-Sonoma Home's "Signature 600-Thread-Count Sateen Bedding." Rather, such inflation appears to be a pattern and practice followed by all of Williams-Sonoma's brands in the marketing, promoting, labeling, advertising, and selling of what they purport to be high thread count bedding products. As Williams-Sonoma and its brands explained in their motion to dismiss, they do not follow or acknowledge the ASTM D3375 Standard for testing thread count. Testing of Mr. Rushing's bedding and several other Williams-Sonoma products confirm that the ASTM D3375 Standard was not followed by Williams-Sonoma or its brands in calculating, marketing, promoting, labeling, advertising, or selling any of the tested high thread count bedding.

For example, Williams-Sonoma's Pottery Barn brand describes its "700-THREAD-COUNT SHEET SET" as "Sateen woven of cotton to an unrivaled 700-thread count, our sheet set brings unparalleled softness and comfort to the bed." Testing revealed, however, that the actual thread count of the "700-THREAD-COUNT SHEET SET" is far below the 700 thread count, purported by Pottery Barn and Williams-Sonoma. In actually, this bedding only has a thread count of approximately 570. Similarly, the actual thread count of Pottery Barn Teen's "400 Thread-Count Sheet Set" is approximately 208, again far below the stated 400 thread count. And, testing of West Elm's "350 Thread Count Organic Cotton Sateen Sheet Set" demonstrated that the actual thread count again is outside the ±5% industry allowance, as the bedding only has a thread count of approximately 320. The following table summarizes the problem with these advertised thread counts:

| Williams-Sonoma Brand[2] | Product Name | Advertised Thread Count | Industry Allowed Deviation (±5%) | Actual Thread Count per Testing | Percentage of the Allowed Deviation |
|---|---|---|---|---|---|
| WSH | Signature 600-Thread-Count Sateen Bedding | 600 | 570-630 | 291 | 1000% |
| PB | 700-Thread-Count Sheet Set | 700 | 665-735 | 570 | 370% |
| PBT | 400-Thread-Count Sheet Set | 400 | 380-420 | 208 | 950% |

---

[2] "WSH" refers to Williams-Sonoma Home, "PB" refers to Pottery Barn, "PBT" refers to Pottery Barn Teen, and "WE" refers to West Elm.

Notice of Potential Claims under California's CLRA and Demand Letter
May 4, 2016
Page 5 of 8

| | | | | | |
|---|---|---|---|---|---|
| WE | 350-Thread-Count Organic Sateen Sheet Set | 350 | 332-368 | 320 | 170% |

Given our preliminary investigation showing WSI's pattern and practice of inflating thread counts on higher thread count bedding and WSI's position in their motion to dismiss that they do not follow or acknowledge the ASTM D3375 Standard as the textile industry's generally accepted method for calculating thread count, Plaintiff advises the above entities and/or their subsidiaries or affiliates that this notice also includes CLRA claims directed at unpurchased but substantially similar products, including CLRA claims based on the unlawful marketing, promoting, labeling, advertising, and selling of the following high thread count bedding (the "Additional Bedding"):

| Brand and Product Name[3] | Characteristic or Quantity as Misrepresented by WSI |
|---|---|
| Williams-Sonoma Home Greek Key Jacquard 600-Thread-Count Bedding | 600 Thread Count |
| Williams-Sonoma Home Suzani Jacquard Bedding | 500 Thread Count |
| Williams-Sonoma Home Signature Percale Bedding | 400 Thread Count |
| Pottery Barn 700-Thread-Count Sheet Set | 700 Thread Count |
| Pottery Barn Morgan 400-Thread-Count Sheet Set | 400 Thread Count |
| Pottery Barn PB Organic 400-Thread-Count Sheet Set | 400 Thread Count |
| Pottery Barn PB Classic 400-Thread-Count Sheet Set | 400 Thread Count |
| Pottery Barn Zoe Embroidered 400-Thread-Count Sheet Set | 400 Thread Count |
| Pottery Barn PB Organic 350-Thread-Count Sheet Set | 350 Thread Count |
| Pottery Barn 350-Thread-Count Organic Cotton Sateen Sheet Set | 350 Thread Count |
| Pottery Barn Avery Embroidered Organic Sateen Sheet Set | 350 Thread Count |
| Pottery Barn Kendall Scarf Print Organic Bedding | 350 Thread Count |
| Pottery Barn Teen 400 Thread-Count Sheet Set | 400 Thread Count |
| Pottery Barn Kid Monique Lhuillier Etheral Butterfly Sateen Sheet Set | 350 Thread Count |
| Pottery Barn Kid Monique Lhuillier Garden Cuff Sateen Sheet Set | 350 Thread Count |
| Pottery Barn Kid Monique Lhuillier Scattered Paper Planes Sateen Sheet Set | 350 Thread Count |
| Pottery Barn Kid Monique Lhuillier Flight of Birds Sateen Sheet Set | 350 Thread Count |
| Pottery Barn Kid Chevron Ikat Organic Sateen Crib Fitted Sheet | 350 Thread Count |
| Pottery Barn Kid Baby Geo Sateen Crib Fitted Sheet | 350 Thread Count |
| Pottery Barn Kid Baby Clover Sateen Crib Fitted Sheet | 350 Thread Count |
| Pottery Barn Kid Baby Chevron Sateen Crib Fitted Sheet | 350 Thread Count |
| Pottery Barn Kid Monique Lhuillier Sateen Ethereal Butterfly Bassinet Fitted Sheet | 350 Thread Count |

