1  SHEPPARD MULLIN RICHTER & HAMPTON LLP
   P. CRAIG CARDON, Cal. Bar No. 168646
2  BENJAMIN O. AIGBOBOH, Cal. Bar No. 268531
   ERIC J. DIIULIO, Cal. Bar No. 301439
3  Four Embarcadero Center, 17th Floor
   San Francisco, California 94111-4109
4  Telephone: 415.434.9100
   Facsimile:  415.434.3947
5  Email:     ccardon@sheppardmullin.com
              baigboboh@sheppardmullin.com
6              ediiulio@sheppardmullin.com

7  *Attorneys for Defendants*

8                      **UNITED STATES DISTRICT COURT**

9     **NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION**

10

| | |
|---|---|
| 11  WILLIAM RUSHING, Individually and on Behalf of all Others Similarly Situated, | Case No. 3:16-cv-01421-WHO |
| 12                     Plaintiff, | *Assigned to the Hon. William H. Orrick* |
| 13            v. | **CLASS ACTION** |
| 14  WILLIAMS-SONOMA, INC., a Delaware corporation, also d/b/a Williams-Sonoma, and Williams-Sonoma Home, and Pottery Barn,; WILLIAMS-SONOMA DTC, INC., a California corporation; WILLIAMS-SONOMA ADVERTISING, INC., a California corporation; and DOES 1-30, | **DEFENDANTS' ANSWER TO SEVENTH AMENDED CLASS ACTION COMPLAINT** |
| 15 | |
| 16 | |
| 17 | Complaint Filed:   January 29, 2016 |
| 18                     Defendants. | Action removed:    March 23, 2016 |
| | 7AC Filed:         April 4, 2017 |
| | Trial Date:        Not set |

19

20

21

22

23

24

25

26

27

28

Defendants Williams-Sonoma, Inc. ("WSI"), Williams-Sonoma DTC, Inc. (WSDTC"), and Williams-Sonoma Advertising, Inc. ("WSA") (collectively "Defendants") hereby answer the Seventh Amended Class Action Complaint ("Seventh Amended Complaint") filed by Plaintiff William Rushing ("Plaintiff").

## "NATURE OF THE CASE"

1.      Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 1 of the Seventh Amended Complaint, and, accordingly, deny such allegations.

2.      Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 2 of the Seventh Amended Complaint, and, accordingly, deny such allegations.

3.      Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 3 of the Seventh Amended Complaint, and, accordingly, deny such allegations.

4.      Defendants admit that Plaintiff uses the term "bedding" in the Seventh Amended Complaint to refer to bed sheets, pillowcases, shams, and duvets.

5.      Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5 of the Seventh Amended Complaint, and, accordingly, deny such allegations.

6.      Defendants deny that they grossly inflate their bedding's thread count numbers. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 6 of the Seventh Amended Complaint, and, accordingly, deny such allegations.

7.      Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 7 of the Seventh Amended Complaint, and, accordingly, deny such allegations.

8.      Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 8 of the Seventh Amended Complaint, and, accordingly, deny such allegations.

9.      Defendants deny the allegations in Paragraph 9 of the Seventh Amended Complaint.

10.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 10 of the Seventh Amended Complaint, and, accordingly, deny such allegations.

11.     Defendants admit that they advertise bedding products named "Leaf Embroidered Bedding," "Peyton Sheet Set," Dottie Sheet Set," "Organic Harmony Sheet Set," and "Polka Dot Sheet Set."  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 11 of the Seventh Amended Complaint, and, accordingly, deny such allegations.

12.     Defendants admit that thread count is identified in the name and narrative description of certain of Defendants' bedding products.  Except as expressly admitted, Defendants deny the allegations in Paragraph 12 of the Seventh Amended Complaint.

13.     Defendants admit that the following language appears at http://www.williams-sonoma.com/products/signature-600-thread-count-sateen-sheeting/:  "Sewn from lustrous 600-thread-count two-ply Egyptian-cotton sateen, our Italian bedding becomes even richer in texture with use and laundering."  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 13 of the Seventh Amended Complaint, and, accordingly, deny such allegations.

14.     Defendants deny the allegations in Paragraph 14 of the Seventh Amended Complaint.

15.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 15 of the Seventh Amended Complaint, and, accordingly, deny such allegations.

16.     Defendants deny the allegations in Paragraph 16 of the Seventh Amended Complaint.

17.     Defendants admit that Plaintiff purports to bring this action on behalf of himself and all persons in the United States who during the limitations period purchased sheets, pillowcases, duvet covers and/or shams, from one of the following "product lines":  (a) Williams-Sonoma Home Signature 600-Thread-Count Sateen Bedding; (b) Williams-Sonoma Home Greek Key Jacquard Bedding; (c) Williams-Sonoma Home Suzani Jacquard Bedding; (d) Pottery Barn Foundations Hotel Sateen Bedding; (e) Pottery Barn Banded Hemstitch Bedding; (f) Pottery Barn Morgan 400-Thread-Count Bedding; (g) Pottery Barn PB Organic 400-Thread-Count Bedding; and (h) Pottery Barn PB Classic 400-Thread-Count Bedding.

18.     Paragraph 18 of the Seventh Amended Complaint contains mere legal argument and conclusions to which no response is required.  To the extent that a response is required, Defendants deny that their conduct was unlawful but lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 18 of the Seventh Amended Complaint, and, accordingly, deny such allegations.

**"JURISDICTION AND VENUE"**

19.     Paragraph 19 of the Seventh Amended Complaint contains mere legal argument and conclusions to which no response is required.  To the extent that a response is required, Defendants admit that the Court possesses subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(d)(2).

20.     Defendants admit that they maintain principal places of business in California and that WSDTC and WSA are incorporated in California.  Defendants deny that WSI is incorporated in California.  The remaining allegations in Paragraph 20 of the Seventh Amended Complaint are mere legal argument and conclusions to which no response is required.  To the extent that a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 20 of the Seventh Amended Complaint, and, accordingly, deny such allegations.

21.     Paragraph 21 of the Seventh Amended Complaint contains mere legal argument and conclusions to which no response is required.  To the extent that a response is required, Defendants admit that WSI and WSA maintain their principle place of business at 3250 Van Ness Avenue, San Francisco, California.  Except as expressly admitted, Defendants deny the allegations in Paragraph 21 of the Seventh Amended Complaint, including the allegation that there is a "District of San Francisco."

**"CHOICE OF LAW"**

22.     Paragraph 22 of the Seventh Amended Complaint contains mere legal argument and conclusions to which no response is required.  To the extent that a response is required, Defendants admit that Plaintiff has attached a document purporting to be a venue affidavit as Exhibit A to the Seventh Amended Complaint.  Except as expressly admitted, Defendants deny the allegations in Paragraph 22 of the Seventh Amended Complaint.

23.     Paragraph 23 of the Seventh Amended Complaint contains mere legal argument and conclusions to which no response is required.  To the extent that a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 23 of the Seventh Amended Complaint, and, accordingly, deny such allegations.

24.     Paragraph 24 of the Seventh Amended Complaint contains mere legal argument and conclusions to which no response is required.  To the extent that a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 24 of the Seventh Amended Complaint, and, accordingly, deny such allegations.

25.     Paragraph 25 of the Seventh Amended Complaint contains mere legal argument and conclusions to which no response is required.  To the extent that a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 25 of the Seventh Amended Complaint, and, accordingly, deny such allegations.

26.     Paragraph 26 of the Seventh Amended Complaint contains mere legal argument and conclusions to which no response is required.  To the extent that a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 26 of the Seventh Amended Complaint, and, accordingly, deny such allegations.

27.     Paragraph 27 of the Seventh Amended Complaint contains mere legal argument and conclusions to which no response is required.  To the extent that a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 27 of the Seventh Amended Complaint, and, accordingly, deny such allegations.

28.     Paragraph 28 of the Seventh Amended Complaint contains mere legal argument and conclusions to which no response is required.  To the extent that a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 28 of the Seventh Amended Complaint, and, accordingly, deny such allegations.

29.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 29 of the Seventh Amended Complaint, and, accordingly, deny such allegations.

### "THE PARTIES"

30.     Defendants admit that:  (1) WSI is a Delaware corporation that maintains its principal place of business at 3250 Van Ness Avenue, San Francisco, California; (2) WSI is publicly traded on the New York Stock Exchange; (3) WSI sells culinary supplies, furniture, and home furnishings (among other things) through its retail stores, catalogs, and websites; and (4) WSI owns the trademarks "Williams-Sonoma," "Pottery Barn," "pottery barn kids," "PBteen," "west elm," Williams-Sonoma Home," "Rejuvenation," and "Mark and Graham."  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 30 of the Seventh Amended Complaint, and, accordingly, deny such allegations.

31.     Defendants admit that:  (1) WSDTC is a California corporation; (2) WSDTC is responsible for direct-to-consumer sales and marketing; and (3) WSDTC is a wholly owned subsidiary of WSI.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 31 of the Seventh Amended Complaint, and, accordingly, deny such allegations.

