UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

WILLIAM RUSHING,

           Plaintiff,

    v.

WILLIAMS-SONOMA, INC., et al.,

           Defendants.

Case No. 16-cv-01421-WHO

**ORDER DENYING MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION**

Re: Dkt. Nos. 175, 177

Defendant (WSI) seeks leave to file a motion for reconsideration of my October 2018 Order because my Order (i) did not grant summary judgment terminating the case and (ii) allowed plaintiffs to undertake discovery to find a plaintiff to pursue the claims asserted under California law. WSI argues I manifestly failed to consider materials facts and dispositive legal arguments. Dkt. No. 175, 175-1. The motion for leave is DENIED.

As to whether the case should have terminated upon my agreement with WSI's choice of law argument (that named plaintiff William Rushing's claims regarding his purchase of bed linens were subject to Kentucky law), WSI did not present this legal argument in its motion. There could be no error in my failure to consider it. If it had been presented, however, I would have rejected it. None of the cases relied on by WSI in support of its initial leave to file or its underlying reconsideration motion arise in a similar posture (class action) or are otherwise apposite.[1] One

---

[1] For example, in *Vasquez v. Bridgestone/Firestone, Inc*., 325 F.3d 665, 680 (5th Cir. 2003), the court noted that "[i]n maritime cases, choice-of-law is a determination on the merits and *may* be treated as the equivalent of a motion for summary judgment." (emphasis added); *see also Mapfre Tepeyac, SA v. Robbins Motor Transp., Inc*., No. CIV.A. H-05-1908, 2006 WL 3694502, at *5 (S.D. Tex. Dec. 13, 2006) (cargo case relying exclusively on *Vasquez* supra). In addition, in *Century 21 Real Estate LLC v. All Prof'l Realty, Inc*., 889 F. Supp. 2d 1198, 1218 (E.D. Cal. 2012), *aff'd*, 600 F. App'x 502 (9th Cir. 2015), the court determined choice of law and then *applied* that choice of law in granting summary judgment to plaintiff. WSI in moving for summary judgment sought a determination that Kentucky law applied but not a determination that Kentucky law extinguished all claims pleaded. WSI's other cases are likewise inapposite. *See*

case cited by WSI in its supplemental authority brief (filed following the December 4, 2018 Case Management Conference) appears to have been decided on somewhat similar grounds, granting summary judgment and "dismissing" the one claim remaining in that case on choice-of-law grounds. *See Maniscalco v. Bro. Intern. Corp.,* 793 F. Supp. 2d 696 (D.N.J. 2011), *aff'd sub nom. Maniscalco v. Bro. Intern. Corp*., 709 F.3d 202 (3d Cir. 2013). But WSI cites no caselaw *requiring* dismissal. Leave to amend, as I have found, is warranted based on the posture and litigation history.

Relatedly, I find that WSI had more than adequate notice about the facts supporting Rushing's claims and his assertion of consumer protection causes of action. Therefore, there was no violation of Rule 8.

If I was unclear in my October Order, I concluded that leave to amend and a short extension of the discovery deadlines for limited class representative discovery was appropriate if plaintiff elected (as he subsequently did) to pursue the existing California claims if a new class member can be located and to amend to assert his personal claims under Kentucky law. These limited extensions do not cause significant disruption to the case schedule given that the material facts as well as any expert opinion supporting the claims and defenses stay the same.

The second argument, that I manifestly failed to consider whether discovery to find a new class representative to pursue the California claims should be allowed under federal law or California law consistent with the balancing mandate of *Hill v. NCAA*, 7 Cal. 4th 1, 35 (1994), is simply wrong. As an initial matter, this issue was briefed (albeit succinctly) in the discovery dispute letter that was fully considered. On the merits of WSI's argument that discovery is not "proper," the cases from this District and more generally within the Ninth Circuit on which WSI relies were denials of discovery that lack significant (if any) case law analysis and otherwise lay

---

*Medimatch, Inc. v. Lucent Techs. Inc*., 120 F. Supp. 2d 842, 861 (N.D. Cal. 2000) (rejecting plaintiff's contention that "New Jersey law applies, with the caveat that 'should the Court find that Plaintiffs have no remedy under New Jersey law, Plaintiffs should be free to pursue their claim under [the California UCL].'"); *Potter v. Chevron Prod. Co*., No. 17-CV-06689-PJH, 2018 WL 4053448, at *9 (N.D. Cal. Aug. 24, 2018) (applying Illinois law to some claims, and then dismissing California consumer protection claims after determining Illinois law applied to those claims).

