UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM RUSHING,<br><br>    Plaintiff,<br><br>    v.<br><br>WILLIAMS-SONOMA, INC., et al.,<br><br>    Defendants. | Case No. 16-cv-01421-WHO<br><br>**ORDER DENYING MOTION TO CERTIFY AND OVERRULING OBJECTIONS TO NON-DISPOSITIVE ORDER**<br><br>Re: Dkt. Nos. 184, 191 |

Defendants (collectively WSI) ask me to certify my October 24, 2018 Order on Pending Motions for interlocutory review under 28 U.S.C. § 1292(b).[1] That motion is DENIED.[2] I have considered the underlying issues raised by WSI three times and still find no merit to WSI's argument that I was required (upon making the policy-driven choice of law determination) to grant their motion for summary judgment and terminate this case or that I erred in exercising my discretion to allow plaintiff to conduct limited discovery to find a new named plaintiff to pursue

---

[1] Appellate review before a final judgment is appropriate "only in exceptional cases where decision of an interlocutory appeal might avoid protracted and expensive litigation." *U.S. Rubber Co. v. Wright*, 359 F.2d 784, 785 (9th Cir. 1966). For the court of appeals to have jurisdiction over an interlocutory appeal, the order must involve: (i) a controlling question of law; (ii) substantial grounds for difference of opinion; and (iii) a likelihood that an immediate appeal may materially advance the ultimate termination of the litigation. 28 U.S.C. § 1292(b). Certification under § 1292(b) requires the district court to expressly find in writing that all three § 1292(b) requirements are met. *Couch v. Telescope Inc.*, 611 F.3d 629, 633 (9th Cir. 2010) "Courts traditionally will find that a substantial ground for difference of opinion exists where "'the circuits are in dispute on the question and the court of appeals of the circuit has not spoken on the point, if complicated questions arise under foreign law, or if novel and difficult questions of first impression are presented.'" *Id.*, 611 F.3d at 633 (quoting 3 Federal Procedure, Lawyers Edition § 3:212 (2010)). However, section 1292 "was not intended merely to provide review of difficult rulings in hard cases," and certification is at the discretion of the district court. *Swint v. Chambers Cnty. Comm'n*, 514 U.S. 35, 47 (1995).

[2] The motion is set for hearing on February 27, 2019. Pursuant to Civil Local Rule 7-1(b), this matter is appropriate for resolution without oral argument and the February 27, 2019 hearing is VACATED.

the developed California law claims. The Order was tailored to the facts and procedural history of the case and WSI has not identified a controlling question of law or a substantial ground for difference of opinion that would weigh in favor of certification for an interlocutory appeal of that Order.

WSI also objects to and seeks relief from Judge Kim's February 14, 2019 non-dispositive Order. Dkt. No. 191. Specifically, WSI objects to section 2 of the Order requiring WSI to proceed with the *Pioneer* notice process for all customers in California that purchased the bedding products and from section 3 of the Order permitting counsel for plaintiff to directly contact customers that do not opt out in response to the notice. Dkt. No. 189. WSI argues that those section of Judge Kim's Order were clearly erroneous, an abuse of discretion and/or contrary to law. WSI's objections are OVERRULED and Judge Kim's rulings AFFIRMED.

The objections raised by WSI depend on the same arguments raised and rejected on WSI's motion for leave to file a motion for reconsideration and, again, raised and rejected on WSI's motion for certification of an interlocutory appeal. Having ruled against WSI on both of these motions, WSI's objections to Judge Kim's Order are without merit. The parties shall proceed with the discovery as ordered by Judge Kim.

**IT IS SO ORDERED.**

Dated: February 25, 2019

William H. Orrick
United States District Judge