**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

| | |
|---|---|
| IN RE: WILLIAMS-SONOMA, INC.; WILLIAMS-SONOMA ADVERTISING, INC.; WILLIAMS-SONOMA DTC, INC., _____ | No. 19-70522 |
| WILLIAMS-SONOMA, INC., a Delaware corporation, DBA Pottery Barn, DBA Williams-Sonoma, DBA Williams-Sonoma Home; WILLIAMS-SONOMA ADVERTISING, INC., a California corporation; WILLIAMS-SONOMA DTC, INC., a California corporation, *Petitioners*, | D.C. No. 3:16-cv-01421-WHO |
| v. | OPINION |
| UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO, *Respondent*, | |
| WILLIAM RUSHING, Individually and on Behalf of all Others Similarly Situated, *Real Party in Interest.* | |

2        IN RE: WILLIAMS-SONOMA, INC.

Appeal from the United States District Court
for the Northern District of California
William Horsley Orrick, District Judge, Presiding

Argued and Submitted October 2, 2019
San Francisco, California

Filed January 13, 2020

Before: Ferdinand F. Fernandez and Richard A. Paez,
Circuit Judges, and Jennifer Choe-Groves,* Judge.

Opinion by Judge Fernandez;
Dissent by Judge Paez

---

**SUMMARY**\*\*

---

**Writ of Mandamus / Discovery**

The panel granted Williams-Sonoma Advertising, Inc.'s
petition for a writ of mandamus, and ordered the district court
to vacate a pre-class-certification discovery order that
directed Williams-Sonoma to produce a list of California
customers who had purchased certain bedding products.

---

\* The Honorable Jennifer Choe-Groves, Judge for the United States
Court of International Trade, sitting by designation.

\*\* This summary constitutes no part of the opinion of the court.  It has
been prepared by court staff for the convenience of the reader.

William Rushing brought an underlying action against Williams-Sonoma to recover damages that he allegedly suffered due to Williams-Sonoma's alleged misrepresentations about thread count on bedding he purchased. Before a class action was certified, the district court determined that Kentucky law governed Rushing's claim and that Kentucky consumer law prohibited class actions. The district court granted Rushing's request to obtain discovery from Williams-Sonoma for the purpose of aiding his counsel's attempt to find a California customer who purchased similar bedding.

In determining whether to issue mandamus relief, the panel applied the *Bauman v. U.S. Dist. Court*, 557 F.2d 650, 656-661 (9th Cir. 1977), factors. The panel held that Supreme Court authority demonstrated clear error in the district court's decision. The panel held that the Supreme Court has determined that seeking discovery of the name of a class member (here an unknown person, who could sue Williams-Sonoma) was not relevant within the meaning of Fed. R. Civ. P. 26(b)(1), which limits the scope of discovery. *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 353 (1978). The panel concluded that the district court clearly erred as a matter of law when it ordered the discovery in question, and the balance of factors weighed in favor of granting the writ of mandamus.

Judge Paez dissented because in his view the district court had not erred, let alone committed the clear error required for the extraordinary remedy of mandamus relief.

4          IN RE: WILLIAMS-SONOMA, INC.

## COUNSEL

P. Craig Cardon (argued), Robert J. Guite, and Benjamin O. Aigboboh, Sheppard Mullin Richter & Hampton LLP, San Francisco, California, for Petitioners.

Kathryn Honecker (argued) and Jonathan Udell, Rose Law Group, PC, Scottsdale, Arizona; Amber L. Eck and Robert D. Prine, Haeggquist & Eck, LLP, San Diego, California; George Richard Baker, Baker Law, PC, Los Angeles, California; for Real Party in Interest.

No appearance for Respondent.

Timothy G. Blood and Paula R. Brown, Blood Hurst & O'Reardon, LLP, San Diego, California, for Amicus Curiae Consumer Attorneys of California.

