SHEPPARD MULLIN RICHTER & HAMPTON LLP
P. CRAIG CARDON, Cal. Bar No. 168646
ROBERT J. GUITE, Cal. Bar No. 244590
BENJAMIN O. AIGBOBOH, Cal. Bar No. 268531
ALYSSA M. SHAUER, Cal. Bar No. 318359
Four Embarcadero Center, 17th Floor
San Francisco, California 94111-4109
Telephone:      415.434.9100
Facsimile:      415.434.3947
Email:          ccardon@sheppardmullin.com
                rguite@sheppardmullin.com
                baigboboh@sheppardmullin.com
                ashauer@sheppardmullin.com

*Attorneys for Defendants*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| WILLIAM RUSHING and ELIZABETH PERLIN, individually and on behalf of all others similarly situated,<br><br>        Plaintiffs,<br><br>        v.<br><br>WILLIAMS-SONOMA, INC., a Delaware corporation, also d/b/a Williams-Sonoma, Williams-Sonoma Home, and Pottery Barn; WILLIAMS-SONOMA DTC, INC., a California corporation; WILLIAMS-SONOMA ADVERTISING, INC., a California corporation,<br><br>        Defendants. | Case No. 3:16-cv-01421-WHO<br><br>*Assigned to the Hon. William H. Orrick*<br><br>**CLASS ACTION**<br><br>**DEFENDANTS' REPLY IN SUPPORT OF MOTION TO COMPEL ARBITRATION AND DISMISS JUDICIAL PROCEEDING AS TO PLAINTIFF ELIZABETH PERLIN**<br><br>[***Declaration of P. Craig Cardon filed concurrently herewith***]<br><br><u>Hearing</u><br>Date:        September 2, 2020<br>Time:        2:00 p.m.<br>Courtroom:  2<br><br>Complaint Filed:  January 29, 2016<br>Action Removed:  March 23, 2016<br>8AC Filed:       June 5, 2020<br>Trial Date:      None Set |

# TABLE OF CONTENTS

Page

I.    INTRODUCTION ........................................................................................................1

II.   IT IS UNDISPUTED THAT, ABSENT WAIVER BY LITIGATION CONDUCT
      (THERE HAS BEEN NONE), PERLIN'S CLAIMS MUST BE COMPELLED TO
      ARBITRATION ..........................................................................................................2

III.  WSI DID NOT WAIVE BY LITIGATION CONDUCT THE RIGHT TO
      COMPEL PERLIN'S CLAIMS TO ARBITRATION ................................................3

      A.    WSI First Knew Of An Existing Right To Compel Arbitration Of Perlin's
            Claims On June 5, 2020 – The Day That Right Came Into Existence. ...............4

      B.    Perlin Has Not Demonstrate Any Conduct Inconsistent With The "Existing
            Right" To Compel Her Claims To Arbitration ...................................................7

            1.    Pre-June 5, 2020 Conduct Cannot Establish Waiver, As A Matter Of
                  Law, Because There Was No "Existing Right" To Compel
                  Arbitration Until Perlin Joined The Action On June 5, 2020 .......................8

            2.    WSI's Post-June 5, 2020 Conduct Cannot And Does Not Establish
                  Waiver ......................................................................................................10

      C.    Because WSI's "Existing Right" To Compel Arbitration Of Perlin's Claims
            Did Not Arise Until June 5, 2020, There Has Not Been, And Cannot Be,
            Any Prejudice To Perlin ...................................................................................11

IV.   PERLIN'S CLAIMS SHOULD BE DISMISSED OR, IN THE ALTERNATIVE,
      STAYED, AND LEAVE TO AMEND SHOULD NOT BE GRANTED ..........................13

V.    CONCLUSION .......................................................................................................14

# TABLE OF AUTHORITIES

**Page(s)**

Cases

*Aguilera v. Pirelli Armstrong Tire Corp.*
223 F.3d 1010 (9th Cir. 2000)...................................................................................12

*Altela Inc. v. Ariz. Sci. & Tech. Enters. LLC*
2016 U.S. Dist. LEXIS 117370.............................................................................8, 10

*In re Apple & AT&TM Antitrust Litig.*
826 F. Supp. 2d 1168 (N.D. Cal. 2011) .....................................................................4

*Bailey v. Household Fin. Corp. of Cal.*
2011 U.S. Dist. LEXIS 125208 (S.D. Cal. Oct. 28, 2011)........................................12

*Barron v. Deutsche Bank Ag*
2005 U.S. Dist. LEXIS 41639 (C.D. Cal. Mar. 18, 2005) ..........................................6

*Blau v. AT&T Mobility*
2012 U.S. Dist. LEXIS 217 (N.D. Cal. Jan. 3, 2012) .................................................3

*Britton v. Co-op Banking Grp.*
916 F.2d 1405 (9th Cir. 1990).................................................................3, 4, 12, 13

*Brown v. DirecTV, LLC*
2019 U.S. Dist. LEXIS 211854 (C.D. Cal. 2019) .......................................................9

*Buchanan v. Tata Consultancy Servs., Ltd.*
2018 U.S. Dist. LEXIS 122948 (N.D. Cal. July 23, 2018) ........................................12

*In re Checking Account Overdraft Litig.*
780 F.3d 1031 (11th Cir. 2015)..............................................................................6, 7

*Conover v. Dean Witter Reynolds, Inc.*
837 F.2d 867 (9th Cir. 1988)......................................................................................8

*Cox v. Ocean View Hotel Corp.*
533 F.3d 1114 (9th Cir. 2008)....................................................................................8

*Cruson v. Jackson Nat'l Life Ins. Co.*
954 F.3d 240 (5th Cir. 2020)..................................................................................6, 8

*DeVries v. Experian Info. Sols., Inc.*
2017 U.S. Dist. LEXIS 26471 (N.D. Cal. Feb. 24, 2017)...........................................6

*Edwards v. First Am. Corp.*
2012 U.S. Dist. LEXIS 174957 (C.D. Cal. Nov. 30, 2012) .........................................8

**Page(s)**

<u>Cases</u>

*EEOC v. Fry's Elecs., Inc.*
2011 U.S. Dist. LEXIS 20407 (W.D. Wash. Feb. 14, 2011) .......................................7

*Eshagh v. Terminix Int'l Co. Ltd. P'ship*
2012 U.S. Dist. LEXIS 66527 (E.D. Cal. May 10, 2012) ........................................11

*Fisher v. A.G. Becker Paribas Inc.*
791 F.2d 691 (9th Cir. 1986) ....................................................3, 4, 7, 8, 11, 12

*Forby v. One Techs., LP*
2020 U.S. Dist. LEXIS 128913 (N.D. Tex. July 22, 2020) ..................................6, 7

