UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM RUSHING, et al., <br><br> Plaintiffs, <br><br> v. <br><br> WILLIAMS-SONOMA, INC., et al., <br><br> Defendants. | Case No. 16-cv-01421-WHO <br><br> **ORDER GRANTING MOTION TO COMPEL** <br><br> Re: Dkt. No. 219 |

Defendants (collectively, "WSI") filed a Motion to Dismiss and a Motion to Compel Arbitration against plaintiff Elizabeth Perlin (collectively with plaintiff William Rushing, "Perlin"). WSI had no right to compel arbitration against Perlin until she became a named class member in 2020. It did not waive its right to compel arbitration. And Perlin chose to purchase a product from WSI in 2020 under terms that included an arbitration agreement—those terms and that agreement do not constitute an improper communication with putative class members. Because the parties do not otherwise dispute that arbitrability needs to be determined by the arbitrator, I GRANT WSI's Motion to Compel.

## BACKGROUND

Perlin filed the Eighth Amended Class Action Complaint on June 5, 2020.[1] Dkt. No. 217 ("8AC"). For the first time, Perlin was alleged as a named plaintiff on behalf of a class of consumers with claims under California law. *Id.* ¶ 19. Perlin, a "longtime WSI customer," purchased bedding from Pottery Barn on January 19, 2011. *Id.* ¶¶ 170, 173. She immediately began using the bedding, followed all care instructions, and air-dried the sheets to avoid damaging them. *Id.* ¶ 179. Shortly after using the bedding, however, the bottom sheet started ripping. *Id.* ¶

---

[1] Further background of this case is discussed in my prior orders.

180. Perlin was "disappointed, but believed she may have done something wrong to cause the rip or that the rip was a fluke, and therefore bought a second set of sheets on January 28, 2011." *Id.* ¶ 181. Again, although she heeded all care instructions and air-dried the sheets, the bottom sheet started to rip shortly after she began using it. *Id.* ¶ 183. Perlin was "extremely unhappy" with the bedding and "started purchasing lower thread count sheets in hopes they were more durable." *Id.* ¶ 184. However, as recently as June 4, 2020, Perlin purchased other items from WSI-affiliated websites. Dkt. No. 219 ("Mot.") 2. In doing so, she agreed to Terms and Conditions that included an arbitration clause. *Id.* at 2-6.

On July 8, 2020, WSI filed a motion to compel arbitration as to Perlin. Mot. On August 7, 2020, I granted Perlin's request for an extension of time to file a response to WSI's Motion to Compel, stating that "[t]o the extent that Plaintiffs require discovery in support of their response, and the parties are not able to reach an agreement regarding such discovery, the parties shall file a joint discovery dispute letter no later than August 14, 2020, and I will resolve the discovery dispute." Dkt. No. 228. The parties did not file a joint discovery dispute, and Perlin opposed WSI's motion. Dkt. No. 233 ("Oppo."). WSI filed a Reply on August 26, 2020. Dkt. No. 242 ("Reply"). I heard the matter, as well as WSI's Motion to Dismiss, on September 2, 2020. I denied WSI's Motion to Dismiss but gave Perlin leave to file a supplemental brief once WSI produced the 2011 Terms and Conditions to her. Dkt. No. 244. Perlin filed a supplemental brief, to which WSI responded. Dkt. Nos. 249, 250.

## LEGAL STANDARD

The waiver of a right to arbitration is disfavored, and the party asserting waiver "bears a heavy burden of proof." *Fisher v. A.G. Becker Paribas Inc.*, 791 F.2d 691, 694 (9th Cir. 1986). The party seeking to establish waiver must demonstrate: "(1) knowledge of an existing right to compel arbitration; (2) acts inconsistent with that existing right; and (3) prejudice to the party opposing arbitration resulting from such inconsistent acts." *Id.*

## DISCUSSION

The central issue with respect to WSI's motion to compel is a narrow one: whether WSI waived its right to move to compel arbitration as to Perlin by litigating this case against Rushing

for years without moving to arbitrate. There is no dispute that Rushing is not subject to an arbitration agreement. At this time, Perlin also does not contest WSI's claim that the arbitration clause gives the arbitrator the right to determine arbitrability, including the scope of the arbitration agreement. Oppo. 1.

