Amber L. Eck (SBN 177882)
HAEGGQUIST & ECK, LLP
225 Broadway, Suite 2050
San Diego, California 92101
Telephone: 619.342.8000
Facsimile: 619.342.7878
ambere@haelaw.com

Robert B. Carey (*pro hac vice*)
Leonard W. Aragon (*pro hac vice*)
HAGENS BERMAN SOBOL SHAPIRO LLP
11 West Jefferson Street, Suite 1000
Phoenix, Arizona 85003
Telephone: 602.840.5900
Facsimile: 602.840.3012
rob@hbsslaw.com
leonard@hbsslaw.com

*[Additional Counsel Appear on Signature Page]*

Attorneys for Plaintiffs and the Proposed Class

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| WILLIAM RUSHING and ELIZABETH PERLIN, individually and on behalf of all others similarly situated,<br><br>    Plaintiffs,<br><br>v.<br><br>WILLIAMS-SONOMA, INC., et al.,<br><br>    Defendants. | Case No.: 3:16-cv-01421-WHO<br><br>**SIXTH JOINT CASE MANAGEMENT STATEMENT**<br><br>Judge: Hon. William H. Orrick<br>Courtroom: 2, 17th Floor<br>Date: November 30, 2021<br>Time: 2:00 p.m.<br><br>8th Amd. Compl. Filed: June 5, 2020<br>Trial Date: Not Set |

1    Pursuant to the Clerk's November 5, 2021 Notice Setting Zoom Hearing (Dkt. 258) and

2  Civil L.R. 16-10(d), Plaintiffs Elizabeth Perlin and William Rushing, and Defendants Williams-

3  Sonoma, Inc., Williams-Sonoma DTC, Inc., and Williams-Sonoma Advertising, Inc. (collectively,

4  "Williams-Sonoma"), by and through their respective counsel, submit this Joint Case Management

5  Statement in anticipation of the Case Management Conference scheduled before the Honorable

6  William H. Orrick for November 30, 2021, at 2:00 p.m.

7  **I.    PLAINTIFF'S POSITION**

8    **A.    Procedural Summary**

9    Plaintiff provides the following factual and procedural background. This action was filed by

10  Rushing in March 2016. Williams-Sonoma moved for summary judgment in April 2018, on choice

11  of law, among other grounds. (Dkt. 119.) In October 2018, this Court held that Rushing could not

12  pursue claims arising under California law. (Dkt. 170.) That Order also required Rushing to elect

13  whether he intended to pursue claims under Kentucky law. (*Id.*)  Rushing filed a notice stating he

14  intended to pursue claims under Kentucky law on November 13, 2018. (Dkt. 174.)

15    On June 5, 2020, Plaintiff Elizbeth Perlin filed the Eighth Amended Complaint, taking over

16  as the class representative for the nationwide class. (Dkt. 217). Defendants moved to compel

17  arbitration of Perlin's claims based upon her recent purchase on or about June 4, 2020 (Dkt. 219)

18  and, in the alternative, to dismiss the Eighth Amended Complaint because Perlin's claims were filed

19  past the statute of limitations. (Dkt. 218.) The Court denied the motion to dismiss finding a

20  question of fact existed as to the statute of limitations (Dkt. 244), granted Defendants' motion to

21  compel arbitration as to Perlin, and stayed this action in its entirety "pending the arbitrator's

22  determination of whether Perlin's claims are arbitrable." (Dkt. 252.)

23    Perlin filed a demand for arbitration with the American Arbitration Association on February

24  25, 2021. (*See* Dkt. 256.) The parties briefed the arbitrability issues and on October 25, 2021, the

25  arbitrator issued an opinion finding that Perlin's claims were not subject to mandatory arbitration

26  and remanded the case to this Court. (*Id.*)

27    **B.    Plaintiffs' Proposed Schedule**

28    The parties should be entitled to non-duplicative discovery regarding claims and defenses

1

raised by the parties. Plaintiffs acknowledge they are subject to limited discovery. Defendants, however, argue they should not be subject to discovery regarding their defenses. This is untenable. Defendants have not filed an answer, but Defendants, for example, state an intent to file for summary judgment with respect to Plaintiff Perlin based on the statute of limitations. Plaintiff Perlin should be entitled to conduct additional, *non-duplicative* discovery on this and any other defense raised by Defendants in their answer. Plaintiff is also entitled to limited, non-duplicative discovery regarding her own claims. Defendants agreed to produce information ordered to be produced on December 4, 2018: "Consistent with this Court's December 4, 2018 Order, [Defendants] will produce Perlin's customer record and purchase history to the extent they can be located using the information in the 8AC." Defendants fail to explain why this information was not turned over long ago, but in any event Plaintiff is entitled to seek all information regarding her claims, not just information Defendants choose to turn over. This is best accomplished by allowing Plaintiffs Perlin and Rushing to conduct non-duplicative discovery regarding their claims and Defendants' defenses during the short discovery period set forth below.

