SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
P. CRAIG CARDON, Cal. Bar No. 168646
ROBERT J. GUITE, Cal. Bar No. 244590
BENJAMIN O. AIGBOBOH, Cal. Bar No. 268531
ALYSSA M. SHAUER, Cal. Bar No. 318359
Four Embarcadero Center, 17th Floor
San Francisco, California 94111-4109
Telephone:      415.434.9100
Facsimile:       415.434.3947
Email:             ccardon@sheppardmullin.com
                      rguite@sheppardmullin.com
                      baigboboh@sheppardmullin.com
                      ashauer@sheppardmullin.com

*Attorneys for Defendants*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION**

| | |
|---|---|
| WILLIAM RUSHING and ELIZABETH PERLIN, individually and on behalf of all others similarly situated,<br><br>                  Plaintiffs,<br><br>       v.<br><br>WILLIAMS-SONOMA, INC., et al.,<br><br>                  Defendants. | Case No. 3:16-cv-01421-WHO<br><br>*Assigned to the Hon. William H. Orrick*<br><br>**DEFENDANTS' SUPPLEMENT TO SIXTH JOINT CASE MANAGEMENT STATEMENT**<br><br><u>Case Management Conference</u>:<br>Date:             November 30, 2021<br>Time:             2:00 p.m.<br>Courtroom:   2, 17th Floor<br><br>8th Am. Comp. Filed: June 5, 2020<br>Trial Date:              None set |

Defendants Williams-Sonoma, Inc., Williams-Sonoma DTC, Inc., and Williams-Sonoma Advertising, Inc. (collectively, "Defendants"), by and through their counsel, submit this Supplement to the parties' Joint Case Management Statement ("Joint Statement") submitted on November 23, 2021 (Dkt. 259) in advance of the Case Management Conference set for November 30, 2021. Dkt. 258; Civil L.R. 16-10(d).

The Joint Statement was filed late on November 23 and, due to understandable last minute changes by Plaintiffs resulting from other court deadlines faced by Plaintiffs' counsel, portions of Defendants' position now appear to be out of context. Accordingly, Defendants provide the Court with this brief supplement to clarify their position.

### 1. Defendants' Position on Discovery by Perlin

If Perlin believes it necessary to seek discovery based on Defendants' affirmative defenses that are specific to her situation, as opposed to discovery relating generally to members of the putative class, Perlin should identify that discovery, after which the parties will meet and confer and, if no agreement is reached, Perlin may seek leave of Court to propound such discovery. Beyond that, discovery is and should remain closed for Plaintiffs with the exception of Defendants' production of Perlin's customer record and purchase history.

### 2. Defendants' Position on Discovery Regarding Rushing's Claims

No party shall be entitled to discovery on Rushing's individual claims absent obtaining leave of court based on a showing that such discovery is relevant and permissible under the Kentucky law claim but was not relevant or permissible under his previous California law claims.

### 3. Defendants' Position on Motions for Summary Judgment

Plaintiffs originally proposed that any summary judgment motions be filed simultaneously with the motion for class certification. This proposal would have prevented Defendants from 1) filing their limited summary judgment motion as to statute of limitations and laches, issues specific to Perlin, and 2) seeking summary judgment at a time which would bind a class, if a class is certified. Plaintiffs changed their position, but it remains unclear to Defendants precisely what they are proposing. In any event, Plaintiffs have not assented to Defendants being able to file a motion for summary judgment after the motion for class certification is decided, whether a class is certified or

not. Defendants should be permitted to bring such a motion and should not be precluded from bringing a limited motion for summary judgment specific to unique defenses applicable to Perlin.

The limited summary judgment motion on statute of limitations and laches proposed by Defendants – and contemplated by the Court in connection with Defendants' motion to dismiss Perlin's claims on statute of limitations grounds (Dkt. 212 at 7:16-24, 13:4-11; Dkt. 244) – relates only to Perlin's unique facts. Other statute of limitations issues relating to Plaintiffs' tolling arguments, as addressed in earlier motions to dismiss, also exist. However, those issues, which are not unique to Perlin, would be addressed in the broader motion for summary judgment post-certification proceedings and not in the limited Perlin motion.

Defendants reiterate their belief that the limited summary judgment motion as to Perlin presents an opportunity for efficient and cost-effective case management.

Dated: November 24, 2021         SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By      */s/ Alyssa M. Shauer*
P. CRAIG CARDON
ROBERT J. GUITE
BENJAMIN O. AIGBOBOH
ALYSSA M. SHAUER

*Attorneys for Defendants*