---

[3] Because the names for products may vary slightly between WSI's websites and their catalogs, Plaintiff only lists the website names here, but the list of Additional Bedding products includes all such products regardless of whether sold via the website or catalog. For example, the same product is described as "700-Thread-Count Sheet Set" on Pottery Barn's website and as "700-Thread-Count Cotton Sateen" in its catalog. Because it is the same product, listing of the former therefore includes the later.

| | |
|---|---|
| Pottery Barn Kid Monique Lhuillier Paper Planes Bassinet Fitted Sheet | 350 Thread Count |
| Pottery Barn Kid Butterfly Sateen Sheet Set | 350 Thread Count |
| Pottery Barn Kids Sateen Crib Fitted Sheet | 350 Thread Count |
| Pottery Barn Kids Organic Sleepy Sheep Crib Fitted Sheet | 350 Thread Count |
| Pottery Barn Kids Organic Sateen Crib Fitted Sheet | 350 Thread Count |
| West Elm 400-Thread-Count Organic Cotton Percale Sheet Set | 400 Thread Count |
| West Elm 350-Thread-Count Organic Sateen Sheet Set | 350 Thread Count |
| Bedding sold and discontinued during the limitations period that was advertised as having a thread count of over 350. | 350+ Thread Count |

WSI knew or should have known that its stated thread counts for "Signature 600-Thread-Count Sateen Bedding" and the Additional Bedding were incorrect and likely to deceive consumers, as WSI was not using the Textile Industry's Standard Testing Method, which is laid out in ASTM D3775, nor telling consumers that it used and continues to use a method to calculate thread count for its bedding that differs from its competitors.

WSI's mislabeling of the Additional Bedding to assert false thread counts is prohibited by the CLRA, since such mislabeling was "undertaken by [WSI] in a transaction intended to result or which results in the sale" of goods to consumers, the Class Mr. Rushing seeks to represent.

WSI engaged in unfair and deceptive acts declared unlawful by the CLRA by knowingly and intentionally mislabeling the Additional Bedding to reflect a thread count it knew or should have known was materially higher than that which they would have had if accurately calculated using the ASTM D3775 Standard.

WSI violated the CLRA's proscription against misrepresentation of the "approval, characteristics, ingredients, uses, benefits, or quantities" of the Additional Bedding by affirmatively misrepresenting at all times to the Class and the public that the Additional Bedding were of specific thread counts when, in fact, they were not, and WSI knew or should have known were not accurately calculated using the ASTM D3775 Standard. Specifically, WSI's representations of material facts on labels, in catalogs, and on its websites regarding the Additional Bedding superior qualities violated (a) California Civil Code § 1770(a)(5)'s proscription against representing that goods have characteristics and quantities that do not actually have; (b) § 1770(a)(7)'s proscription against representing that goods are of a particular standard, quality or grade when they are of another; and (c) § 1770(a)(9)'s proscription against advertising goods with the intent not to sell them as advertised.

WSI's active concealment of material facts violated § 1770(a)(5)'s proscription against representing that goods have characteristics and quantities that do not actually have. WSI's active concealment of material facts also violated or § 1770(a)(7)'s proscription against representing that goods are of a particular standard, quality, or grade when they are of another, and § 1770(a)(9)'s proscription against advertising good with the intent not to sell them as advertised.

The resolution of the claims is the same between both the bedding Mr. Rushing purchased and the Additional Bedding, listed above, because Mr. Rushing's purchased products and the Additional Bedding are both

a) sheets and accompanying pillowcases;

b) affirmatively touted by Defendants as having a specific thread count in either the name of or narrative description for each Bedding Product in Defendants' catalogs and websites;

c) advertised as having higher-thread counts (thread counts over 350);

d) subject to Defendants' method of calculating thread count that fails to comply with the textile industry's generally accepted standard, which is represented in ASTM D3775; and

e) advertised as having thread counts artificially inflated to mislead consumers into believing the products are of a higher-thread count, quality, standard, or grade.

Pursuant to § 1782 of the CLRA and based on the foregoing, Mr. Rushing hereby demands that within thirty (30) days of receiving this letter, the above entities and/or their subsidiaries or affiliates take the following actions:

1. Provide for third-party thread count testing pursuant to ASTM International Standard Designation D3775-12 (the "ASTM Testing") for Williams-Sonoma Home's "Signature 600-Thread-Count Sateen Bedding" and each of the Additional Bedding products listed above;

2. From the ASTM Testing, identify products labeled, advertised, or marketed as having thread counts outside an allowed deviation of ±5% the ASTM Test results (the "Identified Products");

3. Identify and provide notice to all consumers who purchased any of the Identified Products within the last three (3) years that upon their request, WSI will either

   a. reimburse all amounts the consumer paid for any of the Identified Products that were purchased within the past three years; or

   b. replace free of charge all of the Identified Products that were purchased within the past three years with new bedding of the same quality, characteristics, and thread count as advertised;

4. Adopt ASTM International Standard Designation D3775-12, or the current version, as amended, as WSI's only method of calculating thread count for any bedding products where WSI specifies a thread count; and

5. Label, advertise, and market WSI's bedding products using thread counts calculated pursuant to ASTM D3775-12, or the current version, as amended.

Unless the above entities and/or their subsidiaries or affiliates take such action as demanded above within thirty (30) days after your receipt of this letter, we intend to amend our

complaint[4] to include claims for damages under the CLRA, including monetary damages, punitive damages, attorneys' fees and costs, and any other relief the Court deems proper.

If you have any questions regarding this notice and demand, please contact your attorney or have your attorney contact me at (480) 291-0744.

Sincerely,

Kathryn Honecker

cc: Benjamin O. Aigboboh

---

[4] *Rushing v. Williams-Sonoma, Inc.*, No. 3:16-cv-01421WHO (N.D. Cal. filed January 29, 2016).