32.     Defendants admit that:  (1) WSA is a California corporation; (2) WSA's principal place of business is 3250 Van Ness Avenue, San Francisco, California; (3) WSA is responsible for retail sales and marketing; and (4) WSA is a wholly owned subsidiary of WSI.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 32 of the Seventh Amended Complaint, and, accordingly, deny such allegations.

33.     Paragraph 33 of the Seventh Amended Complaint contains mere legal argument and conclusions to which no response is required.  To the extent that a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 33 of the Seventh Amended Complaint, and, accordingly, deny such allegations.

34.     Paragraph 34 of the Seventh Amended Complaint contains mere legal argument and conclusions to which no response is required.  To the extent that a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 34 of the Seventh Amended Complaint, and, accordingly, deny such allegations.

### "WILLIAMS-SONOMA, INC. MARKETS AND ADVERTISES ITS BEDDING UNDER DIFFERENT BRAND NAMES"

35.     Defendants admit that WSI's 10-K for the fiscal year ending January 31, 2016 states that WSI "is a multi-channel specialty retailer of high quality products for the home."

36.     Defendants admit that "Williams-Sonoma," "Pottery Barn," "pottery barn kids," "PBteen," "west elm," Williams-Sonoma Home," "Rejuvenation," and "Mark and Graham" are not currently subsidiaries of, or separate legal entities from, WSI.

SMRH:482024254.6

37.     Defendants admit that "Williams-Sonoma," "Pottery Barn," "pottery barn kids," "PBteen," "west elm," Williams-Sonoma Home," "Rejuvenation," and "Mark and Graham" are not incorporated in California or Delaware.

38.     Defendants admit that "Williams-Sonoma," "Pottery Barn," "pottery barn kids," "PBteen," "west elm," Williams-Sonoma Home," "Rejuvenation," and "Mark and Graham" are not listed on Ex-21.1 to WSI's 10-K for fiscal year ending January 31, 2016.

39.     Defendants admit that "Williams-Sonoma," "Pottery Barn," "pottery barn kids," "PBteen," "west elm," Williams-Sonoma Home," "Rejuvenation," and "Mark and Graham" did not file corporate disclosure statements in this action and that WSI, WSDTC, WSA, and Williams-Sonoma Stores, Inc. did file corporation disclosure statements.

40.     Defendants admit that WSI owns the trademarks "Williams-Sonoma," "Pottery Barn," "pottery barn kids," "PBteen," "west elm," Williams-Sonoma Home," "Rejuvenation," and "Mark and Graham."

41.     Defendants admit that WSI owns the trademarks "Williams-Sonoma," "Pottery Barn," "pottery barn kids," "PBteen," "west elm," Williams-Sonoma Home," "Rejuvenation," and "Mark and Graham" and that Defendants have registered and maintain multiple internet domain names, including "williams-sonoma.com," "potterybarn.com," "potterybarnkids.com," "pbteen.com," "westelm.com," "wshome.com," "williams-sonomainc.com," "rejuvenation.com" and "markandgraham.com."

42.     Defendants admit that WSI's 10-K for the fiscal year ending January 31, 2016 states "[t]he core brand names in particular, including "Williams-Sonoma," "Pottery Barn," "pottery barn kids," "PBteen," "west elm," "Williams-Sonoma Home," "Rejuvenation" and "Mark and Graham" are of material importance to us."

43.     Defendants admit that WSI's 10-K for the fiscal year ending January 31, 2016 states "[o]ur trademarks, service marks, copyrights, trade dress rights, trade secrets, domain names and other intellectual property are valuable assets that are critical to our success."

44.     Defendants admit that the principal place of business for WSI and WSA is 3250 Van Ness Avenue, San Francisco, California.  Except as expressly admitted, Defendants deny the allegations of Paragraph 44 of the Seventh Amended Complaint.

45.     Defendants admit that they employed approximately 28,100 employees as of January 31, 2016.

46.     Defendants admit they sell imported bedding through the following brands: "Williams-Sonoma," "Pottery Barn," "pottery barn kids," "PBteen," "west elm," "Williams-Sonoma Home," and "Rejuvenation."  Defendants cannot determine what Plaintiff means by his allegation that Defendants sell bedding "that was and is exclusively manufactured or imported by WSI."  Accordingly, Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 46 of the Seventh Amended Complaint, and, accordingly, deny such allegations.

47.     Defendants admit that WSA and WSDTC market and advertise Defendants' products.  Except as expressly admitted, Defendants deny the allegations of Paragraph 47 of the Seventh Amended Complaint.

48.     Defendants admit that WSI's 10-K for the fiscal year ending January 31, 2016 states that Williams-Sonoma Home is a "premium concept," that West Elm "creates unique, affordable designs," and that Pottery Barn "was founded on the idea that home furnishing should be exceptional in comfort, quality, style and value."  Except as expressly admitted, Defendants deny the allegations in Paragraph 48 of the Seventh Amended Complaint.

49.     Defendants admit that WSI's 10-K for the fiscal year ending January 31, 2016 states that "our retail stores serve as billboard for our brands, which we believe inspires our customers to shop online and through our catalogs" and "our e-commerce websites and our direct-mail catalogs act as a cost-efficient means of testing market acceptance of new products and new brands."  Except as expressly admitted, Defendants deny the allegations in Paragraph 49 of the Seventh Amended Complaint.

50.     Defendants admit they used segment reporting in the fiscal years ended January 31, 2016 and January 31, 2017.

51.     Paragraph 51 of the Seventh Amended Complaint contains mere legal argument and conclusions to which no response is required.  To the extent that a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 51 of the Seventh Amended Complaint, and, accordingly, deny such allegations.

52.      Defendants admit that WSI's 10-K for the fiscal year ending January 31, 2016 states:

> We have two reportable segments, e-commerce and retail. The e-commerce segment has the following merchandising strategies: Williams-Sonoma, Pottery Barn, Pottery Barn Kids, West Elm, PBteen, Williams-Sonoma Home, Rejuvenation and Mark and Graham, which sell our products through our e-commerce websites and direct-mail catalogs. Our e-commerce merchandising strategies are operating segments, which have been aggregated into one reportable segment, e-commerce. The retail segment has the following merchandising strategies: Williams-Sonoma, Pottery Barn, Pottery Barn Kids, West Elm and Rejuvenation, which sell our products through our retail stores. Our retail merchandising strategies are operating segments, which have been aggregated into one reportable segment, retail. Management's expectation is that the overall economic characteristics of each of our operating segments will be similar over time based on management's judgment that the operating segments have had similar historical economic characteristics and are expected to have similar long-term financial performance in the future.
>
> These reportable segments are strategic business units that offer similar products for the home. They are managed separately because the business units utilize two distinct distribution and marketing strategies. Based on management's best estimate, our operating segments include allocations of certain expenses, including advertising and employment costs, to the extent they have been determined to benefit both channels. These operating segments are aggregated at the channel level for reporting purposes due to the fact that our brands are interdependent for economies of scale and we do not maintain fully allocated income statements at the brand level. As a result, material financial decisions related to the brands are made at the channel level. Furthermore, it is not practicable for us to report revenue by product group.
>
> We use operating income to evaluate segment profitability. Operating income is defined as earnings (loss) before net interest income (expense) and income taxes. Unallocated costs before interest and income taxes include corporate employee-related costs, occupancy expenses (including depreciation expense), administrative costs and third party service costs, primarily in our corporate administrative and systems departments. Unallocated assets include corporate cash and cash equivalents, deferred income taxes, the net book value of corporate facilities and related information systems, and other corporate long-lived assets.

Income tax information by reportable segment has not been included as income taxes are calculated at a company-wide level and are not allocated to each reportable segment.

53.     Defendants admit that:  (a) Defendants sell Williams-Sonoma Home products in retail stores, catalogs, websites; (b) Defendants registered www.williams-sonoma.com, www.williams-sonomahome.com, and www.williamssonomahome.com; and (c) when someone enters www.williams-sonomahome.com or www.williamssonomahome.com into an Internet browser they are directed to http://www.williams-sonoma.com/pages/williams-sonoma-home/. Except as expressly admitted, Defendants deny the allegations in Paragraph 53 of the Seventh Amended Complaint.

54.     Defendants admit that:  (a) they sell bedding through Pottery Barn retail stores, catalogs, and websites; (b) Defendants have registered www.potterybarn.com, www.pbteen.com, www.pbdorm.com, www.potterybarnkids.com, and www.potterybarnbaby.com; (c) when someone enters www.pbdorm.com into an Internet browser they are directed to http://www.pbteen.com/pages/pbdorm/; and (d) when someone enters www.potterybarnbaby.com into an Internet browser they are directed to http://www.potterybarnkids.com/.  Except as expressly admitted, Defendants deny the allegations of Paragraph 54 of the Seventh Amended Complaint.

55.     Defendants admit that they sell bedding through West Elm retails stores, catalogs, and www.westelm.com and that Defendants have registered www.westelm.com.