within the *discretion* of those judges in light of the particular postures of those cases.[2]

Moreover, while I did not cite *Hill*, I did cite *Pioneer Elecs. (USA), Inc. v. Super. Ct.*, 40 Cal. 4th 360 (2007) and *Williams v. Super. Ct.*, 3 Cal. 5th 531, 553 (2017), both of which incorporate the balancing requirements of *Hill*. I summed up, "Finding no abuse in this process by Rushing or his counsel, and weighing the interests of the class and defendants, I conclude that Rushing should be allowed to seek pre-certification discovery." October Order at 16. I hold to that view: given the substantial work that has gone into this case, it would be wrong to jettison the interests of the putative class if a California class representative wishes to carry on.

Finally, as to the parties' current dispute, whether a *Pioneer* notice is required prior to releasing information about complaining consumers, that too was resolved in the October Order: "I agree with Rushing that if the discovery is limited to the identity of California consumers who complained to WSI about the bed linens at issue in this case, a *Pioneer* notice would not be required." October Order at 17 (citing *Williams v. Super. Ct.*, 3 Cal. 5th 531, 553 (2017)). Information about complaining consumers in California, should be produced without a *Pioneer* notice. The *Pioneer* notice being negotiated by the parties governs only the release of information regarding California consumers who did not complain to WSI about the bed linens at issue.[3]

---

[2] *See, e.g., Hatch v. Reliance Ins. Co.*, 758 F.2d 409, 416 (9th Cir. 1985) ("The denial of the motion to produce was also not an abuse of *discretion*. It was within the district court's *discretion* to deny appellants' counsel's attempt to obtain production under Rule 34 of the names of similarly situated investors in order to solicit support for his efforts to certify the class.") (emphasis added). Other cases address the different situation where discovery to find a new named plaintiff was not appropriate as the initial plaintiff *never* had standing to pursue his claims. *See, e.g., Ruiz v. Shamrock Foods Co.*, No. 2:17-cv-06017-SVW-AFM, 2018 U.S. Dist. LEXIS 148929, at *18 (C.D. Cal. Aug. 22, 2018 ("Plaintiffs and their counsel cannot use discovery, especially when the court lacks subject matter jurisdiction, to identify a substitute class representative."). As the parties know, in the underlying Order, I discussed California state court cases approving the use of pre-certification discovery to locate new named plaintiffs where there is no evidence that the discovery process is being abused. October 2018 Order at 12-13.

[3] During the December 4, 2018 Case Management Conference where argument on WSI's motion for leave was heard, WSI's counsel expressed concern because he was not aware of orders requiring the release of information regarding putative class members without a *Pioneer* notice. But there is ample precedent for that, even within the consumer class action context and without evidence of consumer complaints. *See, e.g., Khalilpour v. CELLCO Partn.*, C 09-02712 CW MEJ, 2010 WL 1267749, at *3 (N.D. Cal. Apr. 1, 2010) (ordering pre-certification disclose of class members' contact information in a consumer case without a *Pioneer* notice but requiring produced information to be covered by the existing protective order); *Sanbrook v. Off. Depot*, C07-5938RMWPVT, 2009 WL 840019, at *1 (N.D. Cal. Mar. 30, 2009) (requiring disclosure of

The motion for leave to file a motion for reconsideration is DENIED. Any further disputes regarding the content of the *Pioneer* notice shall be submitted to and resolved by Magistrate Judge Kim. The parties shall follow the schedule set out in the Civil Minutes of the December 4, 2018 Case Management Conference. Dkt. No. 178. A further Case Management Conference is set for June 4, 2019 at 2:00 p.m.

**IT IS SO ORDERED.**

Dated: December 17, 2018

William H. Orrick
United States District Judge

---

consumer contact information for consumers who purchased specific products). This is so because, as numerous courts in this District have recognized, "the disclosure of names, addresses, and telephone numbers is common practice in the class action context because it does not involve revelation of personal secrets, intimate activities, or similar private information, which have been found to be serious invasions of privacy." *Khalilpour*, 2010 WL 1267749 at *3. Nonetheless, I have approved the use of a *Pioneer* notice for the consumers who have not complained, on the theory that their privacy interest (while minimal) may be more significant than consumers who have complained.

4