## OPINION

FERNANDEZ, Circuit Judge:

Williams-Sonoma, Inc., Williams-Sonoma DTC, Inc., and Williams-Sonoma Advertising, Inc. (collectively "Williams-Sonoma") petition for a writ of mandamus[1] ordering the district court to vacate a pre-class-certification discovery order that directed Williams-Sonoma to produce a list of California customers who had purchased certain bedding products. The purpose of the discovery was to enable opposing counsel to find a lead plaintiff to pursue a class

---

[1] 28 U.S.C. § 1651(a).

action against Williams-Sonoma under California law.  We
grant the petition.

## BACKGROUND

William Rushing, a resident and citizen of the State of
Kentucky, allegedly purchased bedding from Williams-
Sonoma, and an important reason for his doing so was based
upon the advertised thread count.  Williams-Sonoma said that
the thread count was 600 threads per square inch, but Rushing
allegedly later discovered that it was actually much lower
than that.  Thus, he brought an action against Williams-
Sonoma to recover damages under the law of the State of
California that he allegedly suffered due to Williams-
Sonoma's alleged misrepresentations.  He also sought
damages under California law for a class of consumers who
bought bedding from Williams-Sonoma due to the selfsame
alleged misrepresentations.

Before a class action was certified,[2] the district court
determined, *inter alia*, that Kentucky law governed Rushing's
claims and that Kentucky consumer law prohibited class
actions.  Rushing gave notice that he would pursue his
personal claims under Kentucky law, but sought to obtain
discovery[3] from Williams-Sonoma for the sole purpose of
aiding his counsel's attempt to find a California purchaser of
bedding from Williams-Sonoma who might be willing to sue.
The district court obliged, and to that end ordered Williams-
Sonoma to produce a list of all California customers who
purchased bedding products of the type referred to in

---

[2] *See* Fed. R. Civ. P. 23(c)(1)(A).

[3] *See* Fed. R. Civ. P. 26, 33.

Rushing's complaint since January 29, 2012.  Williams-Sonoma's request for leave to file a motion for reconsideration was denied; this petition followed.

## DISCUSSION

Williams-Sonoma seeks a writ of mandamus to avoid the strictures of the district court's discovery order.  In deciding whether to issue a writ of mandamus we apply the *Bauman* factors, which we have described as follows:

> (1) The party seeking the writ has no other adequate means, such as a direct appeal, to attain the relief he or she desires.
>
> (2) The petitioner will be damaged or prejudiced in a way not correctable on appeal . . . .
>
> (3) The district court's order is clearly erroneous as a matter of law.
>
> (4) The district court's order is an oft-repeated error, or manifests a persistent disregard of the federal rules.
>
> (5) The district court's order raises new and important problems, or issues of law of first impression.

*SG Cowen Sec. Corp. v. U.S. Dist. Court*, 189 F.3d 909, 913 (9th Cir. 1999) (alteration in original) (citation omitted); *Bauman v. U.S. Dist. Court*, 557 F.2d 650, 656–661 (9th Cir. 1977).  Not all of those factors need to be satisfied, and all

must be "weighed together" on a case-by-case basis.  *See SG Cowen*, 189 F.3d at 913–14; *Admiral Ins. Co. v. U.S. Dist. Court*, 881 F.2d 1486, 1491 (9th Cir. 1989).  In considering the factors, we keep in mind the drastic and extraordinary nature of that remedy, and the fact that Williams-Sonoma has the weighty burden of convincing us to prescribe it.  *See Van Dusen v. U.S. Dist. Court (In re Van Dusen)*, 654 F.3d 838, 840–41 (9th Cir. 2011); *see also United States v. Guerrero*, 693 F.3d 990, 999–1000 (9th Cir. 2012); *SG Cowen*, 189 F.3d at 913.

In any event, "[b]ecause we have held that 'the absence of factor three—clear error as a matter of law—will always defeat a petition for mandamus,'"[4] we will address that factor first.  We are mindful that we do not generally find clear error when there is no prior Ninth Circuit authority prohibiting the district court's action. *See Morgan v. U.S. Dist. Court (In re Morgan)*, 506 F.3d 705, 713 (9th Cir. 2007); *cf. Barnes v. Sea Haw. Rafting, LLC*, 889 F.3d 517, 537 (9th Cir. 2018) (holding that when an "'important issue of first impression'" is raised, the standard is ordinary error).