*Gator.Com Corp. v. L.L. Bean, Inc.*
398 F.3d 1125, 1128 (9th Cir. 2005) ...........................................................6

*Gonzalez-Torres v. Zumper, Inc.*
2019 U.S. Dist. LEXIS 124549 (N.D. Cal. July 25, 2019) ......................................3

*Gutierrez v. Wells Fargo Bank N.A.*
889 F.3d 1230 (11th Cir. 2018) .........................................................5, 6, 8, 9

*Hall v. Beals*
396 U.S. 45 (1969) ..............................................................................6

*Henry Schein, Inc. v. Archer & White Sales, Inc.*
139 S. Ct. 524 (2019) ..........................................................................2

*Henry v. Napa Valley Unified*
2016 U.S. Dist. LEXIS 170152 (N.D. Cal. Dec. 8, 2016) ......................................2

*Hooper v. Advance Am. Cash Advance Ctrs. of Mo., Inc.*
589 F.3d 917 (8th Cir. 2009) ...................................................................6

*Jackson v. Aliera Cos.*
2020 U.S. Dist. LEXIS 149772 (W.D. Wash. Aug. 18, 2020) ...........................5, 7, 8

*Kairy v. Supershuttle Int'l*
2012 U.S. Dist. LEXIS 134945 (N.D. Cal. Sept. 20, 2012) .....................................8

*Kelly v. Public Util. Dist. No. 2*
552 Fed. Appx. 663 (9th Cir. 2014) ............................................................6

*Kingsbury v. U.S. Greenfiber, LLC*
2012 U.S. Dist. LEXIS 94854 (C.D. Cal. June 29, 2012) ......................................6

*Laguna v. Coverall North Am., Inc.*
2011 U.S. Dist. LEXIS 81105 (S.D. Cal. July 26, 2011) ......................................5

1

**Page(s)**

<u>Cases</u>

2

3

*Lake Commc'ns, Inc. v. ICC Corp.*
738 F.2d 1473 (9th Cir. 1984)......................................................................................3

4

*Letizia v. Prudential Bache Secur., Inc.*
802 F.2d 1185 (9th Cir. 1986)...................................................................................4, 8

5

6

*Loewen v. Lyft, Inc.*
2015 U.S. Dist. LEXIS 191445 (N.D. Cal. June 12, 2015) ..................................3, 11

7

8

*Martin v. Yasuda*
829 F.3d 1118 (9th Cir. 2016)............................................................................4, 6, 13

9

*MC Asset Recovery LLC v. Castex Energy, Inc.*
613 F.3d 584 (5th Cir. 2010)........................................................................................6

10

11

*McKellar v. Mithril Capital Mgmt. LLC*
2020 U.S. Dist. LEXIS 44080 (N.D. Cal. Mar. 13, 2020) ...............................4, 7, 11

12

*Mora v. Harley-Davidson Credit Corp.*
2012 U.S. Dist. LEXIS 49636 (E.D. Cal. Apr. 6, 2012) .........................................5, 6

13

14

*Morgan v. AT&T Wireless Services, Inc.*
2013 WL 5034436 (Cal. Ct. App. Sept. 13, 2013)........................................................6

15

16

*Nat'l Fed'n of the Blind v. United Airlines Inc.*
813 F.3d 718 (9th Cir. 2016)........................................................................................6

17

*Olivares v. Hispanic Broadcasting Corp.*
2001 U.S. Dist. LEXIS 5760 (C.D. Cal. Apr. 26, 2001)...............................................8

18

19

*Options Nat'l Fertility Registry v. Am. Soc'y for Reprod. Med.*
2009 U.S. Dist. LEXIS 112920 (N.D. Cal. Dec. 4, 2009) .........................................13

20

21

*Plows v. Rockwell Collins, Inc.*
812 F. Supp. 2d 1063 (C.D. Cal. 2011).......................................................................6

22

*Riensche v. Cingular Wireless LLC*
2013 U.S. Dist. LEXIS 34738 (W.D. Wash. Mar. 12, 2013)........................................8

23

24

*Saleh v. Titan Corp.*
353 F. Supp. 2d 1087 (S.D. Cal. 2004) .......................................................................6

25

26

*Sky Sports, Inc. v. Super. Ct.*
201 Cal. App. 4th 1363 (2011).....................................................................................7

27

*Smith v. Bayer Corp.*
564 U.S. 299 (2011) .....................................................................................................8

28

**Page(s)**

<u>Cases</u>

*Swift v. Zynga Game Network, Inc.*
    805 F. Supp. 2d 904 (N.D. Cal. 2011) ........................................................................8

*In re TFT-LCD*
    2011 U.S. Dist. LEXIS 55033 (N.D. Cal. May 9, 2011) ..........................................5, 9

*Van Ness Townhouses v. Mar Indus. Corp.*
    862 F.2d 754 (9th Cir. 1988)......................................................................................6

*Watts v. U.S. Telepacific Corp.*
    No. B277100, 2018 WL 2112134 (Cal. Ct. App. May 8, 2018).................................6

*Wright v. Shock*
    742 F.2d 541 (9th Cir. 1984)....................................................................................12

**Page(s)**

<u>Statutes</u>

9 U.S.C. § 3, 16 ...............................................................................................................13

**Page(s)**

<u>Other Authorities</u>

Fed. R. Civ. P. 15 .............................................................................................................13

Fed. R. Civ. P. 33 ........................................................................................................3, 10

Fed. R. Civ. P. 56 .............................................................................................................9

SMRH:4819-9045-9592.9

1

## I.   <u>INTRODUCTION</u>

2   Because it is undisputed that Perlin agreed to a broad arbitration provision with a broad

3   delegation provision, the *Opposition* presents – in twenty-and-a-half of its twenty-two pages – a

4   single, Hail Mary argument:  that the *Motion* should be denied because WSI waived by litigation

5   conduct its right to compel arbitration of the claims asserted by Perlin for the ***first time*** in the *8AC*

6   in June 2020.   The *Opposition*'s rise-or-fall waiver argument – to which nearly every word is

7   devoted – must fail.