First, the parties dispute whether I should decide the issue of waiver. *See* Mot. 9; Oppo. 2. "[G]ateway issues of arbitrability presumptively are reserved for the court," although the parties can agree to delegate them to the arbitrator. *DeVries v. Experian Info. Sols., Inc.*, No. 16-CV-02953-WHO, 2017 WL 733096, at *9 (N.D. Cal. Feb. 24, 2017). WSI points to the provision in the Terms and Conditions that "the arbitrator, and not any federal, state, or local court or agency, shall have the exclusive authority to resolve any dispute relating to the interpretation, applicability, enforceability, or formation of these Terms." Mot. 9. However, as I have previously held, such language does not "clearly and unmistakably delegate to the arbitrator the issue of waiver by litigation conduct." *DeVries*, 2017 WL 733096, at *10; *see also Martin v. Yasuda*, 829 F.3d 1118, 1124 (9th Cir. 2016). Accordingly, I will decide whether WSI waived its right to compel arbitration.

Second, Perlin focuses her opposition on her claim that WSI waived its right to move to compel arbitration because it litigated this case, including claims belonging to unnamed putative class members that are subject to arbitration, for almost five years. Mot. 1. She emphasizes that WSI's answer contains an affirmative defense that certain class members are subject to arbitration. *See* Dkt. No. 83 at 42. Perlin points to WSI's prior motions in this Court that would need to be re-litigated if her claims were sent to arbitration. Oppo. 5-7, 18. Perlin also suggests that WSI's pending motion to dismiss acts further demonstrates waiver. *Id.* at 7-8.

In response, WSI asserts that Perlin was first added as a named plaintiff in June 2020. Reply 1. It argues that waiver may only be found where there was an existing right to compel arbitration, and that defendants have no right to compel arbitration of unnamed class members prior to class certification. *Id.* at 4-5. It relies upon an Eleventh Circuit case, *Gutierrez v. Wells Fargo Bank, NA*, 889 F.3d 1230, 1238 (11th Cir. 2018), *cert. denied*, 139 S. Ct. 941, 203 L. Ed. 2d 131 (2019).

3

In *Gutierrez*, the court ordered the defendants to file any "merits and non-merits motions," including motions to compel arbitration, prior to certification. *Id.* at 1234. The defendants stated that they would not seek to compel arbitration with the named plaintiffs but reserved their rights as to the putative class and any newly added plaintiffs. *Id.* Their answer also asserted rights to compel arbitration against absent class members. *Id.* After certification, the defendants moved to compel arbitration against unnamed class members. On appeal, the Eleventh Circuit held that the defendants did not waive their arbitration rights against the unnamed plaintiffs because they had expressly reserved those rights, putting the court and plaintiffs on notice of defendants' intent to invoke arbitration against unnamed plaintiffs. *Id.* at 1237. In addition, the court held that "it would have been impossible in practice to compel arbitration against speculative plaintiffs and jurisdictionally impossible for the District Court to rule on those motions before the class was certified." *Id.* at 1238.

The Ninth Circuit has not addressed this issue. However, courts have held that a defendant cannot move to compel arbitration against unnamed class members prior to class certification. *In re TFT-LCD (Flat Panel) Antitrust Litig.*, No. M 07-1827 SI, 2011 WL 1753784, at *4 (N.D. Cal. May 9, 2011) ("It does not appear to the Court that defendants could have moved to compel arbitration against such entities prior to the certification of a class in this case because, as defendants point out, 'putative class members are not parties to an action prior to class certification.'"). Recently a court in this circuit agreed with *Gutierrez* and granted a motion to compel arbitration in similar circumstances to here. *See Jackson v. Aliera Companies, Inc.*, No. 19-CV-01281-BJR, 2020 WL 4787990, at *5 (W.D. Wash. Aug. 18, 2020) (rejecting waiver argument and noting that courts in this circuit have held that a party cannot move to compel putative class members to arbitration prior to class certification); *see also Chen-Oster v. Goldman, Sachs & Co.*, No. 10CIV6950ATRWL, 2020 WL 1467182, at *9 (S.D.N.Y. Mar. 26, 2020) (stating that the defendant "moved to compel arbitration at the earliest practical time," after class certification).