Plaintiffs do not intend to re-visit class discovery, except to the extent Defendants are required to supplement their productions and disclosures under the Federal Rules of Civil Procedure. *See, e.g.,* Fed. R. Civ. P. 26(e). It appears that Defendants continue to engage in the practices described in the Complaint, and Plaintiff Perlin is entitled to supplemental disclosures to support, among other things, class certifications. *Id.* Plaintiffs are not requesting an open invitation to re-do discovery, but rather limited, non-duplicative discovery related to the claims and defenses asserted by the parties and the right to receive timely supplemental productions from Defendants.

Defendants also intend to file a motion or motions for summary judgment, which they anticipate will address Perlin's claims and/or Rushing's Kentucky claims. In particular, Defendants intend to address the statute of limitations and laches issues raised by Perlin's claims in a motion for summary judgment and seek to file a later "merits" based claim if the case is certified. Plaintiff anticipates filing a motion for class certification. Defendants propose bifurcation of the briefing on motion for summary judgment regarding the statute of limitations and motion for class certification. Plaintiff opposes bifurcation. The statute of limitations defense has already been

2

rejected on a motion to dismiss and will almost certainly be dismissed along with the equitable

laches defense on summary judgment. This case has been pending since 2016. It is time to move

forward. Judicial economy is best served by allowing the parties to address all outstanding issues at

once. For these reasons, Plaintiffs propose a single deadline for summary judgment regarding the

statute of limitations (and/or Rushing's individual claims) and class certification, and a short

extension of the briefing schedule to reflect the complexities of this complicated, nationwide class

action. If certification is granted, Plaintiff Perlin proposes that the parties submit a proposed

schedule regarding outstanding issues, such as additional summary judgment motions on the merits,

ADR, and trial deadlines.

Plaintiffs therefore propose the following schedule:

### 1.   Answer

Defendants shall file an Answer to the Eighth Amended Complaint by December 14, 2021.

### 2.   Discovery

Discovery shall close six months after Defendants' Answer is filed. Defendants shall

produce all documents related to Elizabeth Perlin not previously produced by December 17, 2021,

and the parties shall supplement all discovery by January 24, 2022. Defendants shall conclude the

deposition of Ms. Perlin by March 18, 2022. The parties may conduct additional, non-duplicative

discovery, including expert discovery, during the six-month discovery period. Discovery shall be

limited the Perlin's and Rushing's claims and Defendants' defenses.

### 3.   Class Certification

Plaintiffs shall file their Class Certification Motion 30 days after the end of discovery.

Defendants shall file their Opposition 30 days thereafter, and Plaintiffs will file their Reply 30 days

thereafter.

### 4.   Summary Judgment

The parties shall file all dispositive motions regarding the statute of limitations or laches or

Plaintiff Rushing's individual claims within 30 days after the end of discovery. All parties shall file

their Opposition 30 days thereafter, and Replies 30 days thereafter.

### 5. CMC to Schedule Trial and Pre-trial Dates

After the Court has issued orders on class certification and summary judgment, Plaintiffs propose the Court schedule a CMC to set the trial date and pre-trial dates, as well as a schedule for all other outstanding issues, such as ADR, and possible summary judgments on the merits.

## II. DEFENDANTS' POSITION

### A. Procedural Summary

Before Perlin joined the action, the court already clarified that upon the addition of a new plaintiff, class discovery was to remain closed except for certain limited discovery related to the new named plaintiff (Perlin).  (Dkt. 178.)  Plaintiffs' position now is that class discovery should be reopened if "non-duplicative", even though they had years to take such discovery.  As a result, Defendants believe it is important to review the procedural history to explain how the parties reached the current stage of litigation.

Given the amount of time that has passed since the parties last appeared before this Court, Defendants provide the following factual and procedural background.  This action was filed by Rushing in March 2016. Williams-Sonoma moved for summary judgment in April 2018 on choice of law, among other grounds. (Dkt. 119.)  In October 2018, this Court held that Rushing could not pursue claims arising under California law, the only claims alleged. (Dkt. 170.)  That Order also required Rushing to elect whether he intended to pursue claims under Kentucky law.  (*Id.*)  Rushing filed a notice stating that he intended to pursue claims under Kentucky law on November 13, 2018 (Dkt. 174).