56.     Defendants admit that: (a) they own numerous copyrights in their catalogs and websites; (b) they prepare and distribute catalogs for their brands; and (c) they operate websites for their brands.  Except as expressly admitted, Defendants deny the allegations in Paragraph 56 of the Seventh Amended Complaint.

57.     Defendants deny the allegations of Paragraph 57 of the Seventh Amended Complaint.

58.     Defendants admit that they do not currently identify any of their brands as separate business entities on their websites or in their catalogs.  Except as expressly admitted, Defendants deny the allegations of Paragraph 58 of the Seventh Amended Complaint.

59.     Paragraph 59 of the Seventh Amended Complaint contains mere legal argument and conclusions to which no response is required.  To the extent that a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 59 of the Seventh Amended Complaint, and, accordingly, deny such allegations.

60.     Defendants admit that the privacy policies for www.williams-sonoma.com, www.potterybarn.com, www.potterybarnkids.com, www.pbteen.com, www.westelm.com, www.rejuvenation.com, and www.markandgraham.com state "We are part of the Williams-Sonoma, Inc. Brands which includes Williams Sonoma, Pottery Barn, pottery barn kids, PBteen, west elm, Rejuvenation and Mark and Graham."

61.     Defendants admit that Paragraph 61 appears to contain screen shots of portions of Defendants' websites and that the circling appears to indicate hyperlinks from certain of Defendants' websites to certain of Defendants' other websites.

### "FACTUAL ALLEGATIONS COMMON TO ALL CLAIMS"

62.     Defendants admit that the quoted language appeared at http://www.williams-sonoma.com/customer-service/about-us.html?cm_type=fnav on November 10, 2015.

63.     Defendants admit that the quoted language appeared at http://www.williams-sonomainc.com/brands/williams-sonoma-home.html on November 5, 2015.

64.     Defendants admit that the quoted language appeared at http://www.potterybarn.com/about-us/?cm_type=fnav on November 5, 2015.

65.     Defendants admit that the quoted language appeared at http://www.potterybarnkids.com/about-us/?cm_type=fnav on December 1, 2015.

66.     Defendants admit that the quoted language appeared at http://www.pbteen.com/about-us/?cm_type=fnav on December 1, 2015.

67.     Defendants admit that West Elm sells a variety of furniture, décor, and bedding and that the quoted language appeared at http://www.westelm.com/pages/about-us/our-vision/ and http://www.williams-sonomainc.com/brands/west-elm.html on December 30, 2015.  Except as expressly admitted, Defendants deny the allegations of Paragraph 67 of the Seventh Amended Complaint.

68.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 68 of the Seventh Amended Complaint, and, accordingly, deny such allegations.

69.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 69 of the Seventh Amended Complaint, and, accordingly, deny such allegations.

70.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 70 of the Seventh Amended Complaint, and, accordingly, deny such allegations.

71.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 71 of the Seventh Amended Complaint, and, accordingly, deny such allegations.

72.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 72 of the Seventh Amended Complaint, and, accordingly, deny such allegations.

73.     Defendants admit that quoted language appears to be taken from ASTM D3775-12 § 9.1.1.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 73 of the Seventh Amended Complaint, and, accordingly, deny such allegations.

74.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 74 of the Seventh Amended Complaint, and, accordingly, deny such allegations.

75.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 75 of the Seventh Amended Complaint, and, accordingly, deny such allegations.

76.     Defendants admit that the quoted language appears be taken from the ASTM D3775-12 § 9.1.1.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 76 of the Seventh Amended Complaint, and, accordingly, deny such allegations.

77.     Defendants admit the quoted language appears to be taken from the ASTM D3775-12 § 1.1.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 77 of the Seventh Amended Complaint, and, accordingly, deny such allegations.

78.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 78 of the Seventh Amended Complaint, and, accordingly, deny such allegations.

79.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 79 of the Seventh Amended Complaint, and, accordingly, deny such allegations.

80.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 80 of the Seventh Amended Complaint, and, accordingly, deny such allegations.

81.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 81 of the Seventh Amended Complaint, and, accordingly, deny such allegations.

82.     Defendants admit that Plaintiff has attached documents purporting to be an FTC staff opinion and the National Textile Association's April 8, 1996 letter to the FTC as Exhibit B to the Seventh Amended Complaint and that the document purporting to be an FTC staff opinion contains the quoted language.  The remaining allegations of Paragraph 82 of the Seventh Amended Complaint contain mere legal argument and conclusions to which no response is

required.  To the extent that a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 82 of the Seventh Amended Complaint, and, accordingly, deny such allegations.

83.     Paragraph 83 of the Seventh Amended Complaint contains mere legal argument and conclusions to which no response is required.  To the extent that a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 83 of the Seventh Amended Complaint, and, accordingly, deny such allegations.

84.     Paragraph 84 of the Seventh Amended Complaint contains mere legal argument and conclusions to which no response is required.  To the extent that a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 84 of the Seventh Amended Complaint, and, accordingly, deny such allegations.

85.     Paragraph 85 of the Seventh Amended Complaint contains mere legal argument and conclusions to which no response is required.  To the extent that a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 85 of the Seventh Amended Complaint, and, accordingly, deny such allegations.

86.     Paragraph 86 of the Seventh Amended Complaint contains mere legal argument and conclusions to which no response is required.  To the extent that a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 86 of the Seventh Amended Complaint, and, accordingly, deny such allegations.

87.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 87 of the Seventh Amended Complaint, and, accordingly, deny such allegations.

88.     Defendants admit that they disclose the thread counts of certain of their products in the products' names, webpages, catalog listings, and labels.  Except as expressly admitted, Defendants deny the allegations of Paragraph 88 of the Seventh Amended Complaint.

89.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 87 of the Seventh Amended Complaint, and, accordingly, deny such allegations.  Defendants deny the allegations in the second sentence of Paragraph 87 of the Second Amended Complaint.

90.     Defendants deny the allegations of Paragraph 90 of the Seventh Amended Complaint.

91.     Defendants deny the allegations of Paragraph 91 of the Seventh Amended Complaint.

92.     Defendants admit that sheet sets of its "Signature 600-Thread-Count Sateen Bedding" are available for purchase from www.williams-sonoma.com for $489 or $499, depending on size.  Except as expressly admitted, Defendants deny the allegations of Paragraph 92 of the Seventh Amended Complaint.

93.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 93 of the Seventh Amended Complaint, and, accordingly, deny such allegations.

94.     Defendants admit that "Sewn from lustrous 600-thread-count two-ply Egyptian-cotton sateen, our Italian bedding becomes even richer in texture with use and laundering. In classic ivory or white, the pieces offer an elegant foundation for layering" appears at http://www.williams-sonoma.com/products/signature-600-thread-count-sateen-sheeting/.

95.     Defendants admit that Paragraph 95 contains a picture purporting to be a label of the packaging on the "Signature 600-Thread-Count Sateen Bedding."  Except as expressly admitted, Defendants deny the allegations of Paragraph 95 of the Seventh Amended Complaint.

96.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 96 of the Seventh Amended Complaint, and, accordingly, deny such allegations.

97.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 97 of the Seventh Amended Complaint, and, accordingly, deny such allegations.

98.     Paragraph 98 of the Seventh Amended Complaint contains mere legal argument and conclusions to which no response is required.  To the extent that a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 98 of the Seventh Amended Complaint, and, accordingly, deny such allegations.

99.     Defendants admit that sheet sets of its "Signature 600-Thread-Count Sateen Bedding" are available for purchase from www.williams-sonoma.com for $489 or $499, depending on size.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 99 of the Seventh Amended Complaint, and, accordingly, deny such allegations.

100.    Defendants admit that:  (1) West Elm's "400-Thread-Count Organic Sateen Set" is available from www.westelm.com for $169; (2) Exhibit C to the Seventh Amended Complaint purportedly captures content "above the fold" from West Elm's "400-Thread-Count Organic Sateen Set" webpage; and (3) "Signature 600-Thread-Count Sateen Bedding" is available for purchase from www.williams-sonoma.com for $489 or $499, depending on size.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 100 of the Seventh Amended Complaint, and, accordingly, deny such allegations.

101.    Defendants admit that:  (1) "700-Thread-Count Sheet Set" is available for purchase from www.potterybarn.com for $259; (2) Exhibit D to the Seventh Amended Complaint purportedly captures content "above the fold" from Pottery Barn's "700-Thread-Count Sheet Set" webpage; and (3) sheet sets of "Signature 600-Thread-Count Sateen Bedding" are available for purchase from www.williams-sonoma.com for $489 or $499, depending on size.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 101 of the Seventh Amended Complaint, and, accordingly, deny such allegations.

102.   Defendants admit that Exhibit E to the Seventh Amended Complaint purports to attach copies of webpages of the bedding products identified in Paragraph 102 of the Seventh Amended Complaint and that "Pottery Barn Foundations Hotel Sateen Bedding" and "Pottery Barn Banded Hemstitch Bedding" have been discontinued.  Except as expressly admitted, Defendants deny the allegations of Paragraph 102 of the Seventh Amended Complaint.