In the present case, contrary Supreme Court authority demonstrates the clear error in the district court's decision. Rule 26(b)(1) limits the scope of discovery to "nonprivileged matter that is relevant to any party's claim or defense."  And the Supreme Court has determined that seeking discovery of the name of a class member (here an unknown person, who could sue Williams-Sonoma) is not relevant within the meaning of that rule.  As the Court held:

---

[4] *Sussex v. U.S. Dist. Court (In re Sussex)*, 781 F.3d 1065, 1071 (9th Cir. 2015).

The general scope of discovery is defined by Fed. Rule Civ. Proc. 26(b)(1) as follows:

> "Parties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action, whether it relates to the claim or defense of the party seeking discovery or the claim or defense of any other party . . . ."

The key phrase in this definition—"relevant to the subject matter involved in the pending action"—has been construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case. . . .

At the same time, "discovery, like all matters of procedure, has ultimate and necessary boundaries." . . . Discovery of matter not "reasonably calculated to lead to the discovery of admissible evidence" is not within the scope of Rule 26(b)(1). . . .

Respondents' attempt to obtain the class members' names and addresses cannot be forced into the concept of "relevancy" described above. The difficulty is that respondents do not seek this information for any bearing that it might have on issues in the case. . . . If respondents had sought the

> information because of its relevance to the
> issues, they would not have been willing, as
> they were, to abandon their request if the
> District Court would accept their proposed
> redefinition of the class and method of
> sending notice.  Respondents argued to the
> District Court that they desired this
> information to enable them to send the class
> notice, and not for any other purpose.  Taking
> them at their word, it would appear that
> respondents' request is not within the scope of
> Rule 26(b)(1).

*Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 350–53,
98 S. Ct. 2380, 2389–90, 57 L. Ed. 2d 253 (1978) (footnotes
omitted).  The Court then concluded: "[W]e do not think that
the discovery rules are the right tool for this job." *Id.* at 354,
98 S. Ct. at 2391 (footnote omitted); *see also Reed v. Bowen*,
849 F.2d 1307, 1313–14 (10th Cir. 1988) (power of the court
should not be used to solicit clients); *Douglas v. Talk Am.,
Inc.*, 266 F.R.D. 464, 467–68 (C.D. Cal. 2010) (same).  There
are two distinctions between the case at hand and
*Oppenheimer*, but both cut against the district court's
decision here.

One of those distinctions is that Rule 26(b)(1) was
amended to its current form after 1978 when *Oppenheimer*
was decided.  As quoted above, the rule then indicated that
discovery must be "relevant to the subject matter involved in
the pending action" that related to a party's claim or defense.
Now, the "subject matter" reference has been eliminated from
the rule, and the matter sought must be "relevant to any
party's claim or defense."  Rule 26(b)(1).  That change,
however, was intended to restrict, not broaden, the scope of

discovery.  *See* Rule 26(b)(1) advisory committee's note to 2000 amendment; *see also id*. advisory committee's note to 2015 amendment; *cf. Elvig v. Calvin Presbyterian Church*, 375 F.3d 951, 967–68 (9th Cir. 2004).

The other distinction is that *Oppenheimer* dealt with a case where class certification had already been granted, and the moving party sought to obtain a list of members of that class.  This case is a step removed from that—here counsel is without a lead plaintiff for the class issues that counsel wishes to pursue, so no class has been certified.  It follows that the request here is less relevant than the request in *Oppenheimer.*  The district court clearly erred as a matter of law when it ordered the discovery in question.

Rushing contends that the information sought in discovery was relevant to class certification issues, such as commonality, typicality, ascertainability, and reliance.  That does not undercut, or water down, the primary point that using discovery to find a client to be the named plaintiff before a class action is certified is not within the scope of Rule 26(b)(1).  *Oppenheimer*, 437 U.S. at 353, 98 S. Ct. at 2390.  In short, the district court clearly erred when it decided otherwise.[5]