8   Waiver of the right to arbitrate by litigation conduct – which is disfavored – may only be

9   found where there was an ***existing right*** to compel arbitration.   An ***existing right*** to compel

10  arbitration does not arise in a class action until it is clear that (1) the ***named plaintiff*** is subject to an

11  enforceable arbitration agreement (at which point the defendant can move to compel arbitration of

12  that named plaintiff's claims) or (2) a class that includes members subject to enforceable arbitration

13  agreements is ***certified*** (at which point the defendant can move to compel arbitration of the claims

14  of those unnamed members of the ***certified*** class).   There is no dispute that Rushing is not and has

15  never been subject to an arbitration agreement and, despite the *Opposition*'s repeated references to

16  a class, no class has been certified.   Thus, June 5, 2020 – the date on which Perlin joined this case –

17  was the first date on which the right to arbitrate Perlin's (who, up to that point, was merely an

18  unnamed ***putative*** member of an uncertified putative class) claims arose.   WSI filed the *Motion*

19  approximately thirty days later, based on the undisputed – and indisputably broad – agreement to

20  arbitrate Perlin entered into on June 4, 2020.   The *Opposition*'s attempts to obfuscate these basic

21  facts – including with irrelevant, misleading, and sometimes, false assertions about the action's pre-

22  *8AC* procedural history – should be ignored as, among other things, irrelevant.   There has been and

23  could be no waiver because WSI did not have any right to compel Perlin's claims to arbitration until

24  she filed the *8AC* on June 5, 2020.   Perlin's claims ***must*** be compelled to arbitration and either

25  dismissed or stayed in this action.

26

27

28

## II.     IT IS UNDISPUTED THAT, ABSENT WAIVER BY LITIGATION CONDUCT (THERE HAS BEEN NONE), PERLIN'S CLAIMS MUST BE COMPELLED TO ARBITRATION

It is undisputed that:  (1) Perlin agreed to the Terms in 2020 (Dkt, 219 §§ II.B, IV.A; Dkt. 233 at 1:7-10); (2) the Terms contain an arbitration provision (Dkt, 219 § II.C, IV.A; Dkt. 233 at 1:7-10); and (3) the arbitration provision contains a "broad delegation clause" (Dkt. 233 at 1:19-22) that provides that the arbitrator has "the exclusive authority to resolve any dispute relating to the interpretation, applicability, enforceability, or formation" (Dkt, 219 § IV.B; Dkt. 233 at 1:19-22) of the Terms.  Thus, absent a finding that WSI waived its right to arbitrate Perlin's claims by litigation conduct (it did not (Section III *infra*), Perlin's claims **must** be compelled to arbitration.  Dkt. 233 at 21:15-22:13.[1]

The Court can and should ignore Perlin's meaningless purported "reservation of rights" to challenge the applicability and scope of the Terms.  Dkt. 233 at 1:21-22, n.1, 10:4-5, n.7.  The *Opposition* cites no legal basis for this purported "reservation" to further oppose the already-filed (and opposed to) *Motion*.  *See Henry v. Napa Valley Unified*, 2016 U.S. Dist. LEXIS 170152, at *11 (N.D. Cal. Dec. 8, 2016) ("[F]ailure to address in an opposition arguments raised in an opening motion…constitutes waiver or concession of the argument.").   Moreover, the *Opposition*'s irrelevant, misleading, and sometimes, false assertions about discovery (*see*, *e.g.*, Dkt. 233 at 9:1-27, 15:7-22) do not and cannot support Perlin's purported "reservation." *See Evidentiary Objections to Declarations of Amber Eck and Leonard W. Aragon* (submitted concurrently herewith) ("*Evidentiary Objections*").[2]  The Court provided Perlin with the chance to seek relief from the

---

[1]  Although the *Opposition* contends – in the single page not devoted to purported waiver – that the arbitrator "is almost certain to return the case to this Court" based on its incorrect (*see* Dkt. 219 § IV.C) contention that it is "facially implausible that class members' claims, pending since 2016 in federal court, are now subject to arbitration" (Dkt. 233 at 21:15-22:13), it does not dispute that these issues must be decided by the arbitrator.  This is because it cannot.  *See Henry Schein, Inc. v. Archer & White Sales, Inc.*, 139 S. Ct. 524, 529 (2019) (where arbitrability issues delegated to arbitrator "a court possesses no power to decide the…issue…even if the court thinks that the argument that the arbitration agreement applies to a particular dispute is wholly groundless").

[2]  WSI cannot and need not respond to each and every misstatement, but notes that:  (1) Rushing never served any document requests seeking the publicly-available arbitration agreements or sought to depose WSI about them during class discovery (*Declaration of P. Craig Cardon* ("*Cardon*

1    Court if the "parties are not able to reach an agreement" about discovery "Plaintiffs require…in

2    support of their response" to the *Motion* by filing a joint discovery letter by August 14, 2020.  Dkt.

3    228.  Plaintiffs did not provide WSI with, or file, any such letter –  because the discovery was not

4    necessary for the response[3] (*Cardon Decl.* ¶ 9, Ex. H) – and cannot use their failure to do so to

5    justify some baseless "reservation of rights."[4]

6    ### III.    WSI DID NOT WAIVE BY LITIGATION CONDUCT THE RIGHT TO COMPEL PERLIN'S CLAIMS TO ARBITRATION

7          "Because waiver of the right to arbitration is disfavored, any party arguing waiver of

8    arbitration bears a heavy burden of proof."  *Fisher v. A.G. Becker Paribas Inc.*, 791 F.2d 691, 694

9    (9th Cir. 1986); *see Britton v. Co-op Banking Grp.*, 916 F.2d 1405, 1412 (9th Cir. 1990); *Lake

10   Commc'ns, Inc. v. ICC Corp.*, 738 F.2d 1473, 1477 (9th Cir. 1984).  "A party seeking to prove

11   waiver of a right to arbitration must demonstrate: (1) knowledge of an existing right to compel

12   arbitration; (2) acts inconsistent with that existing right; and (3) prejudice to the party opposing

---

14   *Decl.*") ¶¶ 2, 3, 5, Exs. A, B, D); (2) WSI responded and objected to the sole interrogatory served by Rushing related to the WSI's pled arbitration agreement defense and the publicly-available

15   arbitration agreements on the grounds that, *inter alia*, it exceeded the numerical limit set by Fed. R.

16   Civ. P. 33, and Rushing never sought to compel a further response or sought authorization to exceed the limit by demonstrating "good cause" to the Court (*id*. ¶ 4, Ex. C); (3) Rushing's counsel

17   confirmed it had, at least, certain of the publicly-available arbitration agreements at the June 2018 summary judgment hearing – including the "post-2016 Terms that added, for the first time, an

18   arbitration clause, class action waiver, and *choice of law clause*" (*Opp*. at 9:2-3 (emphasis in original); *see also* ¶ 6, Ex. E at 10:19-11:20); and (4) WSI offered – after it filed the *Motion*, as a

19   courtesy (because Plaintiffs were not and are not entitled to discovery at this point (*see* Dkt. 240)),

20   and without waiver of it rights and arguments) – to provide the copies of versions of the terms going back to 2011 and stipulate to certain facts, and Plaintiffs rejected this offer (Dkt. 233-1, Ex. A;

21   *Evidentiary Objections*.