I agree with the reasoning of *Jackson* and *Gutierrez*. WSI could not move to arbitrate claims against Rushing or against unnamed class members before class certification. Accordingly,

4

it did not have an existing right to compel arbitration and could not have acted inconsistently with that right. I am also not persuaded that WSI acted inconsistently by asserting arbitration as an affirmative defense. To the contrary, this action is consistent with WSI's intent to move to compel after the possible certification of the class, and put Plaintiffs on notice that WSI may move to compel arbitration against unnamed class members if and when a class is certified.

Finally, WSI's actions after the filing of the 8AC do not demonstrate waiver. I held a case management conference on April 23, 2020, in which I set the deadlines for the filing of the amended complaint and for an answer or motion to dismiss. Dkt. No. 212. I will not fault WSI with filing a motion to dismiss by the deadline set by the Court, given the risks if I denied its motion to compel arbitration and it filed no motion to dismiss. And while WSI could have acted earlier in filing its motion to compel arbitration, I do not find that this delay of just over one month is inconsistent with its right to compel arbitration that materialized when Plaintiffs filed the 8AC. Nor is there any prejudice to Plaintiffs as a result of this short delay.

Having found that WSI did not waive its right to seek arbitration, I address Perlin's argument raised for the first time in her supplemental brief. Her brief contains no argument that the 2020 terms do not supersede the 2011 terms that she received from WSI, or any further argument on waiver. Dkt. No. 249. Instead, she contends that the arbitration clause in the 2020 terms should be invalidated because the 2020 terms constitute an improper communication pursuant to Rule 23(d), an issue that could and should have been raised in her Opposition to the Motion to Compel. *Id.* at 1. Perlin relies upon Rule 23(d), which prohibits communications with putative class members that are "abusive, misleading, coercive, or otherwise affects the administration of justice in the context of a putative class action lawsuit." *O'Connor v. Uber Techs., Inc.*, No. C-13-3826 EMC, 2013 WL 6407583, at *4 (N.D. Cal. Dec. 6, 2013). Pursuant to this rule, I have found that where an employer adopted a new arbitration policy for employees while a class action was pending, such a policy amounted to an improper communication and was not enforceable. *Jimenez v. Menzies Aviation Inc.*, No. 15-CV-02392-WHO, 2015 WL 4914727, at *1 (N.D. Cal. Aug. 17, 2015). This case is distinguishable.

Unlike the cases that Perlin cites, where a defendant unilaterally added an arbitration

clause to contracts with ascertainable putative class members, here WSI changed its Terms and Conditions for purchases after this lawsuit was commenced. Perlin, not WSI, initiated the transaction that resulted in her agreement to the 2020 Terms and Conditions. This conduct is neither so abusive, misleading, or coercive to justify invalidating the arbitration clause, nor can it appropriately be deemed an improper communication on the part of WSI. *See Jones v. Waffle House, Inc.*, 866 F.3d 1257, 1272 (11th Cir. 2017).

Therefore, I GRANT WSI's Motion to Compel Arbitration.

## CONCLUSION

For the above reasons, WSI's motion is GRANTED and the case is stayed pending the arbitrator's determination of whether Perlin's claims are arbitrable. The parties shall request a case management conference within ten days of the arbitrator's ruling. They shall file a joint status report on or before April 6, 2021, if the arbitrator has not ruled as of that date.

**IT IS SO ORDERED.**

Dated: October 8, 2020

William H. Orrick
United States District Judge