In the October 2018 Order, this Court also required Defendants to produce a list of California customers that purchased the products that are the subject of the claims alleged in the operative Seventh Amended Complaint so that a new class representative could be solicited.  (*Id.*)  This Court's October 24, 2018 Order concluded by requiring the parties to "propose a new case schedule setting deadlines for Rushing to amend (to substitute in a new named plaintiff to pursue claims under California law if he so desires), for limited discovery to be taken as to any new named plaintiff, for plaintiff's amended motion for class certification, and for trial." (Dkt. 170 at 19:23-20:1.)

JOINT CASE MANAGEMENT STATEMENT

1    At a status conference held December 4, 2018, this Court set a further scheduling order

2 requiring Rushing to file an Eighth Amended Complaint within 75 days of receipt of the customer

3 contact information that the Order required Defendants to produce.  (Dkt. 178.)  That order also

4 required Defendants to file any motion to dismiss within 30 days thereafter and recognized that

5 "[c]lass discovery is closed, but defendant shall produce any documents related to any new named

6 plaintiffs, and defendants may request written discovery from those plaintiffs immediately after

7 entry of the order on motion to dismiss and conduct any desired depositions of those plaintiffs

8 within 60 days."  (*Id.*)  The motion for class certification was to be filed thirty days thereafter.  (*Id.*)

9    Defendants sought leave to file a motion for reconsideration of the October 24, 2018 Order

10 (Dkt. 175) and, subsequently, certification of the Order for immediate appeal (Dkt. 184).  This

11 Court denied the motion for leave to file a motion for reconsideration on December 17, 2018 (Dkt.

12 183) and the motion for certification for immediate appeal on February 25, 2019 (Dkt. 193).

13 Defendants sought a writ of mandamus on March 12, 2019.  (Dkt. 194.)  On January 13, 2020, the

14 Ninth Circuit granted the writ and vacated the discovery order.  (Dkt. 204.)

15    Following Rushing's unsuccessful petition for rehearing en banc (Dkt. 206), this Court held a

16 case management conference at which it ordered Rushing to file an amended complaint by June 5,

17 2020 and Defendants to file a response by July 6, 2020.  (Dkt. 212.)  The Court further ordered

18 Plaintiffs to serve a supplemental initial disclosure regarding any additional plaintiffs within five

19 days after Defendants' answer or an order on Defendants' responsive motion, and allowed

20 additional discovery as to the new plaintiff(s) including deposition(s) to be completed within sixty

21 days of the answer or motion to dismiss.  (*Id.*)

22    Perlin first joined as a named plaintiff with the filing of the Eighth Amended Complaint

23 ("8AC") on June 5, 2020.  (Dkt. 217.)  Defendants moved to compel arbitration of Perlin's claims

24 based upon her agreement to arbitrate with Defendants entered into on, inter alia, June 4, 2020

25 (Dkt. 219) and, in the alternative, to dismiss the 8AC because Perlin's claims were filed past the

26 statute of limitations (Dkt. 218).  The Court denied the motion to dismiss finding a question of fact

27 existed as to the statute of limitations (Dkt. 244), granted Defendants' motion to compel arbitration

28 as to Perlin, and stayed this action in its entirety "pending the arbitrator's determination of whether

5

1    Perlin's claims are arbitrable."  (Dkt. 252).

2            Perlin filed a demand for arbitration with the American Arbitration Association on February

3    25, 2021.  (*See* Dkt. 256.)  The parties briefed the arbitrability issues and on October 25, 2021 the

4    arbitrator issued an opinion finding that Perlin's individual claims are not subject to mandatory

5    arbitration.  (*Id.*)

6            **B.      Defendants' Proposed Schedule**

7            Class discovery in this action has closed per this Court's December 4, 2018 Order.

8    Plaintiffs' counsel had the opportunity to fully engage in class certification discovery on the

9    California claims. Defendants will be prejudiced and will need to expend unnecessary resources if

10   forced to engage in additional class certification-related discovery. Plaintiffs therefore should not be

11   permitted to "conduct additional, non-duplicative discovery" that could have been conducted

12   previously. Consistent with this Court's December 4, 2018 Order, WSI will produce Perlin's

13   customer record and purchase history to the extent they can be located using the information in the

14   8AC.

15           Defendants will need to take discovery (both written discovery and a deposition) as to

16   Perlin's individual claims, in which it has not had the opportunity to engage since Perlin joined this

17   action with the filing of the 8AC. Defendants anticipate they will also need to take discovery related

18   to Rushing's Kentucky law claims, which were not pled or at issue prior to the filing of the 8AC.