103.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 103 of the Seventh Amended Complaint, and, accordingly, deny such allegations.

104.   Defendants admit that "600 thread count two-ply" appears in Exhibit E-1 to the Seventh Amended Complaint.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 104 of the Seventh Amended Complaint, and, accordingly, deny such allegations.

105.   Defendants admit that "Jacquard-woven 600-thread-count duvets and shams display classic Greek key design" and "600-thread-count sateen sheeting is in coordinating solid light grey with dark grey cuffs on flat sheet and pillowcases" appear in Exhibit E-2 to the Seventh Amended Complaint.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 105 of the Seventh Amended Complaint, and, accordingly, deny such allegations.

106.   Defendants admit that "500-thread-count cotton sateen, printed with tone-on-tone gray pattern" appears in Exhibit E-3 to the Seventh Amended Complaint.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 106 of the Seventh Amended Complaint, and, accordingly, deny such allegations.

107.   Defendants admit that "600 thread count {two-ply}" appears in Exhibit E-4 to the Seventh Amended Complaint.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 107 of the Seventh Amended Complaint, and, accordingly, deny such allegations.

108.   Defendants admit that "400 thread count (two-ply)" appears in Exhibit E-5 to the Seventh Amended Complaint.  Defendants lack knowledge or information sufficient to form a

1    belief as to the truth of the remaining allegations in Paragraph 108 of the Seventh Amended

2    Complaint, and, accordingly, deny such allegations.

3          109.    Defendants admit that "400-thread-count" and "2 ply" appear in Exhibit E-6 to the

4    Seventh Amended Complaint.  Defendants lack knowledge or information sufficient to form a

5    belief as to the truth of the remaining allegations in Paragraph 109 of the Seventh Amended

6    Complaint, and, accordingly, deny such allegations.

7          110.    Defendants admit that "400-thread count.  2-ply" appears in Exhibit E-7 to the

8    Seventh Amended Complaint.  Defendants lack knowledge or information sufficient to form a

9    belief as to the truth of the remaining allegations in Paragraph 110 of the Seventh Amended

10   Complaint, and, accordingly, deny such allegations.

11         111.    Defendants admit that "This 400-thread-count Egyptian cotton sheeting features

12   our Easy-Care finish" appears in Exhibit E-8 to the Seventh Amended Complaint.  Defendants

13   lack knowledge or information sufficient to form a belief as to the truth of the remaining

14   allegations in Paragraph 111 of the Seventh Amended Complaint, and, accordingly, deny such

15   allegations.

16         112.    Paragraph 112 of the Seventh Amended Complaint contains mere legal argument

17   and conclusions to which no response is required.  To the extent that a response is required,

18   Defendants lack knowledge or information sufficient to form a belief as to the truth of the

19   allegations in Paragraph 112 of the Seventh Amended Complaint, and, accordingly, deny such

20   allegations.

21         113.    Paragraph 113 of the Seventh Amended Complaint contains mere legal argument

22   and conclusions to which no response is required.  To the extent that a response is required,

23   Defendants lack knowledge or information sufficient to form a belief as to the truth of the

24   allegations in Paragraph 113 of the Seventh Amended Complaint, and, accordingly, deny such

25   allegations.

26         114.    Paragraph 114 of the Seventh Amended Complaint contains mere legal argument

27   and conclusions to which no response is required.  To the extent that a response is required,

28   Defendants deny the allegations in Paragraph 114 of the Seventh Amended Complaint.

115.    Defendants deny the allegations in Paragraph 115 of the Seventh Amended Complaint.

116.    Defendants deny the allegations in the first sentence of Paragraph 116 of the Seventh Amended Complaint.  Defendants admit that "Everyday Luxury Oxford Sheeting" is available for purchase from www.williams-sonoma.com for $239 or $259, depending on size. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 116 of the Seventh Amended Complaint, and, accordingly, deny such allegations.

117.    Defendants deny the allegations in Paragraph 117 of the Seventh Amended Complaint.

118.    Paragraph 118 of the Seventh Amended Complaint contains mere legal argument and conclusions to which no response is required.  To the extent that a response is required, Defendants deny the allegations in Paragraph 118 of the Seventh Amended Complaint.

119.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 119 of the Seventh Amended Complaint, and, accordingly, deny such allegations.

120.    Defendants deny that they have deceived consumers or "pass[ed] off goods as ones that are really something else."  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 120 of the Seventh Amended Complaint, and, accordingly, deny such allegations.

121.    Defendants deny that their "branding, advertising, packaging, labeling, pricing, product placement, store location, store appearance and employee policies" are deceptive. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 121 of the Seventh Amended Complaint, and, accordingly, deny such allegations.

122.    Defendants deny the allegations in Paragraph 122 of the Seventh Amended Complaint.

123. Defendants deny the allegations in Paragraph 123 of the Seventh Amended Complaint.

124. Defendants deny the allegations in Paragraph 124 of the Seventh Amended Complaint.

125. Defendants deny the allegations in Paragraph 125 of the Seventh Amended Complaint.

126. Defendants deny the allegations in Paragraph 126 of the Seventh Amended Complaint.

127. Defendants deny the allegations in Paragraph 127 of the Seventh Amended Complaint.

128. Defendants deny the allegations in Paragraph 128 of the Seventh Amended Complaint.

129. Defendants deny the allegations in Paragraph 129 of the Seventh Amended Complaint.

130. Paragraph 130 of the Seventh Amended Complaint contains mere legal argument and conclusions to which no response is required.  To the extent that a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 130 of the Seventh Amended Complaint, and, accordingly, deny such allegations.

131. Paragraph 131 of the Seventh Amended Complaint contains mere legal argument and conclusions to which no response is required.  To the extent that a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 131 of the Seventh Amended Complaint, and, accordingly, deny such allegations.

132. Defendants deny the allegations in the first sentence of Paragraph 132 of the Seventh Amended Complaint.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 132 of the Seventh Amended Complaint, and, accordingly, deny such allegations.

SMRH:482024254.6

133.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 133 of the Seventh Amended Complaint, and, accordingly, deny such allegations.

134.     Defendants deny the allegations in Paragraph 134 of the Seventh Amended Complaint.

135.     Defendants admit that Plaintiff purports to seek injunctive and restitutionary relief. Except as expressly admitted, Defendants deny the allegations of Paragraph 135.

136.     Defendants deny the allegations of Paragraph 136 of the Seventh Amended Complaint.

137.     Defendants deny the allegations of Paragraph 137 of the Seventh Amended Complaint.

138.     Paragraph 138 of the Seventh Amended Complaint contains mere legal argument and conclusions to which no response is required.  To the extent that a response is required, Defendants deny the allegations of Paragraph 138 of the Seventh Amended Complaint.

139.     Paragraph 139 of the Seventh Amended Complaint contains mere legal argument and conclusions to which no response is required.  To the extent that a response is required, Defendants deny the allegations of Paragraph 139 of the Seventh Amended Complaint.

140.     Defendants deny that they supplied Plaintiff or the putative class with false or misleading information and deny that they concealed material information from Plaintiff or the putative class.  The remaining allegations in Paragraph 140 of the Seventh Amended Complaint contain mere legal argument and conclusions to which no response is required.  To the extent that a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 140 of the Seventh Amended Complaint, and, accordingly, deny such allegations.

141.     Defendants deny that they actively deceived Plaintiff and deny that they concealed Plaintiff's and the putative class's causes of action.  The remaining allegations in Paragraph 141 of the Seventh Amended Complaint contain mere legal argument and conclusions to which no response is required.  To the extent that a response is required, Defendants lack knowledge or

1    information sufficient to form a belief as to the truth of the allegations in Paragraph 141 of the

2    Seventh Amended Complaint, and, accordingly, deny such allegations.

3                              **"CLASS ACTION ALLEGATIONS"**

4         142.    Defendants admit that Plaintiff purports to bring this action on behalf of the

5    putative class described in Paragraph 142 of the Seventh Amended Complaint.

6         143.    Defendants admit that Plaintiff purports to excluded the identified persons and

7    entities from the putative class and that Plaintiff has purportedly reserved his right to limit or

8    modify the putative class provided such modification is consistent with Dkt. 64.

9         144.    Paragraph 144 of the Seventh Amended Complaint contains mere legal argument

10   and conclusions to which no response is required.  To the extent that a response is required,

11   Defendants lack knowledge or information sufficient to form a belief as to the truth of the

12   allegations in Paragraph 144 of the Seventh Amended Complaint, and, accordingly, deny such

13   allegations.

14        145.    Paragraph 145 of the Seventh Amended Complaint contains mere legal argument

15   and conclusions to which no response is required.  To the extent that a response is required,

16   Defendants lack knowledge or information sufficient to form a belief as to the truth of the

17   allegations in Paragraph 145 of the Seventh Amended Complaint, and, accordingly, deny such

18   allegations.