---

[5] By the way, the district court also erred to the extent that it applied California discovery rules.  It was required to apply the Federal Rules of Civil Procedure regarding discovery, which, of course, included the restrictions upon granting discovery under those rules.  *See* Fed. R. Civ. P. 26(b)(1) (hereafter, Rule 26(b)(1)); *id.* at 81(c)(1); *Gasperini v. Ctr. for Humanities, Inc.*, 518 U.S. 415, 427 & n.7, 116 S. Ct. 2211, 2219 & n.7, 135 L. Ed. 2d 659 (1996); *Bearint ex rel. Bearint v. Dorell Juvenile Grp., Inc.*, 389 F.3d 1339, 1352–53 (11th Cir. 2004); *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1103 (9th Cir. 2003); *Metabolife Int'l, Inc. v. Wornick*, 264 F.3d 832, 845–46 (9th Cir. 2001).

As to the first *Bauman* factor, Williams-Sonoma has no other adequate means for relief available to it at this time,[6] and before a direct appeal could be taken and heard, the disclosure and damage to its (and its customers') interests would be complete—its claim would be mooted.[7]  Thus, the first and second factors weigh in favor of granting the petition.

We are unable to say that the district court's error was one that is oft-repeated, or that it is a novel issue.[8]  Thus, "the fourth and fifth *Bauman* factors do not weigh in favor of granting the petition."  *Tillman*, 756 F.3d at 1153.

The balance of the factors weighs in favor of granting the writ of mandamus.  *See id.*; *Hernandez v. Tanninen*, 604 F.3d 1095, 1101–02 (9th Cir. 2010); *cf. San Jose Mercury News, Inc. v. U.S. Dist. Court*, 187 F.3d 1096, 1099–1100, 1103 (9th Cir. 1999).

Therefore, we grant the petition for a writ of mandamus and vacate the district court's discovery order.

Petition **GRANTED**.

---

[6] *See SG Cowen*, 189 F.3d at 913; *Admiral Ins. Co. v. U.S. Dist. Court*, 881 F.2d 1486, 1491 (9th Cir. 1989).

[7] *See SG Cowen*, 189 F.3d at 914.

[8] Because the Court has so clearly spoken, we cannot call the issue one of first impression.  If it were one, it would weigh in favor of granting the petition.  *See United States v. Tillman*, 756 F.3d 1144, 1150, 1153 (9th Cir. 2014).

12          IN RE: WILLIAMS-SONOMA, INC.

PAEZ, Circuit Judge, dissenting:

Mandamus is an extraordinary remedy—among "the most potent weapons in the judicial arsenal"—and one we must not resort to absent clear error. *Cheney v. U.S. Dist. Court for D.C.*, 542 U.S. 367, 380 (2004) (quoting *Will v. United States*, 389 U.S. 90, 107 (1967)); *see also Bauman v. U.S. Dist. Court*, 557 F.2d 650, 658–60 (9th Cir. 1977). In my view, the district court has not erred, let alone committed "clear and indisputable" error. *Cheney*, 542 U.S. at 381 (quotation marks omitted). I therefore respectfully dissent.

The majority relies on the Supreme Court's decision in *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340 (1978), to hold that the district court's discovery order is legally incorrect. As I read *Oppenheimer*, however, it stands for a much narrower proposition. The Court held only that once a district court certifies a class action, class counsel must rely on the class action procedures outlined in Federal Rule of Civil Procedure 23—and not the federal discovery rules contained in Rules 26 through 37—to notify absent class members of certification. *Oppenheimer* did not hold that plaintiffs cannot seek the identities and contact information of absent class members for a different purpose before the class is certified, as here.

But even if the federal discovery rules do not authorize the district court's order, that still leaves Rule 23, which broadly empowers the district court to take measures necessary to maintain a class action, protect the interests of putative class members, and provide notice to absent class members when necessary to protect their interests. *Oppenheimer* certainly did not narrow the scope of Rule 23 and, indeed, relied on it.

The majority points to no clear legal error or abuse of discretion by the district court.  And even if the court's order were questionable, our intervention is unnecessary. Mandamus, under these circumstances, is not warranted.

I.