22   [3] Discovery on a motion to compel arbitration is not proper unless plaintiff 'unequivocally den[ies]

23   assent" to the contract that contains the arbitration provision.  *Loewen v. Lyft, Inc.*, 2015 U.S. Dist. LEXIS 191445, at **8-9 (N.D. Cal. June 12, 2015); *see also Gonzalez-Torres v. Zumper, Inc.*, 2019

24   U.S. Dist. LEXIS 124549, at **6-7 (N.D. Cal. July 25, 2019); *Blau v. AT&T Mobility*, 2012 U.S. Dist. LEXIS 217, at *3 (N.D. Cal. Jan. 3, 2012).  Since Perlin did not and could not deny such assent

25   here, no discovery was necessary.  *See* Dkt. 240.

26   [4] Nor can Perlin or her counsel use their improper attempts to turn statements made by WSI's counsel in informal meet and confer correspondence into party admissions or evidence of WSI's

27   conduct (Dkt. 233 at 13:23-28; *see also Evidentiary Objections*) as a purported basis for Perlin's belated and improper request for "leave to conduct discovery regarding the issues raised in the Motion

28   to Compel."  Dkt. 233 at 13:23-28; *see also* Dkt. 240.   If Perlin needed admissible evidence to support the *Opposition* she should have filed the required joint discovery letter.  She did not.

1   arbitration resulting from such inconsistent acts."  *Fisher*, 791 F.2d at 694; *Britton*, 916 F.2d at

2   1412.

3        Although the arbitrability defense of waiver by litigation conduct is typically decided by the

4   court (*see, e.g.*, *Martin v. Yasuda*, 829 F.3d 1118, 1125 (9th Cir. 2016)), an arbitration agreement

5   may delegate determination of whether the right to compel arbitration is waived by litigation

6   conduct to the arbitrator.  *See* Dkt. 233 at 10:9-12:17.  It remains an open question in this Circuit

7   exactly what language is required for an arbitration clause to delegate the question of waiver by

8   litigation conduct to an arbitrator.  For example, courts have found that incorporation of the rules of

9   the American Arbitration Association (as the Terms do here) is sufficient to delegate waiver by

10  litigation conduct to the arbitrator.  *McKellar v. Mithril Capital Mgmt. LLC*, 2020 U.S. Dist. LEXIS

11  44080, at **15-16 (N.D. Cal. Mar. 13, 2020).  Nonetheless, regardless of whether the Court or an

12  arbitrator decides waiver, the result ***must*** be the same – WSI did not waive its right to compel

13  arbitration of Perlin's claims.

14       The *Opposition* presents a single issue that must be considered to determine whether WSI

15  waived its right to compel arbitration of Perlin's claims:  ***when did the right to compel arbitration***

16  ***come into existence?***  The only answer to this question is June 5, 2020, the date on which Perlin

17  first joined the action by filing the *8AC*.  Before the right to compel arbitration came into existence

18  on that date, WSI could not have compelled arbitration and, therefore, could not have waived the

19  right to do so.  This result is inescapable once the requirements for waiver are scrutinized.

20  **A.     WSI First Knew Of An Existing Right To Compel Arbitration Of Perlin's Claims On
June 5, 2020 – The Day That Right Came Into Existence.**

21

22       First, the Court must determine whether WSI had knowledge of an existing right to arbitrate.

23  *Fisher*, 791 F.2d at 694.  Where there is ***no existing right*** to arbitrate, there can be no waiver.  *Letizia*

24  *v. Prudential Bache Secur., Inc.*, 802 F.2d 1185, 1187 (9th Cir. 1986) ("there could be no waiver

25  here because there was no existing right to arbitration"); *Fisher*, 791 F.2d at 694-95; *In re Apple &*

26  *AT&TM Antitrust Litig.*, 826 F. Supp. 2d 1168, 1173 (N.D. Cal. 2011) ("there can be no waiver of

27  the right to arbitration" where "there was 'no existing right to arbitration'") (internal citations

28

1  omitted).  Here, WSI could not have known of an **existing right** to compel arbitration **because that**

2  **right did not exist until Perlin filed the 8AC on June 5, 2020**.

3        In a class action, a right to compel arbitration only exists where (1) a **named plaintiff** is

4  subject to an arbitration provision, in which case a defendant can compel arbitration as to the named

5  plaintiff, or (2) there is a **certified class** that includes members subject to an arbitration provision,

6  in which case a defendant can compel arbitration as to those unnamed members of the **certified**

7  **class**.  *See*, *e.g.*, *Gutierrez v. Wells Fargo Bank N.A.*, 889 F.3d 1230, 1239 (11th Cir. 2018) (no right

8  to compel unnamed putative class members claims to arbitration prior to class certification); *Jackson*

9  *v. Aliera Cos.*, 2020 U.S. Dist. LEXIS 149772, at **11-14 (W.D. Wash. Aug. 18, 2020) (no

10  "existing right" to compel putative class members' claims to arbitration until those putative class

11  members were "named as parties in th[e] action" in an amended complaint); *Laguna v. Coverall*

12  *North Am., Inc.*, 2011 U.S. Dist. LEXIS 81105, *22 (S.D. Cal. July 26, 2011) ("Defendants cannot

13  move to compel arbitration against putative class members prior to certification of a class."); *In re*

14  *TFT-LCD*, 2011 U.S. Dist. LEXIS 55033, at *29 (N.D. Cal. May 9, 2011) (no existing right to

15  compel putative class members' claims to arbitration prior to class certification).[5]  The proposed

16  advisory process that the unanimous panel rejected in *Gutierrez* is precisely the process that Perlin

17  now suggests WSI should have undertaken to avoid waiver here.[6]  Any pre-certification motion to

18

19

20

21

22

23

---

24  [5]  Although not yet relevant here because it is undisputed that no class has been certified, courts
routinely find that the right to compel arbitration is not waived until (1) a class has been certified

25  **and** (2) any period during which class members may opt out of the certified class has expired.  *In*

26  *re TFT-LCD*, 2011 U.S. Dist. LEXIS 55033, at *29; *Mora v. Harley-Davidson Credit Corp.*, 2012
U.S. Dist. LEXIS 49636, at *47 (E.D. Cal. Apr. 6, 2012).