19   Defendants understand that Perlin intends to file a motion for class certification.  Defendants

20   currently intend to file a motion or motions for summary judgment, which they anticipate will

21   address Perlin's individual California claims and/or Rushing's Kentucky claims.  In particular,

22   Defendants intend to address the statute of limitations and laches issues raised by Perlin's

23   individual claims in a motion for summary judgment.  These are statute of limitations and laches

24   issues unique to Perlin's claims, which require minimal additional discovery (and presumably no

25   expert discovery), and will not be shared among other class members.  Resolution of these issues

26   prior to class certification promotes judicial economy because, if Perlin cannot bring claims, she

27   cannot represent a class and all parties will save time and effort on class certification and dispositive

28   merits motions affecting the entire class.  Defendants therefore request that the Court grant them

JOINT CASE MANAGEMENT STATEMENT

leave to file successive summary judgment motions – before class certification, a limited motion addressing statute of limitations issues, and after class certification, a full motion addressing merits issues. *See Hoffman v. Tonnemacher*, 593 F.3d 908, 909 (9th Cir. 2010) (a district court has discretion to entertain successive summary judgment motions). Defendants do not propose that the Court set out a schedule for the post class certification ruling summary judgment motion beyond that set out in the Federal Rules of Civil Procedure, Rule 56(b). Plaintiffs' request that a deadline be set for summary judgment at the same time as class certification is untenable because if a class is certified Plaintiffs proposed schedule would deprive Defendants of the ability to seek summary judgement as to the class claims. If a class is certified summary judgment as to the class may only bind the class if brought after it has been certified and after notice and an opt out period provided.

Defendants therefore propose the following schedule:

| Event | Proposed Deadline |
|---|---|
| Defendants' response to 8AC | December 14, 2021 |
| Deadline for WSI to serve written discovery on Plaintiffs | January 14, 2022 |
| Close of fact discovery from Perlin | March 18, 2022 |
| Defendants' limited motion for summary judgment | April 18, 2022 |
| Plaintiffs' opposition to limited motion for summary judgment | May 18, 2022 |
| Defendants' reply in support of limited motion for summary judgment | June 2, 2022 |
| Perlin's class certification motion and deadline to provide any related expert reports | 30 days after order on motion(s) for summary judgment or, if no motion(s) for summary judgment are filed, 45 days after deposition of Perlin |
| Defendants' opposition to class certification motion and deadline to provide any related expert reports | 60 days after Perlin's class certification motion is filed |
| Perlin's reply in support of class certification motion | 30 days after Defendants' opposition is filed |

Dated: November 23, 2021                    Respectfully submitted,

HAGENS BERMAN SOBOL SHAPIRO LLP

By  /s/ Leonard W. Aragon
         LEONARD W. ARAGON

Robert B. Carey (*pro hac vice*)
Leonard W. Aragon (*pro hac vice*)
rob@hbsslaw.com
leonard@hbsslaw.com

Amber L. Eck (177882)
HAEGGQUIST & ECK, LLP
225 Broadway, Suite 2050
San Diego, California 92101
ambere@haelaw.com

Shana E. Scarlett (SBN 217895)
HAGENS BERMAN SOBOL SHAPIRO LLP
715 Hearst Avenue, Suite 202
Berkeley, California 94710
Telephone: 510.725.3000
Facsimile: 510.725.3001
shanas@hbsslaw.com

George Richard Baker (SBN 224003)
BAKER LAW, PC
436 North Stanley Avenue
Los Angeles, California 90036
Telephone: 323.452.9685
richard@bakerlawpc.com

Attorneys for Plaintiffs

Dated: November 23, 2021                    Respectfully submitted,

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By   /s/ P. Craig Cardon
        P. CRAIG CARDON
P. Craig Cardon (SBN 168646)
Robert J. Guite (SBN 244590)
Benjamin O. Aigboboh (SBN 268531)
Alyssa M. Shauer (SBN 318359)
Four Embarcadero Center, 17th Floor
San Francisco, California 94111-4109
Telephone: 415.434.9100
Facsimile: 415.434.3947
ccardon@sheppardmullin.com
rguite@sheppardmullin.com
baigboboh@sheppardmullin.com
ashauer@sheppardmullin.com

8

JOINT CASE MANAGEMENT STATEMENT

1

**ATTORNEY'S E-FILING ATTESTATION**

2

As the attorney e-filing this document, and pursuant to Local Rule 5-1(i)(3), I hereby attest

3

that counsel for Defendants whose electronic signature appears above has concurred in this filing.

4

5                                          /s/ Leonard W. Aragon
                                           LEONARD W. ARAGON

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

JOINT CASE MANAGEMENT STATEMENT