19        146.    Paragraph 146 of the Seventh Amended Complaint contains mere legal argument

20   and conclusions to which no response is required.  To the extent that a response is required,

21   Defendants lack knowledge or information sufficient to form a belief as to the truth of the

22   allegations in Paragraph 146 of the Seventh Amended Complaint, and, accordingly, deny such

23   allegations.

24        147.    Paragraph 147 of the Seventh Amended Complaint contains mere legal argument

25   and conclusions to which no response is required.  To the extent that a response is required,

26   Defendants lack knowledge or information sufficient to form a belief as to the truth of the

27   allegations in Paragraph 147 of the Seventh Amended Complaint, and, accordingly, deny such

28   allegations.

148.    Paragraph 148 of the Seventh Amended Complaint contains mere legal argument and conclusions to which no response is required.  To the extent that a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 148 of the Seventh Amended Complaint, and, accordingly, deny such allegations.

149.    Paragraph 149 of the Seventh Amended Complaint contains mere legal argument and conclusions to which no response is required.  To the extent that a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 149 of the Seventh Amended Complaint, and, accordingly, deny such allegations.

150.    Paragraph 150 of the Seventh Amended Complaint contains mere legal argument and conclusions to which no response is required.  To the extent that a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 150 of the Seventh Amended Complaint, and, accordingly, deny such allegations.

151.    Paragraph 151 of the Seventh Amended Complaint contains mere legal argument and conclusions to which no response is required.  To the extent that a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 151 of the Seventh Amended Complaint, and, accordingly, deny such allegations.

152.    Paragraph 152 of the Seventh Amended Complaint contains mere legal argument and conclusions to which no response is required.  To the extent that a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 152 of the Seventh Amended Complaint, and, accordingly, deny such allegations.

153.    Paragraph 153 of the Seventh Amended Complaint contains mere legal argument and conclusions to which no response is required.  To the extent that a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the

SMRH:482024254.6

allegations in Paragraph 153 of the Seventh Amended Complaint, and, accordingly, deny such allegations.

154.    Paragraph 154 of the Seventh Amended Complaint contains mere legal argument and conclusions to which no response is required.  To the extent that a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 154 of the Seventh Amended Complaint, and, accordingly, deny such allegations.

**"PLAINTIFF WILLIAM RUSHING"**

155.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 155 of the Seventh Amended Complaint, and, accordingly, deny such allegations.

156.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 156 of the Seventh Amended Complaint, and, accordingly, deny such allegations.

157.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 157 of the Seventh Amended Complaint, and, accordingly, deny such allegations.

158.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 158 of the Seventh Amended Complaint, and, accordingly, deny such allegations.

159.    Defendants admit that the quoted language appears at http://www.williams-sonoma.com/products/signature-600-thread-count-sateen-sheeting/.  Except as expressly admitted, Defendants deny the allegations of Paragraph 159 of the Seventh Amended Complaint.

160.    Defendants admit that Paragraph 160 of the Seventh Amended Complaint purports to contain an image from the webpage for the "Signature 600-Thread-Count Sateen Bedding."

161.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 161 of the Seventh Amended Complaint, and, accordingly, deny such allegations.

162.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 162 of the Seventh Amended Complaint, and, accordingly, deny such allegations.

163.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 163 of the Seventh Amended Complaint, and, accordingly, deny such allegations.

164.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 164 of the Seventh Amended Complaint, and, accordingly, deny such allegations.

165.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 165 of the Seventh Amended Complaint, and, accordingly, deny such allegations.

166.     Paragraph 166 of the Seventh Amended Complaint contains mere legal argument and conclusions to which no response is required.  To the extent that a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 166 of the Seventh Amended Complaint, and, accordingly, deny such allegations.

167.     Paragraph 167 of the Seventh Amended Complaint contains mere legal argument and conclusions to which no response is required.  To the extent that a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 167 of the Seventh Amended Complaint, and, accordingly, deny such allegations.

**"CLAIMS FOR RELIEF"**

**"COUNT ONE**
**Consumer Legal Remedies Act**
**(California Civil Code § 1750, et seq.)"**

168.     Defendants incorporate by this reference their responses to Paragraphs 1 through 167 of the Seventh Amended Complaint.

169.     Defendants admit that Plaintiff purports to bring this count under the Consumer Legal Remedies Act.  The remaining allegations of Paragraph 169 of the Seventh Amended Complaint contain mere legal argument and conclusions to which no response is required.  To the extent that a response is required, Defendants deny the remaining allegations in Paragraph 169 of the Seventh Amended Complaint.

170.     Paragraph 170 of the Seventh Amended Complaint contains mere legal argument and conclusions to which no response is required.  To the extent that a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 170 of the Seventh Amended Complaint, and, accordingly, deny such allegations.

171.     Paragraph 171 of the Seventh Amended Complaint contains mere legal argument and conclusions to which no response is required.  To the extent that a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 171 of the Seventh Amended Complaint, and, accordingly, deny such allegations.

172.     Paragraph 172 of the Seventh Amended Complaint contains mere legal argument and conclusions to which no response is required.  To the extent that a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 172 of the Seventh Amended Complaint, and, accordingly, deny such allegations.

173.     Paragraph 173 of the Seventh Amended Complaint contains mere legal argument and conclusions to which no response is required.  To the extent that a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 173 of the Seventh Amended Complaint, and, accordingly, deny such allegations.

174.     Paragraph 174 of the Seventh Amended Complaint contains mere legal argument and conclusions to which no response is required.  To the extent that a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the

1   allegations in Paragraph 174 of the Seventh Amended Complaint, and, accordingly, deny such

2   allegations.

3       175.    Defendants admit that thread count is a measurable attribute of fabric that can be

4   determined by visual inspection.

5       176.    Defendants admit that consumer facing labels or marketing and advertising material

6   for the bedding products at issue in the Seventh Amended Complaint are not required to state

7   thread count.

8       177.    Defendants deny the allegations of Paragraph 177 of the Seventh Amended

9   Complaint.

10      178.    Defendants admit that "600-thread count two ply" appeared at

11  http://www.williams-sonoma.com/products/signature-600-thread-count-sateen-sheeting/.

12  Defendants lack knowledge or information sufficient to form a belief as to the truth of the

13  remaining allegations in Paragraph 178 of the Seventh Amended Complaint, and, accordingly,

14  deny such allegations.

15      179.    Defendants admit that the quoted language appears in their Motion to Dismiss

16  Plaintiff's Third Amended Complaint (Dkt. 26).  Except as expressly admitted, Defendants deny

17  the allegations of Paragraph 179 of the Seventh Amended Complaint.

18      180.    Defendants deny the allegations of Paragraph 180 of the Seventh Amended

19  Complaint.

20      181.    Paragraph 181 of the Seventh Amended Complaint contains mere legal argument

21  and conclusions to which no response is required.  To the extent that a response is required,

22  Defendants deny the allegations of Paragraph 181 of the Seventh Amended Complaint.

23      182.    Paragraph 182 of the Seventh Amended Complaint contains mere legal argument

24  and conclusions to which no response is required.  To the extent that a response is required,

25  Defendants deny the allegations of Paragraph 182 of the Seventh Amended Complaint.

26      183.    Paragraph 183 of the Seventh Amended Complaint contains mere legal argument

27  and conclusions to which no response is required.  To the extent that a response is required,

28  Defendants deny the allegations of Paragraph 183 of the Seventh Amended Complaint.

184.    Paragraph 184 of the Seventh Amended Complaint contains mere legal argument and conclusions to which no response is required.  To the extent that a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 184 of the Seventh Amended Complaint, and, accordingly, deny such allegations.

185.    Defendants admit that:  (1) the return policy available at http://www.williams-sonoma.com/products/monogrammed-classic-greek-key-bedding/?pkey=chome-sheet-sets&&chome-sheet-sets includes the quoted language; (2) Defendants have access to the thread count of some of their bedding products; and (3) the labels and marketing and advertising materials for certain of Defendants' bedding products identify thread counts.

186.    Paragraph 186 of the Seventh Amended Complaint contains mere legal argument and conclusions to which no response is required.  To the extent that a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 186 of the Seventh Amended Complaint, and, accordingly, deny such allegations.

187.    Defendants deny the allegations in the first sentence of Paragraph 187 of the Seventh Amended Complaint.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 187 of the Seventh Amended Complaint, and, accordingly, deny such allegations.

188.    Defendants deny the allegations in Paragraph 188 of the Seventh Amended Complaint.

189.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 189 of the Seventh Amended Complaint, and, accordingly, deny such allegations.

190.    Defendants deny the allegations of Paragraph 190 of the Seventh Amended Complaint.

191.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 191 of the Seventh Amended Complaint, and, accordingly, deny such allegations.

192.   Paragraph 192 of the Seventh Amended Complaint contains mere legal argument and conclusions to which no response is required.  To the extent that a response is required, Defendants deny the allegations of Paragraph 192 of the Seventh Amended Complaint.