I begin with *Oppenheimer*.  There, the plaintiffs sought to pursue a class action against an investment fund.  437 U.S. at 342–44.  The district court certified the class under Rule 23(b)(3), which triggered mandatory notice to absent class members under Rule 23(c)(2).  *See id.* at 346; Fed. R. Civ. P. 23(c)(2)(B).  The thrust of the dispute was which party must pay the costs of identifying and notifying the unnamed class members.  *Oppenheimer*, 437 U.S. at 349–64.  The district court ordered the defendants to do so.  *Id.* at 346.

The Second Circuit reversed.  It reasoned that the Supreme Court's decision in *Eisen v. Carlisle & Jacquelin (Eisen IV)*, 417 U.S. 156 (1974), required the plaintiffs, and not defendants, to pay because "the identification of class members is an integral step in the process of notifying them." *Oppenheimer*, 437 U.S. at 347.  On rehearing en banc, however, the Second Circuit affirmed the district court's order, holding that *Eisen IV* did not necessarily govern the issue because the plaintiffs could rely on alternative procedural rules to obtain the same information: the federal discovery rules.  *Id.* (citing *Sanders v. Levy*, 558 F.2d 636, 649–50 (2d Cir. 1976) (en banc)).  The en banc court concluded that the district court had not abused its discretion in allocating the costs of notice to the defendants.  *Id.* (citing *Sanders*, 558 F.2d at 646).

14          IN RE: WILLIAMS-SONOMA, INC.

The Supreme Court disagreed. The Court began by emphasizing that Rule 26 only allows a party to seek materials "relevant" to the subject matter of any claim or defense. *Id.* at 350–51. The Court reasoned that the plaintiffs' procedural obligation to comply with the Rule 23(c)(2) notice obligations did not, by itself, relate to the subject matter of a claim or defense under Rule 26. *Id.* at 352–54. The "critical" issue, according to the Court, was that plaintiffs "sought [the information] to facilitate the sending of notice rather than to define or clarify issues in the case." *Id.* at 350. The "proper[]" channel to accomplish this purpose, the Court held, was Rule 23(d)—the "natural place to look for authority for orders regulating the sending of notice." *Id.* at 350, 354. The Court reasoned that this rule "vests power in the district court to order one of the parties to perform the tasks necessary to send notice." *Id.* at 354. In reversing, the Court expressly left open the possibility that Rule 26 could be used to obtain the *same information* when it is relevant to other issues in the case. *Id.* at 354 n.20 ("We do not hold that class members' names and addresses never can be obtained under the discovery rules."); *id.* at 353 n.18 ("The difference between the cases relied on by [plaintiffs] and this case is that [plaintiffs] do not seek information because it may bear on some issue which the District Court must decide, but only for the purpose of sending notice."); *see also id.* at 351 & n.13 (noting that discovery is not "limited to the merits of a case" such as, for example, when "issues arise as to jurisdiction or venue").

The present case is markedly different than *Oppenheimer*. Unlike in *Oppenheimer*, Plaintiff's action has not yet been certified under Rule 23(c), and Plaintiff does not necessarily seek to provide notice. Plaintiff's counsel instead seeks to substitute the named class representative with one who has

standing under California law. Whether the federal discovery rules may be used for this purpose is an open question. Indeed, the majority does not point to any case that has clearly addressed it. To answer this question, the majority asks whether the absent class member names and contact information is "relevant"[1] to a "party's" claim or defense. Fed. R. Civ. P. 26(b)(1). While the majority reads *Oppenheimer* to hold that it is not, I do not read *Oppenheimer* so strictly. In any event, we need not resolve that question at this stage: the sole issue before us is whether the district court's discovery order is so clearly wrong that our intervention is necessary. Because neither *Oppenheimer* nor our court's precedent dictates otherwise, I do not believe that it is.

## II.

Even if *Oppenheimer* foreclosed use of the federal discovery rules to aid the identification of class member names and contact information, its reasoning suggests another basis for the district court's order: Rule 23. *See Oppenheimer*, 437 U.S. at 354. Rule 23(d) provides district courts with "substantial residual powers" to regulate communications with absent class members outside of formal notice requirements. William B. Rubenstein, 3 Newberg on Class Actions § 9:2 (5th ed.) (citing, among others, Rule

---

[1] Contrary to the majority's suggestion, relevance continues to have a broad meaning, even after the 2000 Amendments to the procedural rules. *See* Alan Wright & Arthur R. Miller, 8 Fed. Prac. & Proc. Civ. § 2008 (3d ed.) ("Most courts which have addressed the issue find that the [2000] amendments to Rule 26 still contemplate liberal discovery, and that relevancy under Rule 26 is extremely broad.") (quotation marks omitted).