27  [6]  Plaintiffs' counsel's firm, Hagens Berman, was counsel of record in *Gutierrez* and therefore was

28  presumably aware of this holding, though it declined to cite *Gutierrez* in the *Opposition*.

compel arbitration as to unnamed putative class members (including Perlin) would thus be a futile attempt to obtain an impermissible advisory opinion.[7]  Perlin cites no contradictory authority.[8]

And this rule makes sense – before a class is certified, unnamed putative class members are "not parties to the action" (*Saleh v. Titan Corp.*, 353 F. Supp. 2d 1087, 1091 (S.D. Cal. 2004)), have no "claims…at issue" (*Mora*, 2012 U.S. Dist. LEXIS 49636, at \*47), and are not subject to the Court's "jurisdiction" and "beyond the reach of the Court's power" (*Gutierrez*, 889 F.3d at 1238).  *See also Cruson*, 954 F.3d at 251; *In re Checking Account Overdraft Litig.*, 780 F.3d at 1037 (even where defendant waived enforcement of arbitration agreement against named plaintiffs, court had

---

[7]  *See*, *e.g.*, *Nat'l Fed'n of the Blind v. United Airlines Inc.*, 813 F.3d 718, 746 (9th Cir. 2016) ("[F]ederal courts do not have authority to issue advisory opinions."); *In re Checking Account Overdraft Litig.*, 780 F.3d 1031, 1037 (11th Cir. 2015) ("Absent class certification, there is no justiciable controversy between [defendant] and the unnamed putative class members.  Furthermore, because the unnamed putative class members are not yet before the court, any claims that they might have against [defendant] necessarily exist only by hypothesis.  In the absence of both live claims and cognizable plaintiffs, the District Court's pronouncement purporting to definitively foreclose the arbitration of the hypothetical claims that might be raised in the future by hypothetical plaintiffs cannot be regarded as anything but an impermissible 'advisory opinion[] on [an] abstract proposition[] of law.'") (quoting *Hall v. Beals*, 396 U.S. 45, 48 (1969)); *Forby v. One Techs., LP*, 2020 U.S. Dist. LEXIS 128913, at \*\*25-26 (N.D. Tex. July 22, 2020) (a motion seeking "compel arbitration…absent class members" seeks "'an impermissible advisory opinion on an abstract proposition of law.'" (quoting *Cruson v. Jackson Nat'l Life Ins. Co.*, 954 F.3d 240, 251 (5th Cir. 2020)); *Barron v. Deutsche Bank Ag*, 2005 U.S. Dist. LEXIS 41639, at \*4-5 (C.D. Cal. Mar. 18, 2005) (court properly declined to consider merits of argument that putative class members' claims should be compelled to arbitration because such an opinion would 'run[] squarely afoul of the Supreme Court's admonition to avoid advisory opinions on abstract propositions of law.'") (quoting *Gator.Com Corp. v. L.L. Bean, Inc.*, 398 F.3d 1125, 1128 (9th Cir. 2005)).

[8]  Rather, in the cases cited by Perlin where waiver is found, the named plaintiff throughout the course of litigation was subject to an arbitration agreement.  *See, e.g.*, *Martin*, 829 F.3d at 1125; *Kelly v. Public Util. Dist. No. 2*, 552 Fed. Appx. 663, 664 (9th Cir. 2014); *MC Asset Recovery LLC v. Castex Energy, Inc.*, 613 F.3d 584, 591 (5th Cir. 2010); *Hooper v. Advance Am. Cash Advance Ctrs. of Mo., Inc.* 589 F.3d 917, 923 (8th Cir. 2009); *Van Ness Townhouses v. Mar Indus. Corp.*, 862 F.2d 754 (9th Cir. 1988); *Plows v. Rockwell Collins, Inc.*, 812 F. Supp. 2d 1063, 1067-68 (C.D. Cal. 2011); *DeVries v. Experian Info. Sols., Inc.*, 2017 U.S. Dist. LEXIS 26471, at \*31 (N.D. Cal. Feb. 24, 2017).  The same is true in the unpublished, non-binding California Court of Appeal decisions Perlin cites.  *See Morgan v. AT&T Wireless Services, Inc.*, 2013 WL 5034436, at \*4-7 (Cal. Ct. App. Sept. 13, 2013) (applying California arbitration law); *Watts v. U.S. Telepacific Corp.*, No. B277100, 2018 WL 2112134, at \*4-5 (Cal. Ct. App. May 8, 2018) (same).  Often, in addition, the class had already been certified.  *See, e.g.*, *Kingsbury v. U.S. Greenfiber, LLC*, 2012 U.S. Dist. LEXIS 94854, \*5 (C.D. Cal. June 29, 2012).

1   no Article III jurisdiction to consider motion to compel arbitration as to unnamed plaintiffs prior to

2   certification of a class); *Jackson*, 2020 U.S. Dist. LEXIS 149772, at **11-14; *Forby, LP*, 2020 U.S.

3   Dist. LEXIS 128913, at **25-26 ; *Sky Sports, Inc. v. Super. Ct.*, 201 Cal. App. 4th 1363, 1369

4   (2011).

5           Rushing – the sole named plaintiff until June 5, 2020 – is irrelevant to this analysis because

6   he never agreed to arbitrate claims with WSI and WSI had no basis to move to compel arbitration

7   of his claims.  *See generally EEOC v. Fry's Elecs., Inc.*, 2011 U.S. Dist. LEXIS 20407, at *10 (W.D.

8   Wash. Feb. 14, 2011) (defendant is "not required to, nor could it, demand arbitration" if initial

9   plaintiff is "not a party to the arbitration agreement and therefore could not be compelled to arbitrate

10  under the FAA," and, thus, does not waive arbitration as to later-joined plaintiff).  WSI has never

11  had any right to seek to compel Rushing's claims to arbitration.  A motion to compel arbitration as

12  to Rushing thus would have been futile.[9]

13          Accordingly, any earlier motion to compel arbitration – whether as to Rushing or unnamed

14  putative class members (including Perlin) – would have been futile in practice and as a matter of

15  law.  The right to compel arbitration of Perlin's (or anyone else's) claims did not exist until June 5,

16  2020.

17  **B.    Perlin Has Not Demonstrate Any Conduct Inconsistent With The "Existing Right" To Compel Her Claims To Arbitration**

18
19          As an initial matter, because WSI had no knowledge of an existing right to compel arbitration

20  prior to the filing of the *8AC*, the Court need not reach this element of the *Fisher* test.  *See McKellar*

21  *v. Mithril Capital Mgmt. LLC*, 2020 U.S. Dist. LEXIS 44080, at *17 (N.D. Cal. Mar. 13, 2020).

22
23
24
25  _____

26  [9]  Even if Rushing were subject to an arbitration agreement – and it is undisputed that he is not – a failure to move to compel ***Rushing's*** claims to arbitration would not waive WSI's right to compel

27  Perlin's newly-asserted claims to arbitration.  *See*, *e.g.*,  *In re Checking Account Overdraft Litig.*, 780 F.3d at 1037; *Forby*, 2020 U.S. Dist. LEXIS 128913, at *26 ("[T]hat Defendants waived their

28  right to compel Plaintiff to arbitrate her claims has no bearing on whether they can compel the absent class members.").