193.   Defendants deny the allegations of Paragraph 193 of the Seventh Amended Complaint.

194.   Paragraph 194 of the Seventh Amended Complaint contains mere legal argument and conclusions to which no response is required.  To the extent that a response is required, Defendants deny the allegations of Paragraph 194 of the Seventh Amended Complaint.

195.   Paragraph 195 of the Seventh Amended Complaint contains mere legal argument and conclusions to which no response is required.  To the extent that a response is required, Defendants deny the allegations of Paragraph 195 of the Seventh Amended Complaint.

196.   Paragraph 196 of the Seventh Amended Complaint contains mere legal argument and conclusions to which no response is required.  To the extent that a response is required, Defendants deny the allegations of Paragraph 196 of the Seventh Amended Complaint.

197.   Paragraph 197 of the Seventh Amended Complaint contains mere legal argument and conclusions to which no response is required.  To the extent that a response is required, Defendants deny the allegations of Paragraph 197 of the Seventh Amended Complaint.

198.   Paragraph 198 of the Seventh Amended Complaint contains mere legal argument and conclusions to which no response is required.  To the extent that a response is required, Defendants deny the allegations of Paragraph 198 of the Seventh Amended Complaint.

199.   Paragraph 199 of the Seventh Amended Complaint contains mere legal argument and conclusions to which no response is required.  To the extent that a response is required, Defendants deny the allegations of Paragraph 199 of the Seventh Amended Complaint.

200.     Paragraph 200 of the Seventh Amended Complaint contains mere legal argument and conclusions to which no response is required.  To the extent that a response is required, Defendants deny the allegations of Paragraph 200 of the Seventh Amended Complaint.

201.     Defendants admit that WSI, Chambers Catalog Company, Inc., and Pottery Barn, Inc. were named as defendants in San Francisco Superior Court Case No. CGC03426986, an action brought by Denise Schickel, and that Plaintiff has attached a document purporting to be a copy of the Complaint in that action as Exhibit F to the Seventh Amended Complaint.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 201 of the Seventh Amended Complaint, and, accordingly, deny such allegations.

202.     Defendants admit that Plaintiff has attached a copy of a document purporting to be WSI's Answer in *Schickel* as Exhibit G to the Seventh Amended Complaint.  The remaining allegations in Paragraph 202 of the Seventh Amended Complaint contain mere legal argument and conclusions to which no response is required.  To the extent that a response is required, Defendants deny the remaining allegations of Paragraph 202 of the Seventh Amended Complaint.

203.     Defendants admit that Plaintiff has attached documents purporting to be excerpts from HTSUS's Chapter 52 and General Rules of Interpretation as Exhibits H and I to the Seventh Amended Complaint.  The remaining allegations of Paragraph 203 of the Seventh Amended Complaint contain mere legal argument and conclusions to which no response is required.  To the extent that a response is required, Defendants deny the remaining allegations in Paragraph 203 of the Seventh Amended Complaint.

204.     Defendants admit that Plaintiff attached documents purporting to be copies of U.S. Customs tariff classification rulings and excerpts from HTSUS Chapter 63 as Exhibits J, K, L, and M to the Seventh Amended Complaint.  The remaining allegations of Paragraph 204 of the Seventh Amended Complaint contain mere legal argument and conclusions to which no response is required.  To the extent that a response is required, Defendants deny the remaining allegations in Paragraph 204 of the Seventh Amended Complaint.

1       205.    Defendants deny the allegations in Paragraph 205 of the Seventh Amended

2 Complaint.

3       206.    Paragraph 206 of the Seventh Amended Complaint contains mere legal argument

4 and conclusions to which no response is required.  To the extent that a response is required,

5 Defendants deny the allegations of Paragraph 206 of the Seventh Amended Complaint

6       207.    Defendants deny the allegations in Paragraph 207 of the Seventh Amended

7 Complaint.

8       208.    Defendants deny the allegations in Paragraph 208 of the Seventh Amended

9 Complaint.

10       209.    Defendants deny the allegations in Paragraph 209 of the Seventh Amended

11 Complaint.

12       210.    Paragraph 210 of the Seventh Amended Complaint contains mere legal argument

13 and conclusions to which no response is required.  To the extent that a response is required,

14 Defendants deny the allegations in Paragraph 210 of the Seventh Amended Complaint.

15       211.    Paragraph 211 of the Seventh Amended Complaint contains mere legal argument

16 and conclusions to which no response is required.  To the extent that a response is required,

17 Defendants deny the allegations in Paragraph 211 of the Seventh Amended Complaint.

18       212.    Paragraph 212 of the Seventh Amended Complaint contains mere legal argument

19 and conclusions to which no response is required.  To the extent that a response is required,

20 Defendants deny the allegations in Paragraph 212 of the Seventh Amended Complaint.

21       213.    Paragraph 213 of the Seventh Amended Complaint contains mere legal argument

22 and conclusions to which no response is required.  To the extent that a response is required,

23 Defendants deny the allegations in Paragraph 213 of the Seventh Amended Complaint.

24       214.    Paragraph 214 of the Seventh Amended Complaint contains mere legal argument

25 and conclusions to which no response is required.  To the extent that a response is required,

26 Defendants deny the allegations in Paragraph 214 of the Seventh Amended Complaint.

27

28

215.   Paragraph 215 of the Seventh Amended Complaint contains mere legal argument and conclusions to which no response is required.  To the extent that a response is required, Defendants deny the allegations in Paragraph 215 of the Seventh Amended Complaint.

216.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 216 of the Seventh Amended Complaint, and, accordingly, deny such allegations.

217.   Paragraph 217 of the Seventh Amended Complaint contains mere legal argument and conclusions to which no response is required.  To the extent that a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 217 of the Seventh Amended Complaint, and, accordingly, deny such allegations.

218.   Defendants admit that Plaintiff seeks the relief described in Paragraph 218 of the Seventh Amended Complaint but deny that he and the putative class are entitled to any relief whatsoever.

219.   Paragraph 219 of the Seventh Amended Complaint contains mere legal argument and conclusions to which no response is required.  To the extent that a response is required, Defendants deny the allegations in Paragraph 219 of the Seventh Amended Complaint.

220.   Defendants admit that Plaintiff has attached a document purporting to be a venue affidavit as Exhibit A to the Seventh Amended Complaint.  The remaining allegations in Paragraph 220 of the Seventh Amended Complaint contain mere legal argument and conclusions to which no response is required.  To the extent that a response is required, Defendants deny the remaining allegations in Paragraph 220 of the Seventh Amended Complaint.

221.   Paragraph 221 of the Seventh Amended Complaint contains mere legal argument and conclusions to which no response is required.  To the extent that a response is required, Defendants admit that claims for damages under the CLRA can only be filed 30 days after the defendant has received an effective CLRA notice letter.

222.   Defendants admit that:  (1) their counsel received email service of Plaintiff's purported CLRA Notice Letter on May 4, 2016 pursuant to agreement of the parties; (2) Plaintiff

sent additional copies of his purported CLRA Notice Letter to 3250 Van Ness Avenue, San Francisco California; and (3) Plaintiff has attached copies of the CLRA Notice Letter and transmittal email as Exhibits N to the Seventh Amended Complaint and documents purporting to be the certified mail receipts as Exhibit O to the Seventh Amended Complaint.  The remaining allegations in Paragraph 222 of the Seventh Amended Complaint contain mere legal argument and conclusions to which no response is required.  To the extent that a response is required, Defendants deny the remaining allegations in Paragraph 222 of the Seventh Amended Complaint.

223.   Defendants admit that they did not notify Plaintiff of any agreement to make "any corrections, repairs, replacements, or other remedies to Plaintiff" within 30 days of receiving Plaintiff's purported CLRA Notice Letter.  The remaining allegations in Paragraph 223 of the Seventh Amended Complaint contain mere legal argument and conclusions to which no response is required.  To the extent that a response is required, Defendants deny the remaining allegations in Paragraph 223 of the Seventh Amended Complaint.

224.   Defendants admit that Plaintiff amended his complaint after June 3, 2016 without leave of court to include claims for damages under the CLRA.  The remaining allegations in Paragraph 224 of the Seventh Amended Complaint contain mere legal argument and conclusions to which no response is required.  To the extent that a response is required, Defendants deny the remaining allegations in Paragraph 224 of the Seventh Amended Complaint.

225.   Defendants admit that they received Plaintiff's purported Amended CLRA Notice Letter via certified mail on September 19, 2016 and by email on September 14, 2016.  Defendants also admit that the purported Amended CLRA Notice Letter, the transmittal email, documents purporting to be the certified mail receipts, and a document purporting to be a screen shot of the United States Postal Service's tracking page are attached as Exhibits P, Q, and R to the Seventh Amended Complaint.  The remaining allegations in Paragraph 225 of the Seventh Amended Complaint contain mere legal argument and conclusions to which no response is required.  To the extent that a response is required, Defendants deny the remaining allegations in Paragraph 225 of the Seventh Amended Complaint.