23(d)(1)(A)).[2]   That is because class actions are a form of
representative litigation, and, before certification, counsel
"may wish to advise potential plaintiffs of their rights and
encourage their involvement in a class suit, to seek helpful
evidence from them, or simply to inform them of the status of
the litigation." *Id.* § 9:6.   The ability to communicate with
members of the class is acutely important given the fiduciary
duties that class counsel owes unnamed class members.
6 Newberg on Class Actions § 19:2 (5th ed.); *see also Koby
v. ARS Nat'l Servs., Inc.*, 846 F.3d 1071, 1079 (9th Cir. 2017)
(acknowledging fiduciary obligations owed to absent class
members before certification); *In re Gen. Motors Corp. Pick-
Up Truck Fuel Tank Prod. Liab. Litig.*, 55 F.3d 768, 801
(3d Cir. 1995).   And "[s]ince identification simply is another
task that must be performed in order to" communicate to
potential plaintiffs their rights and encourage their
involvement in a class suit, it was reasonable for the district
court "to require [Williams-Sonoma's] cooperation" to cull
that list.   *See Oppenheimer*, 437 U.S. at 355.

Likewise, Rule 23(d)(1)(B)(i) authorizes district courts to
order that class members be notified of "any step in the
action" to "protect class members."[3]   The district court's
ruling that the sole named plaintiff no longer had standing
under California law is, certainly, a "step in the action."   And
it is a step that, without some protective measure, would harm

---

[2] Rule 23(d)(1)(A), for example, authorizes a court to issue orders that
"determine the course of the proceedings or prescribe measures to prevent
undue repetition or complication in presenting evidence or argument."
Fed. R. Civ. P. 23(d)(1)(A).

[3] The advisory committee describes the reasons to provide notice
under Rule 23(d) as "non-exhaustive."   *See* Fed. R. Civ. P. 23(d)(2)
advisory committee's note to the 1966 amendment.

class members' interests in at least one significant way.  For example, when a class action is filed, putative class members enjoy a tolling of the statute of limitations until certification is denied or the case is resolved.  *See Am. Pipe & Constr. Co. v. Utah*, 414 U.S. 538, 553–54 (1974).  In an action that has been pending for almost three years, the putative class members' interests in keeping the suit alive would well be jeopardized, absent notice.[4]

The district court thus acted well within its authority by facilitating class counsel's attempts to communicate with absent class members and to notify them of important developments in the lawsuit.  Because the district court's order was a "matter . . . committed to discretion, it cannot be said that [Williams-Sonoma's] right to a particular result is clear and indisputable."  *See Allied Chem. Corp. v. Daiflon, Inc.*, 449 U.S. 33, 36 (1980) (per curiam) (quotation marks omitted).  I would thus deny the petition for a writ of mandamus.  I respectfully dissent.

---

[4] That notice is provided to allow absent class members to intervene or otherwise keep the suit alive is hardly controversial.  *See* Rule 23(d)(1)(B)(iii); Wright & Miller, 7B Fed. Prac. & Proc. Civ. § 1793 (3d ed.) ("Indeed, it has been held that [Rule 23(d)(1)(B)] may be invoked to send notice to putative class members to intervene when the original plaintiff representative moves to strike the class allegations and settle his individual claim or when the class certification is denied."); *see also* 1 Newberg on Class Actions § 2:17 ("Once a class complaint is filed, but certainly following certification, Rule 23 is designed to assure that the rights of absent class members are not prejudiced by the voluntary actions of the representative plaintiff.  Accordingly, when mootness of the named plaintiff's claims occurs after initiation of the suit or certification, the procedures inherent in Rule 23 enable some effort to bolster representation or to find some suitable substitute class representative, following notice to all or part of the class.").