1        **1.      Pre-June 5, 2020 Conduct Cannot Establish Waiver, As A Matter Of Law,**
2        **Because There Was No "Existing Right" To Compel Arbitration Until Perlin**
         **Joined The Action On June 5, 2020.**

3        Because there was no "existing right" to compel Perlin's claims to arbitration until she filed

4   the *8AC*, WSI ***could not*** have engaged in acts inconsistent with that right before June 5, 2020.  *See*,

5   *e.g.*, *Gutierrez*, 889 F.3d at 1238-39; *Altela Inc. v. Ariz. Sci. & Tech. Enters. LLC*, 2016 U.S. Dist.

6   LEXIS 117370, at *18 n.4 (cited by Perlin) (where defendant "had no 'existing right to compel

7   arbitration,'…it could not have taken action inconsistent with such a right."); Section III.A *supra*.[10]

8   Thus, contrary to Perlin's contentions, WSI ***could not*** have sought to "strike, dismiss, [or] compel"

9   her claims prior the filing of the *8AC*.[11]  Dkt. 233 at 14:13-15:22.  Similarly, WSI could not move

10  to compel Perlin's claims to arbitration prior to the filing of the *8AC* (or when a class of which she

11  was a member was certified (and none was)).  *Jackson*, 2020 U.S. Dist. LEXIS 149772, at **12-

12  13.[12]  Indeed, "it would have been impossible in practice to compel arbitration against speculative

13

_____

14  [10]  Indeed *Cox*, cited by Perlin, suggests that litigation acts cannot be inconsistent with the right to
15  compel arbitration when a defendant subjectively believes that the right to compel arbitration is not
    yet ripe.  *Cox v. Ocean View Hotel Corp.*, 533 F.3d 1114, 1125 (9th Cir. 2008) ("given [defendant's]
16  understanding that the dispute was not yet ripe for arbitration, it is at least a debatable proposition
    'whether [defendant's] actions [were] inconsistent with the right to arbitrate'").

17  [11]  *Letizia*, 802 F.2d at 1187; *Fisher*, 791 F.2d at 694-95; *see also Conover v. Dean Witter Reynolds,*
18  *Inc.*, 837 F.2d 867, 868 (9th Cir. 1988) (no waiver where "earlier motion to compel would have
    been futile"); *Swift v. Zynga Game Network, Inc.*, 805 F. Supp. 2d 904, 914 (N.D. Cal. 2011) (same);
19  *Riensche v. Cingular Wireless LLC*, 2013 U.S. Dist. LEXIS 34738, at *12 (W.D. Wash. Mar. 12,
    2013) ("case law in this Circuit holds that where a motion to compel arbitration would be futile,
20  failure to make such a motion does not constitute waiver"); *Kairy v. Supershuttle Int'l*, 2012 U.S.
    Dist. LEXIS 134945, at *12 (N.D. Cal. Sept. 20, 2012) (no waiver where party promptly moves to
21  enforce arbitration as soon as it becomes clear that arbitration agreement is enforceable); *Olivares*
    *v. Hispanic Broadcasting Corp.*, 2001 U.S. Dist. LEXIS 5760, at *1 (C.D. Cal. Apr. 26, 2001)
22  ("delayed filing" of motion to compel "does not constitute waiver because it was the first
    opportunity…to file such a motion").  Similarly, WSI did not waive arbitration by failing to defend
23  based on the affirmative defense, as Perlin suggests; rather, that it raised arbitration agreements as
24  an affirmative defense assists in preserving the right to later enforce the arbitration.  *See Edwards*
    *v. First Am. Corp.*, 2012 U.S. Dist. LEXIS 174957, at *32 (C.D. Cal. Nov. 30, 2012) (cited by
25  Perlin); Dkt. No. 83 at 42, ¶ 13.

26  [12]  "To rule that [defendant] was required, on pain of waiver, to raise a personal jurisdiction objection
27  against … putative class members would validate 'the novel and surely erroneous argument that a
    nonnamed class member is a party to the class-action litigation *before the class is certified*.'"
28  *Cruson*, 954 F.3d at251 (5th Cir. 2020) (quoting *Smith v. Bayer Corp.*, 564 U.S. 299, 310 (2011))

plaintiffs" (including Perlin) "and jurisdictionally impossible for the District Court to rule on those motions before" Perlin filed the *8AC* or a "class was certified." *Gutierrez*, 889 F.3d at 1238 (rejecting argument that defendant's "failure to seek arbitration with unnamed class members prior to class certification manifested inconsistency with its arbitration rights" because "any plaintiffs beyond those named in the complaint are speculative and beyond the reach of the Court's power"); *see also In re TFT-LCD*, 2011 U.S. Dist. LEXIS 55033, at *29.  Given this, it is not surprising that the *Opposition* does not cite a single authority demonstrating that WSI could have undertaken any of these hypothetical and speculative actions before the *8AC* was filed.  Dkt. 233 at 14:24-15:6.[13]  These speculative and hypothetical actions would have been – in Plaintiffs' counsel's words when describing the *Motion* to the press – "frivolous."  *Cardon Decl.* ¶ 8, Ex. G.  The current *Motion*, however, is not.

Because litigation conduct before Perlin filed the *8AC* cannot establish waiver of WSI's right to arbitrate her claims, *as a matter of law*, the Court should not consider – and WSI need not respond to – the *Opposition*'s repetitive, irrelevant, misleading and, sometimes, false assertions about WSI's pre-June 2020 litigation conduct.  Dkt. 233 at 9:1-27. 15:7-22, 18:22-19:6; Section II *supra*.  Although irrelevant, these assertions demonstrate that, unfortunately, the Court must scrutinize each

---

(emphasis in original); *see also Brown v. DirecTV, LLC*, 2019 U.S. Dist. LEXIS 211854, at *5 (C.D. Cal. 2019) (defendant's "supposed delay in asserting an arbitration defense" before the class was certified "does not amount to conduct inconsistent with its right to compel arbitration"); *In re TFT-LCD*, 2011 U.S. Dist. LEXIS 55033.