226.    Defendants admit that they did not notify Plaintiff of any agreement to make "any corrections, repairs, replacements, or other remedies to Plaintiff within 30 days of receiving Plaintiff's purported Amended CLRA Notice Letter.  The remaining allegations in Paragraph 226 of the Seventh Amended Complaint contain mere legal argument and conclusions to which no response is required.  To the extent that a response is required, Defendants deny the remaining allegations in Paragraph 226 of the Seventh Amended Complaint.

227.    The allegations in Paragraph 227 of the Seventh Amended Complaint contain mere legal argument and conclusions to which no response is required.  To the extent that a response is required, Defendants deny the allegations in Paragraph 227 of the Seventh Amended Complaint.

228.    Paragraph 228 of the Seventh Amended Complaint contains mere legal argument and conclusions to which no response is required.  To the extent that a response is required, Defendants admit that Plaintiff purports to seek the relief described in Paragraph 228 of the Seventh Amended Complaint but deny that he and the putative class are entitled to any relief whatsoever.

**"COUNT TWO**
**Misleading and Deceptive Advertising**
**(Business and Professions Code § 17500, *et seq*.)"**

229.    Defendants incorporate by this reference their responses to Paragraphs 1 through 228 of the Seventh Amended Complaint.

230.    Paragraph 230 of the Seventh Amended Complaint contains mere legal argument and conclusions to which no response is required.  To the extent that a response is required, Defendants admit that Plaintiff purports to bring this cause of action for violations of California Business and Professions Code § 17500 but deny that he has effectively done so.

231.    Paragraph 231 of the Seventh Amended Complaint contains mere legal argument and conclusions to which no response is required.  To the extent that a response is required, Defendants deny the allegations of Paragraph 231 of the Seventh Amended Complaint.

232.    Paragraph 232 of the Seventh Amended Complaint contains mere legal argument and conclusions to which no response is required.  To the extent that a response is required, Defendants deny the allegations of Paragraph 232 of the Seventh Amended Complaint.

233.    Paragraph 233 of the Seventh Amended Complaint contains mere legal argument and conclusions to which no response is required.  To the extent that a response is required, Defendants deny the allegations of Paragraph 233 of the Seventh Amended Complaint.

234.    Paragraph 234 of the Seventh Amended Complaint contains mere legal argument and conclusions to which no response is required.  To the extent that a response is required, Defendants deny the allegations of Paragraph 234 of the Seventh Amended Complaint.

235.    Defendants admit that Plaintiff seeks relief as described in Paragraph 235 of the Seventh Amended Complaint but deny that he or the putative class is entitled to any relief whatsoever.

**"COUNT THREE**
**Untrue Advertising**
**(Business and Professions Code § 17500, *et seq*.)"**

236.    Defendants incorporate by this reference their responses to Paragraphs 1 through 235 of the Seventh Amended Complaint.

237.    Paragraph 237 of the Seventh Amended Complaint contains mere legal argument and conclusions to which no response is required.  To the extent that a response is required, Defendants deny the allegations of Paragraph 237 of the Seventh Amended Complaint.

238.    Paragraph 238 of the Seventh Amended Complaint contains mere legal argument and conclusions to which no response is required.  To the extent that a response is required, Defendants deny the allegations of Paragraph 238 of the Seventh Amended Complaint.

239.    Paragraph 239 of the Seventh Amended Complaint contains mere legal argument and conclusions to which no response is required.  To the extent that a response is required, Defendants deny the allegations of Paragraph 239 of the Seventh Amended Complaint.

240.    Paragraph 240 of the Seventh Amended Complaint contains mere legal argument and conclusions to which no response is required.  To the extent that a response is required, Defendants deny the allegations of Paragraph 240 of the Seventh Amended Complaint.

241.    Defendants deny the allegations of Paragraph 241 of the Seventh Amended Complaint.

242.     Paragraph 242 of the Seventh Amended Complaint contains mere legal argument and conclusions to which no response is required.  To the extent that a response is required, Defendants deny the allegations of Paragraph 242 of the Seventh Amended Complaint.

243.     Paragraph 243 of the Seventh Amended Complaint contains mere legal argument and conclusions to which no response is required.  To the extent that a response is required, Defendants deny the allegations of Paragraph 243 of the Seventh Amended Complaint.

244.     Paragraph 244 of the Seventh Amended Complaint contains mere legal argument and conclusions to which no response is required.  To the extent that a response is required, Defendants admit that Plaintiff seeks relief as described in Paragraph 244 of the Seventh Amended Complaint but deny that he or the putative class is entitled to any relief whatsoever.

**"COUNT FOUR**
**Unlawful Business Practices**
**(Unfair Competition Law – Business and Professions Code § 17200, *et seq.*)"**

245.     Defendants incorporate by this reference their responses to Paragraphs 1 through 244 of the Seventh Amended Complaint.

246.     Paragraph 246 of the Seventh Amended Complaint contains mere legal argument and conclusions to which no response is required.  To the extent that a response is required, Defendants deny the allegations of Paragraph 246 of the Seventh Amended Complaint.

247.     Paragraph 247 of the Seventh Amended Complaint contains mere legal argument and conclusions to which no response is required.  To the extent that a response is required, Defendants deny the allegations of Paragraph 247 of the Seventh Amended Complaint.

248.     Paragraph 248 of the Seventh Amended Complaint contains mere legal argument and conclusions to which no response is required.  To the extent that a response is required, Defendants deny the allegations of Paragraph 248 of the Seventh Amended Complaint.

249.     Paragraph 249 of the Seventh Amended Complaint contains mere legal argument and conclusions to which no response is required.  To the extent that a response is required, Defendants deny the allegations of Paragraph 249 of the Seventh Amended Complaint.

250.    Paragraph 250 of the Seventh Amended Complaint contains mere legal argument and conclusions to which no response is required.  To the extent that a response is required, Defendants deny the allegations of Paragraph 250 of the Seventh Amended Complaint.

251.    Paragraph 251 of the Seventh Amended Complaint contains mere legal argument and conclusions to which no response is required.  To the extent that a response is required, Defendants deny the allegations of Paragraph 251 of the Seventh Amended Complaint.

252.    Paragraph 252 of the Seventh Amended Complaint contains mere legal argument and conclusions to which no response is required.  To the extent that a response is required, Defendants deny the allegations of Paragraph 252 of the Seventh Amended Complaint.

253.    Paragraph 253 of the Seventh Amended Complaint contains mere legal argument and conclusions to which no response is required.  To the extent that a response is required, Defendants deny the allegations of Paragraph 253 of the Seventh Amended Complaint.

254.    Defendants admit that Plaintiff seeks relief as described in Paragraph 254 of the Seventh Amended Complaint but deny that he or the putative class is entitled to any relief whatsoever.

**"COUNT FIVE**
**Unfair Business Practices**
**(Unfair Competition Law – Business and Professions Code § 17200, *et seq*.)"**

255.    Defendants incorporate by this reference their responses to Paragraphs 1 through 254 of the Seventh Amended Complaint.

256.    Paragraph 256 of the Seventh Amended Complaint contains mere legal argument and conclusions to which no response is required.  To the extent that a response is required, Defendants deny the allegations of Paragraph 256 of the Seventh Amended Complaint.

257.    Paragraph 257 of the Seventh Amended Complaint contains mere legal argument and conclusions to which no response is required.  To the extent that a response is required, Defendants deny the allegations of Paragraph 257 of the Seventh Amended Complaint.

258.    Paragraph 258 of the Seventh Amended Complaint contains mere legal argument and conclusions to which no response is required.  To the extent that a response is required, Defendants deny the allegations of Paragraph 258 of the Seventh Amended Complaint.

259.     Paragraph 259 of the Seventh Amended Complaint contains mere legal argument and conclusions to which no response is required.  To the extent that a response is required, Defendants deny the allegations of Paragraph 259 of the Seventh Amended Complaint.

260.     Paragraph 260 of the Seventh Amended Complaint contains mere legal argument and conclusions to which no response is required.  To the extent that a response is required, Defendants deny the allegations of Paragraph 260 of the Seventh Amended Complaint.

261.     Paragraph 261 of the Seventh Amended Complaint contains mere legal argument and conclusions to which no response is required.  To the extent that a response is required, Defendants deny the allegations of Paragraph 261 of the Seventh Amended Complaint.

262.     Paragraph 262 of the Seventh Amended Complaint contains mere legal argument and conclusions to which no response is required.  To the extent that a response is required, Defendants deny the allegations of Paragraph 262 of the Seventh Amended Complaint.

263.     Defendants deny that Plaintiff or any putative class member were injured as a result of Defendants' conduct described in the Seventh Amended Complaint.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 263 of the Seventh Amended Complaint, and, accordingly, deny such allegations.

264.     Paragraph 264 of the Seventh Amended Complaint contains mere legal argument and conclusions to which no response is required.  To the extent that a response is required, Defendants deny the allegations of Paragraph 264 of the Seventh Amended Complaint.