[13]  For example, the *Opposition* does not establish any basis on which WSI could file a motion to dismiss claims of unnamed and unidentified putative class members, particularly when Rushing was not subject to an arbitration provision and none of the complaints included allegations establishing the existence of one.  Nor does the *Opposition* offer any support for its contention that WSI could have sought summary judgment "on Rushing's right to assert claims on behalf of [putative] class members subject to arbitration" (Dkt. 233 at 15:1-4) – a contention that attempts to transform a certification issue into a summary judgment one, and is contrary to the plain language of Fed. R. Civ. P. 56.  Rushing would have, of course, vigorously opposed WSI's attempts to seek to have the arbitrability of unnamed and unidentified putative class member's claims determined in these ways.  And, as set forth above, the Court could not have ruled on them.

and every statement from Plaintiffs' and their counsel (who have apparently decided to make themselves fact witnesses in this case). *See*, *e.g.*, Section II *supra*; *Evidentiary Objections*.[14]

### 2.   WSI's Post-June 5, 2020 Conduct Cannot And Does Not Establish Waiver

Perlin does not contend that conduct after she filed the *8AC*, alone, serves to waive WSI's right to compel Perlin's claims to arbitration. Dkt. 233 at 14:1-17:18. Nor could she. Perlin filed the *8AC* on June 5, 2020. Dkt. 217.[15] WSI filed the *Motion to Compel* on July 8, 2020 seeking a stay or dismissal. Dkt. 219. This could never constitute waiver. *See Altela*, 2016 WL 4539949, at **17-18 (cited by Perlin) (plaintiff failed to meet heavy burden to establish waiver from unreasonable delay where defendant moved to compel arbitration within one month of being served with operative complaint).

Contrary to Perlin's contentions (Dkt. 233 at 17:3-14), the fact that WSI filed its *Motion to Dismiss* on July 6, 2020 (Dkt. 218) – as required by the Court in the *Civil Minutes* of the April 23, 2020 case management conference (Dkt. 212) – is not an act inconsistent with the right to arbitrate

---

[14] By way of example, the *Opposition*'s contention that WSI "failed to respond to specific and direct discovery asking for all agreements" including "agreements to arbitrate" (Dkt. 233 at 15:20-22; *see also* Dkt. 233-2 ¶ 17) is false. Section II *supra*; *Evidentiary Objections*; *see also* Dkt. 240. Not only did Rushing not serve any document requests (including the single request for "communications" Perlin now claims sought "agreements to arbitrate" (*compare* Dkt. 233 at 15:24-28 *with* Dkt. 233-2 ¶ 14, Ex. B (Request for Production No. 12)) for, or deposition notices with topics about, the publicly-available arbitration agreements or WSI's pled defense based on them, WSI **responded** and **objected** to the sole interrogatory Rushing served related to its arbitration defense, and Rushing never moved to compel or sought leave to exceed Fed. R. Civ. P. 33's numerical limit. Section II *infra*; *Cardon Decl.* ¶¶ 2-5, Exs. A-D. Rushing likely never sought to do so – or even request production of the arbitration agreements – because, as his counsel confirmed during the June 2018 summary judgment hearing, **he already the publicly-available terms** with the arbitration provision (*Cardon Decl.* ¶ 6, Ex. E at 10:19-11:20). Tellingly, despite claiming, repeatedly, that WSI did not "disclose" the publicly-available terms, neither the *Aragon Declaration* nor the *Eck Declaration* asserts that Perlin or her counsel **do not have them**. Dkt. 233-1; Dkt. 233-2.

[15] Rushing never indicated before June 5, 2020 that Perlin would attempt to serve as a class representative including in the *Fifth Joint Case Management Statement* filed on April 16, 2020 (in which Rushing's counsel "avow[ed] that it already ha[d]" an unidentified "California class representative") or at the April 23, 2020 case management conference during which the Court set WSI's deadline to answer or move to dismiss the *8AC*. Dkt. 209; *Cardon Decl.* ¶ 7, Ex. F.

that arose on June 5, 2020. The *Motion to Dismiss* and *Motion*, filed 48 hours apart,[16] were originally (and remain) noticed for hearing at the same time, and, should the Court grant the *Motion* (as it should), the issues raised on the *Motion to Dismiss* will be decided by the arbitrator. The *Opposition* cites no authority the demonstrates that mere filing of a court-ordered motion to dismiss, that is set to be heard at the same time as a motion to compel arbitration filed immediately after the right to do so arose, is an act inconsistent with the existing right to arbitrate, let alone one that is sufficient to satisfy Perlin's heavy burden of demonstrating that the disfavored waiver by litigation conduct defense to arbitrability applies. *See* Dkt. 233 at 16:14-17:14; *see also Eshagh v. Terminix Int'l Co. Ltd. P'ship*, 2012 U.S. Dist. LEXIS 66527, at **12-14 (E.D. Cal. May 10, 2012). The *Opposition* identifies no other conduct after June 5, 2020 that it contends to serve WSI's right to arbitrate Perlin's claims. Dkt. 233 at 17:3-14.[17] There is none.

**C.** **Because WSI's "Existing Right" To Compel Arbitration Of Perlin's Claims Did Not Arise Until June 5, 2020, There Has Not Been, And Cannot Be, Any Prejudice To Perlin**

The *Opposition* does not prove that WSI acted inconsistently with the "existing right" to compel arbitration since that right arose on June 5, 2020. Sections III.A-B *supra*. This, alone, establishes that the *Motion* must be granted. *See McKellar*, 2020 U.S. Dist. LEXIS 44080, at *17. Nonetheless, even if the Court were to consider the third prong of the *Fisher* test, there has been no

---

[16]  The two motions were not filed on the same day only because the then-existing COVID-related lockdown (keeping WSI employees out of the office) delayed obtaining signatures. In any event, the *Motion* was timely and will be heard together with the *Motion to Dismiss*.

[17]  This includes the post-June 5, 2020 "discovery" that the *Opposition* misrepresents. Dkt. 233 at 9:1-27, 15:7-22, 18:22-19:6; *see also* Section II *infra*; *Evidentiary Objections*. Because the *Opposition* repeatedly and falsely asserts that WSI "refuse[s] to disclose…the relevant post-2016 Terms" (Dkt. 233 at 9:2-4; Dkt. 233-1 ¶ 4), WSI feels compelled to reiterate that it offered to produce the terms going back to 2011, despite noting Perlin was not entitled to ***any*** discovery related to the *Motion* because she had not (and still has not) "'unequivocally den[ied] [her] assent' to the" terms at issue. Dkt. 233-1, Ex. A at 11 (quoting *Loewen*, 2015 U.S. Dist. LEXIS 191445, at **16-17). Perlin rejected this offer, served improper discovery, and sought an extension of the time to respond to the *Motion* based in large part on her purported need for this discovery (Dkt. 225; Dkt. 233-1, Ex. A.) – but then failed to submit the joint discovery letter the Court authorized (Dkt. 228) when WSI confirmed (yet again) that the discovery was improper. Section II *supra*; *Cardon Decl.* ¶ 9, Ex. H; *see also* Dkt. 240.

1    prejudice to Perlin, and certainly not the type of prejudice that satisfies Perlin's heavy burden of

2    proving that WSI has waived its right to arbitrate her claims.