265.     Defendants admit that Plaintiff seeks relief as described in Paragraph 265 of the Seventh Amended Complaint but deny that he or the putative class is entitled to any relief whatsoever.

**"COUNT SIX**
**Fraudulent Business Practices**
**(Unfair Competition Law – Business and Professions Code § 17200, *et seq.*)"**

266.     Defendants incorporate by this reference their responses to Paragraphs 1 through 265 of the Seventh Amended Complaint.

267.    Paragraph 267 of the Seventh Amended Complaint contains mere legal argument and conclusions to which no response is required.  To the extent that a response is required, Defendants deny the allegations of Paragraph 267 of the Seventh Amended Complaint.

268.    Paragraph 268 of the Seventh Amended Complaint contains mere legal argument and conclusions to which no response is required.  To the extent that a response is required, Defendants deny the allegations of Paragraph 268 of the Seventh Amended Complaint.

269.    Paragraph 269 of the Seventh Amended Complaint contains mere legal argument and conclusions to which no response is required.  To the extent that a response is required, Defendants deny the allegations of Paragraph 269 of the Seventh Amended Complaint.

270.    Paragraph 270 of the Seventh Amended Complaint contains mere legal argument and conclusions to which no response is required.  To the extent that a response is required, Defendants deny the allegations of Paragraph 270 of the Seventh Amended Complaint.

271.    Paragraph 271 of the Seventh Amended Complaint contains mere legal argument and conclusions to which no response is required.  To the extent that a response is required, Defendants deny the allegations of Paragraph 271 of the Seventh Amended Complaint.

272.    Paragraph 272 of the Seventh Amended Complaint contains mere legal argument and conclusions to which no response is required.  To the extent that a response is required, Defendants deny the allegations of Paragraph 272 of the Seventh Amended Complaint.

273.    Paragraph 273 of the Seventh Amended Complaint contains mere legal argument and conclusions to which no response is required.  To the extent that a response is required, Defendants deny the allegations of Paragraph 273 of the Seventh Amended Complaint.

274.    Defendants admit that Plaintiff seeks relief as described in Paragraph 274 of the Seventh Amended Complaint but deny that he or the putative class is entitled to any relief whatsoever.

### "COUNT SEVEN
### Unjust Enrichment
### (As to Williams-Sonoma, Inc.)"

275.    Defendants incorporate by this reference their responses to Paragraphs 1 through 274 of the Seventh Amended Complaint.

276.     Paragraph 276 of the Seventh Amended Complaint contains mere legal argument and conclusions to which no response is required.  To the extent that a response is required, Defendants deny the allegations of Paragraph 276 of the Seventh Amended Complaint.

277.     Paragraph 277 of the Seventh Amended Complaint contains mere legal argument and conclusions to which no response is required.  To the extent that a response is required, Defendants deny the allegations of Paragraph 277 of the Seventh Amended Complaint.

278.     Paragraph 278 of the Seventh Amended Complaint contains mere legal argument and conclusions to which no response is required.  To the extent that a response is required, Defendants deny the allegations of Paragraph 278 of the Seventh Amended Complaint.

279.     Paragraph 279 of the Seventh Amended Complaint contains mere legal argument and conclusions to which no response is required.  To the extent that a response is required, Defendants deny the allegations of Paragraph 279 of the Seventh Amended Complaint.

280.     Paragraph 280 of the Seventh Amended Complaint contains mere legal argument and conclusions to which no response is required.  To the extent that a response is required, Defendants deny the allegations of Paragraph 280 of the Seventh Amended Complaint.

### "PRAYER FOR RELIEF"

WSI denies that Plaintiff and the putative class are entitled to any relief whatsoever, including the relief requested in Plaintiff's Prayer for Relief.

### AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

#### (*Lack of Subject Matter Jurisdiction*)

1.     The Court lacks subject matter jurisdiction over the claims asserted in the Seventh Amended Complaint.

### SECOND AFFIRMATIVE DEFENSE

#### (*Failure To State A Claim*)

2.     The Seventh Amended Complaint fails to state facts sufficient to constitute a claim for relief against Defendants.

**THIRD AFFIRMATIVE DEFENSE**

(*Statute of Limitations*)

3.      The Seventh Amended Complaint is barred, in whole or in part, by the applicable statutes of limitations.

**FOURTH AFFIRMATIVE DEFENSE**

(*Safe Harbor*)

4.      Defendants' conduct is protected by the safe harbor recognized in *Alvarez v. Chevron Corp.*, 656 F.3d 925, 933-34 (9th Cir. 2011) because Defendants' conduct was authorized by 19 C.F.R. § 141.89.

**FIFTH AFFIRMATIVE DEFENSE**

(*Fair Competition/Business Economic Justification*)

5.      Plaintiff's claims, and/or those of the putative class, are barred, in whole or in part, because the conduct alleged in the Seventh Amended Complaint constituted fair competition, and was reasonable, based on independent and legitimate business and economic justifications, and without the purpose, intent, or effect of injuring Plaintiff.

**SIXTH AFFIRMATIVE DEFENSE**

(*No Damages*)

6.      Plaintiff and the putative class did not suffer any damages and are not otherwise entitled to any monetary restitution as a result of any action taken by Defendants.

**SEVENTH AFFIRMATIVE DEFENSE**

(*Lack of Causation*)

7.      Any damages that Plaintiff or the putative class may have suffered were not directly or proximately caused, in whole or in part, by Defendants, and must be decreased to the extent the acts or omissions of Plaintiff, the putative class, or any third party were the cause of those damages.

**EIGHTH AFFIRMATIVE DEFENSE**

(*This Action Is Not Appropriate For Class Treatment*)

8.      Class treatment under Fed. R. Civ. P. 23 is inappropriate for this action because

1   Plaintiff is not an adequate representative, Plaintiff's claims are not typical of the claims of the

2   putative class he purports to represent, Plaintiff's claims are subject to unique defenses, the

3   putative class is not ascertainable, common questions of law and fact do not predominate over any

4   common issues, class treatment is not superior to other available methods of resolving the

5   controversy, and a class action would be unmanageable.

### NINTH AFFIRMATIVE DEFENSE

*(Waiver)*

8   9.   Plaintiff's claims, and those of the putative class, are barred in whole or in part by

9   the doctrine of waiver.

### TENTH AFFIRMATIVE DEFENSE

*(Estoppel)*

12   10.   Plaintiff's claims, and those of the putative class, are barred in whole or in part by

13   the doctrine of estoppel.

### ELEVENTH AFFIRMATIVE DEFENSE

*(Adequate Remedy At Law)*

16   11.   Plaintiff and the putative class have adequate remedies at law so resort to equitable

17   relief is inappropriate.

### TWELFTH AFFIRMATIVE DEFENSE

*(Failure to Mitigate)*

20   12.   Plaintiff's claims are barred in whole or in part because Plaintiff failed to take

21   reasonable steps to mitigate or prevent the alleged harm, if any.

### THIRTEENTH AFFIRMATIVE DEFENSE

*(Arbitration Agreement)*

24   13.   The claims of Plaintiff and/or the putative class are barred in whole or in part

25   because they are subject to prior agreement(s) to arbitrate any and all disputes with Defendants.

### FOURTEENTH AFFIRMATIVE DEFENSE

*(Set-Off)*

28   14.   The claims of Plaintiff and/or the putative class are subject to set-off of the

1  reasonable value of goods and services that Plaintiff and the and the putative class have received

2  from Defendants.

3

4    WHEREFORE, Defendants pray for judgment as follows:

5    1. That Plaintiff and the putative class take nothing by this action;

6    2. That a judgment of dismissal be entered in favor of Defendants and against Plaintiff

7  and the putative class;

8    3. That Defendants be awarded their costs of suit; and

9    4. That Defendants be awarded such other and further relief as the Court deems just

10  and proper.

11

12  Dated:  April 10, 2017   SHEPPARD MULLIN RICHTER & HAMPTON LLP

13

14       By    _/s/ P. Craig Cardon_

         P. CRAIG CARDON

15          BENJAMIN O. AIGBOBOH

         ERIC J. DIIULIO

16

17           *Attorneys for Defendants*

      WILLIAMS-SONOMA, INC., WILLIAMS-

18       SONOMA DTC, INC., and WILLIAMS-SONOMA

       ADVERTISING, INC.

19

20

21

22

23

24

25

26

27

28

PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF SAN FRANCISCO

At the time of service, I was over 18 years of age and **not a party to this action**.  I am employed in the County of San Francisco, State of California.  My business address is Four Embarcadero Center, 17th Floor, San Francisco, CA 94111-4109.

On April 10, 2017, I served true copies of the following document(s) described as

**DEFENDANTS' ANSWER TO SEVENTH AMENDED
CLASS ACTION COMPLAINT**

on the interested parties in this action as follows:

**BY CM/ECF NOTICE OF ELECTRONIC FILING:**  I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system.  Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.  Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on April 10, 2017, at San Francisco, California.

_/s/ Dorothy M. Gatmen_
Dorothy M. Gatmen