3         Litigation conduct prior to June 5, 2020 is irrelevant for purposes of determining prejudice

4    to Perlin.  First, prejudice sufficient to constitute waiver must result from acts inconsistent with the

5    *existing right* to arbitrate.  *Fisher*, 791 F.2d at 694.  There was no *existing right* to arbitrate Perlin's

6    claims until she filed the *8AC* on June 5, 2020.  Section III.A *supra*.  Second, only prejudice to the

7    party opposing arbitration may be considered in determining whether the right to arbitrate has been

8    waived.  *Fisher*, 791 F.2d at 694.  Arbitration is only sought as to Perlin's (not Rushing's) claims.[18]

9    *See* Dkt. 219 at 1:22-23.[19]  WSI did not engage in any litigation conduct with Perlin before she

10   joined this action on June 5, 2020.

11        The *Opposition* does not identify any prejudice in the now approximately 80 days since

12   Perlin filed the *8AC* (and the right to compel Perlin's claims to arbitration first arose) or 49 days

13   since WSI filed the *Motion* (a period repeatedly extended by ***Perlin's*** unilateral requests for more

14   time).  Nor could it.  It attempts to claim prejudice ***sufficient to support waiver*** based on Plaintiffs'

15   new counsel's review of filings – or Plaintiffs' service of initial disclosures or improper discovery

16   requests (actions likely undertaken in a misguided attempt to establish prejudice) – are meritless.

17   Dkt. 233 at 19:10-24; *see also* Dkt. 240.  At its core, the *Opposition*'s fruitless attempt to

18   demonstrate post-*8AC* prejudice ignores that a party that attempts to avoid a contractual duty to

19   arbitrate bears the risk that a motion to compel arbitration will be successful.  *Britton*, 916 F.2d at

20   1413.  The expenses a plaintiff – including Perlin – incurs in pursuing litigation, rather than

---

22   [18]  Similarly, there can be no finding of prejudice to the putative class members, who are not yet
     parties to the action and whose claims are not barred by *res judicata* before a class is certified.

23   *Aguilera v. Pirelli Armstrong Tire Corp.*, 223 F.3d 1010, 1013 n.1 (9th Cir. 2000) (citing *Wright v.
     Shock*, 742 F.2d 541, 544 (9th Cir. 1984)) ("When a motion is maintained against an uncertified

24   class, only the named plaintiffs are affected by the ruling. There is no res judicata effect as to
     unnamed members of the purported class"); *Bailey v. Household Fin. Corp. of Cal.*, 2011 U.S. Dist.

25   LEXIS 125208, at **10-11 (S.D. Cal. Oct. 28, 2011) (no prejudice putative class members because

26   "there has been no class certified in this case").

27   [19]  Regardless, litigation against Rushing, who did not agree to arbitrate but was on notice of
     arbitration agreements with putative unnamed class members, would not establish prejudice even if

28   the class had already been certified. *Buchanan v. Tata Consultancy Servs., Ltd.*, 2018 U.S. Dist.
     LEXIS 122948, at *18 (N.D. Cal. July 23, 2018).

1    arbitration, of her claims, therefore, cannot serve as a basis for a finding of prejudice, and certainly

2    not the type of prejudice that would give rise to waiver of WSI's right to arbitrate.  *Id.* ("it was

3    appellees who refused to arbitrate, and the costs they incurred in pursuing litigation should not count

4    against [defendant's] effort to avoid litigation"); *see also Martin*, 829 F.3d at 1126  ("To prove

5    prejudice, plaintiffs must show more than 'self-inflicted' wounds that they incurred as a direct result

6    of suing in federal court contrary to the provisions of an arbitration agreement").

7    **IV.    PERLIN'S CLAIMS SHOULD BE DISMISSED OR, IN THE ALTERNATIVE,
         STAYED, AND LEAVE TO AMEND SHOULD NOT BE GRANTED**

8
         WSI seeks dismissal of Perlin's claims because she concedes that she has agreed to the
9
     Terms, which include a class action waiver as well as mandatory arbitration agreement.  In the
10
     alternative, WSI requests the Court stay Perlin's claims in this litigation pending the outcome of
11
     arbitration.  *See* 9 U.S.C. § 3, 16.
12
         Whether the Court dismisses or stays Perlin's claims, it should not allow counsel leave to
13
     amend to add a class representative who is not subject to an arbitration agreement (and presumably
14
     is a California purchaser).  Dkt. 233. at 2:10-16, 22:17-18.  Neither Perlin nor her counsel has
15
     properly moved for leave to amend or addressed the factors necessary to consider such a request
16
     (*see*, *e.g.*, Fed. R. Civ. P. 15; *Options Nat'l Fertility Registry v. Am. Soc'y for Reprod. Med.*, 2009
17
     U.S. Dist. LEXIS 112920, at **4-5 (N.D. Cal. Dec. 4, 2009)), and the *Opposition* cites no authority
18
     that supports granting such leave based on a conclusory request in an opposition to a motion to
19
     compel arbitration.[20]  It has now been approximately 55 months since Rushing filed this action, 22
20
     months since the Court found he cannot pursue California claims, three months since Plaintiffs filed
21
     the *8AC* (following a year of Ninth Circuit proceedings in which WSI prevailed), and two months
22
     since WSI filed the *Motion*.  As the Court stated during the April 23, 2020 case management
23
     conference, "four years is quite a long time to locate what plaintiff you want…. I think you'll have
24
     to deal with the case that you have."  *Cardon Decl.* ¶ 7, Ex. F at 5:17-6:13.  The Court was right.
25

26

27   ───────────────
     [20]  An order granting leave to amend to add a new class representative – and there is no evidence
28   that there currently is one – would not change that fact that Perlin's claims must be compelled to
     arbitration.

1    Perlin's claims should be compelled to arbitration, her claims in this action dismissed or stayed, and

2    her improper attempt to seek leave to amend denied.

3                                    **V.**    **CONCLUSION**

4             For the reasons set forth in the *Motion* and herein, WSI respectfully requests the Court

5    compel the claims asserted by Perlin in the *8AC* to arbitration, and dismiss or, in the alternative, stay

6    Perlin's claims in this action.

7    Dated:  August 26, 2020                    SHEPPARD MULLIN RICHTER & HAMPTON LLP

8                                           By    _____

9                                                         */s/ P. Craig Cardon*
                                                         P. CRAIG CARDON
10                                                        ROBERT J. GUITE
                                                    BENJAMIN O. AIGBOBOH
11                                                      ALYSSA M. SHAUER

12                                               *Attorneys for Defendants*
                                                WILLIAMS-SONOMA, INC., WILLIAMS-
13                                            SONOMA DTC, INC., and WILLIAMS-SONOMA
                                                      ADVERTISING, INC.

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28