SHEPPARD MULLIN RICHTER & HAMPTON LLP
P. CRAIG CARDON, Cal. Bar No. 168646
ROBERT J. GUITE, Cal. Bar No. 244590
BENJAMIN O. AIGBOBOH, Cal. Bar No. 268531
ALYSSA M. SHAUER, Cal. Bar No. 318359
Four Embarcadero Center, 17th Floor
San Francisco, California 94111-4109
Telephone:     415.434.9100
Facsimile:     415.434.3947
Email:         ccardon@sheppardmullin.com
               rguite@sheppardmullin.com
               baigboboh@sheppardmullin.com
               ashauer@sheppardmullin.com

*Attorneys for Defendants*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| WILLIAM RUSHING and ELIZABETH PERLIN, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>WILLIAMS-SONOMA, INC., a Delaware corporation, also d/b/a Williams-Sonoma, and Williams-Sonoma Home, and Pottery Barn,; WILLIAMS-SONOMA DTC, INC., a California corporation; WILLIAMS-SONOMA ADVERTISING, INC., a California corporation; and DOES 1-30,<br><br>Defendants. | Case No. 3:16-cv-01421-WHO<br><br>*Assigned to the Hon. William H. Orrick*<br><br>**CLASS ACTION**<br><br>**DEFENDANTS' ANSWER TO EIGHTH CLASS ACTION COMPLAINT**<br><br><br><br>Complaint Filed:     January 29, 2016<br>Action removed:     March 23, 2016<br>8AC Filed:     June 5, 2020<br>Trial Date:     Not set |

1    Defendants Williams-Sonoma, Inc. ("WSI"), Williams-Sonoma DTC, Inc. ("WSDTC"),

2    and Williams-Sonoma Advertising, Inc. ("WSA" and, collectively with WSI and WSDTC,

3    "Defendants") hereby answer the *Eighth Amended Class Action Complaint* ("*8AC*") filed by

4    Plaintiffs William Rushing ("Rushing") and Elizabeth Perlin ("Perlin" and, collectively with

5    Rushing, "Plaintiffs").

6    **"I.    NATURE OF THE CASE"**

7    1.    Defendants admit that:  (a) WSI sells or sold and advertises or advertised the

8    bedding at issue in the *8AC*; and (b) WSI offers of offered goods through the brands *Williams-*

9    *Sonoma*, *Williams-Sonoma Home*, *Pottery Barn*, *pottery barn kids*, *pottery barn baby*, *pottery*

10   *barn teen*, *PBTeen*, *PBDorm*, and *west elm*.  Defendants deny that:  (a) WSI manufactures or

11   manufactured the bedding at issue in the *8AC*; and (b) that WSI has passed off inferior product to

12   customers.  Defendants lack knowledge or information sufficient to form a belief as to the truth of

13   the remaining allegations in Paragraph 1 of the *8AC*, and, accordingly, deny such allegations.

14   2.    Defendants lack knowledge or information sufficient to form a belief as to the truth

15   of the allegations in Paragraph 2 of the *8AC*, and, accordingly, deny such allegations.

16   3.    Defendants lack knowledge or information sufficient to form a belief as to the truth

17   of the allegations in Paragraph 3 of the *8AC*, and, accordingly, deny such allegations.

18   4.    Defendants admit that Plaintiffs use the term "bedding" in the *8AC* to refer to bed

19   sheets, pillowcases, shams, and duvets.

20   5.    Defendants lack knowledge or information sufficient to form a belief as to the truth

21   of the allegations in Paragraph 5 of the *8AC*, and, accordingly, deny such allegations.

22   6.    Defendants deny that they grossly inflate WSI's bedding's thread count numbers.

23   Defendants lack knowledge or information sufficient to form a belief as to the truth of the

24   remaining allegations in Paragraph 6 of the *8AC*, and, accordingly, deny such allegations.

25   7.    Defendants lack knowledge or information sufficient to form a belief as to the truth

26   of the allegations in Paragraph 7 of the *8AC*, and, accordingly, deny such allegations.

27   8.    Defendants lack knowledge or information sufficient to form a belief as to the truth

28   of the allegations in Paragraph 8 of the *8AC*, and, accordingly, deny such allegations.

9.      Defendants deny the allegations in Paragraph 9 of the *8AC*.

10.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 10 of the *8AC*, and, accordingly, deny such allegations.

11.     Defendants admit that WSI is advertising or has advertised bedding products named "Leaf Embroidered Bedding," "Peyton Sheet Set," "Dottie Sheet Set," "Organic Harmony Sheet Set," and "Polka Dot Sheet Set."  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 11 of the *8AC*, and, accordingly, deny such allegations.

12.     Defendants admit WSI sells some bedding labeled as having a thread count of 350 or greater, and that thread count is identified in the name and narrative description of certain of WSI's bedding products.  Except as expressly admitted, Defendants deny the allegations in Paragraph 12 of the *8AC*.

13.     Defendants admit that the following language quoted in Paragraph 13 of the *8AC* appears on the webpage available at https://www.williams-sonoma.com/products/signature-600-thread-count-sateen-sheeting/?pkey=chome-sheet-sets&&chome-sheet-sets.      Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 13 of the *8AC*, and, accordingly, deny such allegations.

14.     Defendants deny the allegations in Paragraph 14 of the *8AC*.

15.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 15 of the *8AC*, and, accordingly, deny such allegations.

16.     Defendants deny the allegations in Paragraph 16 of the *8AC*.

17.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 17 of the *8AC*, and, accordingly, deny such allegations.

18.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 18 of the *8AC* about the "inability of consumers to readily discern the actual thread count of bedding with the untrained and naked eye" and, accordingly, deny such allegations.  Defendants deny the remaining allegations in Paragraph 18 of the *8AC*.

19.    Defendants admit that Perlin purports to bring this action on behalf of herself and all persons in the United States (Kentucky residents, including Rushing, excluded) who purchased sheets, pillowcases, duvet covers and/or shams from one of the following "product lines" during the limitations period:  (a) Williams-Sonoma Home Signature 600-Thread-Count Sateen Bedding; (b) Williams-Sonoma Home Greek Key Jacquard Bedding; (c) Williams-Sonoma Home Suzani Jacquard Bedding; (d) Pottery Barn Foundations Hotel Sateen Bedding; (e) Pottery Barn Banded Hemstitch Bedding; (f) Pottery Barn Morgan 400-Thread-Count Bedding; (g) Pottery Barn PB Organic 400-Thread-Count Bedding; and (h) Pottery Barn PB Classic 400-Thread-Count Bedding.

20.    Defendants deny that their alleged conduct was deceptive and/or unlawful and admit that it appears that Plaintiffs and the putative class seek damages, equitable and injunctive relief, and other remedies in the *8AC*.

## "II.    JURISDICTION AND VENUE"

21.    Paragraph 21 of the *8AC* contains mere legal argument and conclusions to which no response is required.  To the extent that a response is required, Defendants admit that the Court possesses subject matter jurisdiction over Perlin's claims pursuant to 28 U.S.C. § 1332(d)(2). Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 21 of the *8AC*, and, accordingly, deny such allegations.

22.    Paragraph 22 of the *8AC* contains mere legal argument and conclusions to which no response is required.  To the extent a response is required, Defendants deny that the Court possesses subject matter jurisdiction over Rushing's claims pursuant to 28 U.S.C. § 1332(a).

23.    Defendants admit that they maintain principal places of business in California and that WSDTC and WSA are incorporated in California.  Defendants deny that WSI is incorporated in California.  The remaining allegations in Paragraph 23 of the *8AC* are mere legal argument and conclusions to which no response is required.  To the extent that a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 23 of the *8AC*, and, accordingly, deny such allegations.

24.    Paragraph 24 of the *8AC* contains mere legal argument and conclusions to which no response is required.  To the extent that a response is required, Defendants admit that WSI and

WSA maintain their principle place of business at 3250 Van Ness Avenue, San Francisco, California. Except as expressly admitted, Defendants deny the allegations in Paragraph 24 of the *8AC*, including the allegation that there is a "District of San Francisco."

25. Paragraph 25 of the *8AC* contains mere legal argument and conclusions to which no response is required. To the extent that a response is required, Defendants admit that Exhibit A to the *8AC* purports to be a "Consumer Legal Remedies Act Venue Declaration of Elizabeth Perlin" and "Consumer Legal Remedies Act Venue Declaration of William Rushing." Except as expressly admitted, Defendants deny the allegations in Paragraph 25 of the *8AC*.

## "III.   CHOICE OF LAW"

26. Paragraph 26 of the *8AC* contains mere legal argument and conclusions to which no response is required. To the extent that a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 26 of the *8AC*, and, accordingly, deny such allegations.

27. Paragraph 27 of the *8AC* contains mere legal argument and conclusions to which no response is required. To the extent that a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 27 of the *8AC*, and, accordingly, deny such allegations.

28. Paragraph 28 of the *8AC* contains mere legal argument and conclusions to which no response is required. To the extent that a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 28 of the *8AC*, and, accordingly, deny such allegations.

29. Paragraph 29 of the *8AC* contains mere legal argument and conclusions to which no response is required. To the extent that a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 29 of the *8AC*, and, accordingly, deny such allegations.

30. Paragraph 30 of the *8AC* contains mere legal argument and conclusions to which no response is required. To the extent that a response is required, Defendants lack knowledge or

1  information sufficient to form a belief as to the truth of the allegations in Paragraph 30 of the *8AC*,

2  and, accordingly, deny such allegations.

3      31.    Paragraph 31 of the *8AC* contains mere legal argument and conclusions to which no

4  response is required.   To the extent that a response is required, Defendants lack knowledge or

5  information sufficient to form a belief as to the truth of the allegations in Paragraph 31 of the *8AC*,

6  and, accordingly, deny such allegations.

7                                  **"IV.   THE PARTIES"**

8      32.    Defendants lack knowledge or information sufficient to form a belief as to the truth

9  of the allegations in Paragraph 32 of the *8AC*, and, accordingly, deny such allegations.

10     33.    Defendants lack knowledge or information sufficient to form a belief as to the truth

11 of the allegations in Paragraph 33 of the *8AC*, and, accordingly, deny such allegations.

12     34.    Defendants admit that:   (a) WSI is a Delaware corporation that maintains its

13 principal place of business at 3250 Van Ness Avenue, San Francisco, California; (b) WSI is

14 publicly traded on the New York Stock Exchange; (c) WSI sells culinary supplies, furniture, and

15 home furnishings (among other things) through its retail stores, catalogs, and websites; and (d)

16 WSI owns the trademarks *Williams-Sonoma*, *Williams Sonoma Home*, *Pottery Barn*, *pottery barn*

17 *kids*, *pottery barn baby, PBteen*, *PB Dorm*, *west elm*, *Rejuvenation*, and *Mark and Graham*.

18 Defendants lack knowledge or information sufficient to form a belief as to the truth of the

19 remaining allegations in Paragraph 34 of the *8AC*, and, accordingly, deny such allegations.

20     35.    Defendants admit that:   (1) WSDTC is a California corporation; (2) WSDTC is

21 responsible for direct-to-consumer sales and marketing; and (3) WSDTC is a wholly-owned

22 subsidiary of WSI.  Defendants lack knowledge or information sufficient to form a belief as to the

23 truth of the remaining allegations in Paragraph 35 of the *8AC*, and, accordingly, deny such

24 allegations.

25     36.    Defendants admit that:   (1) WSA is a California corporation; (2) WSA's principal

26 place of business is 3250 Van Ness Avenue, San Francisco, California; (3) WSA is responsible for

27 retail sales and marketing; and (4) WSA is a wholly-owned subsidiary of WSI.   Defendants lack

28

1  knowledge or information sufficient to form a belief as to the truth of the remaining allegations in

2  Paragraph 36 of the *8AC*, and, accordingly, deny such allegations.

3       37.    Paragraph 37 of the *8AC* contains mere legal argument and conclusions to which no

4  response is required.   To the extent that a response is required, Defendants lack knowledge or

5  information sufficient to form a belief as to the truth of the allegations in Paragraph 37 of the *8AC*,

6  and, accordingly, deny such allegations.

7            **"V.     WILLIAMS-SONOMA, INC. MARKETS AND ADVERTISES**

8                **ITS BEDDING UNDER DIFFERENT BRAND NAMES"**

9       38.    Defendants admit that WSI's 10-K for the fiscal year ending January 31, 2016

10  states that WSI "is a multi-channel specialty retailer…."

11       39.    Defendants admit that *Williams-Sonoma*, *Williams Sonoma Home*, *Pottery Barn*,

12  *pottery barn kids*, *pottery barn baby, PBteen*, *PB Dorm*, *west elm*, *Rejuvenation*, and *Mark and*

13  *Graham* are not currently subsidiaries of, or separate legal entities from, WSI.

14       40.    Defendants admit that *Williams-Sonoma*, *Williams Sonoma Home*, *Pottery Barn*,

15  *pottery barn kids*, *pottery barn baby, PBteen*, *PB Dorm*, *west elm*, *Rejuvenation*, and *Mark and*

16  *Graham* are not incorporated in California or Delaware.

17       41.    Defendants admit that *Williams-Sonoma*, *Williams Sonoma Home*, *Pottery Barn*,

18  *pottery barn kids*, *pottery barn baby, PBteen*, *PB Dorm*, *west elm*, *Rejuvenation*, and *Mark and*

19  *Graham* are not listed on Ex-21.1 to WSI's 10-K for fiscal year ending January 31, 2016.

20       42.    Defendants admit that *Williams-Sonoma*, *Williams Sonoma Home*, *Pottery Barn*,

21  *pottery barn kids*, *pottery barn baby, PBteen*, *PB Dorm*, *west elm*, *Rejuvenation*, and *Mark and*

22  *Graham* did not file corporate disclosure statements in this action and that WSI, WSDTC, WSA,

23  and Williams-Sonoma Stores, Inc. each filed a corporate disclosure statement in this action.

24       43.    Defendants admit that WSI owns the trademarks *Williams-Sonoma*, *Williams*

25  *Sonoma Home*, *Pottery Barn*, *pottery barn kids*, *pottery barn baby, PBteen*, *PB Dorm*, *west elm*,

26  *Rejuvenation*, and *Mark and Graham*.  Defendants lack knowledge or information sufficient to

27  form a belief as to the truth of the remaining allegations in Paragraph 43 of the *8AC*, and,

28  accordingly, deny such allegations.

44.     Defendants admit that WSI owns intellectual property – including trademarks, copyrights, patents, trade secrets, and domain names – associated and/or in connection with *Williams-Sonoma*, *Williams Sonoma Home*, *Pottery Barn*, *pottery barn kids*, *pottery barn baby, PBteen*, *PB Dorm*, *west elm*, *Rejuvenation*, and *Mark and Graham*.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of Paragraph 44 of the *8AC*, and, accordingly, deny such allegations.

45.     Defendants admit that WSI's 10-K for the fiscal year ending January 31, 2016 states "[t]he core brand names in particular, including 'Williams-Sonoma,' 'Pottery Barn,' 'pottery barn kids,' 'PBteen,' 'west elm,' 'Williams-Sonoma Home,' 'Rejuvenation' and 'Mark and Graham' are of material importance to us."

46.     Defendants admit that WSI's 10-K for the fiscal year ending January 31, 2016 states "[o]ur trademarks, service marks, copyrights, trade dress rights, trade secrets, domain names and other intellectual property are valuable assets that are critical to our success."

47.     Defendants admit that the principal place of business for WSI is 3250 Van Ness Avenue, San Francisco, California.  Except as expressly admitted, Defendants deny the allegations of Paragraph 47 of the *8AC*.

48.     Defendants admit WSI had approximately 28,100 employees as of January 31, 2016 and that at least some of those employees worked with or on the brands *Williams-Sonoma*, *Williams Sonoma Home*, *Pottery Barn*, *pottery barn kids*, *pottery barn baby, PBteen*, *PB Dorm*, *west elm*, *Rejuvenation*, and *Mark and Graham*.

49.     Defendants admit WSI may sell or may have sold imported bedding through the brands *Williams-Sonoma*, *Williams Sonoma Home*, *Pottery Barn*, *pottery barn kids*, *pottery barn baby, PBteen*, *PB Dorm*, *west elm*, *Rejuvenation*, and *Mark and Graham*.  Except as expressly admitted, Defendants deny the allegations of Paragraph 49 of the *8AC*.

50.     Defendants admit that WSA and WSDTC market and advertise WSI's products.  Except as expressly admitted, Defendants deny the allegations of Paragraph 50 of the *8AC*.

51.     Defendants admit that WSI's 10-K for the fiscal year ending January 31, 2016 states that:   (a) *Williams-Sonoma Home* is a "premium concept that offers classic home

furnishings and decorative accessories, extending the Williams-Sonoma lifestyle beyond the kitchen into every room of the home"; (b) *West Elm* "creates unique, affordable designs for modern living"; and (c) *Pottery Barn* "was founded on the idea that home furnishing should be exceptional in comfort, quality, style and value."  Except as expressly admitted, Defendants deny the allegations in Paragraph 51 of the *8AC*.

52.     Defendants admit that WSI's 10-K for the fiscal year ending January 31, 2016 states that "our retail stores serve as billboard for our brands, which we believe inspires our customers to shop online and through our catalogs."  Except as expressly admitted, Defendants deny the allegations in Paragraph 52 of the *8AC*.

53.     Defendants admit WSI used segment reporting with two reportable segments, e-commerce and retail, in its 10-K for the fiscal years that ended January 31, 2016, January 29, 2017, January 28, 2018, and February 3, 2019.  Except as expressly admitted, Defendants deny the allegations in Paragraph 53 of the *8AC*.

54.     Paragraph 54 of the *8AC*. contains mere legal argument and conclusions to which no response is required.  To the extent that a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 54 of the *8AC*, and, accordingly, deny such allegations.

55.     Defendants admit that WSI's 10-K for the fiscal year ending January 31, 2016 states:

> We have two reportable segments, e-commerce and retail. The e-commerce segment has the following merchandising strategies: Williams-Sonoma, Pottery Barn, Pottery Barn Kids, West Elm, PBteen, Williams-Sonoma Home, Rejuvenation and Mark and Graham, which sell our products through our e-commerce websites and direct-mail catalogs. Our e-commerce merchandising strategies are operating segments, which have been aggregated into one reportable segment, e-commerce. The retail segment has the following merchandising strategies: Williams-Sonoma, Pottery Barn, Pottery Barn Kids, West Elm and Rejuvenation, which sell our products through our retail stores. Our retail merchandising strategies are operating segments, which have been aggregated into one reportable segment, retail. Management's expectation is that the overall economic characteristics of each of our operating segments will be similar over time based on management's judgment that the operating segments have had similar historical economic characteristics and are expected to have similar long-term financial performance in the future.

These reportable segments are strategic business units that offer similar products for the home. They are managed separately because the business units utilize two distinct distribution and marketing strategies. Based on management's best estimate, our operating segments include allocations of certain expenses, including advertising and employment costs, to the extent they have been determined to benefit both channels. These operating segments are aggregated at the channel level for reporting purposes due to the fact that our brands are interdependent for economies of scale and we do not maintain fully allocated income statements at the brand level. As a result, material financial decisions related to the brands are made at the channel level. Furthermore, it is not practicable for us to report revenue by product group.

We use operating income to evaluate segment profitability. Operating income is defined as earnings (loss) before net interest income (expense) and income taxes. Unallocated costs before interest and income taxes include corporate employee-related costs, occupancy expenses (including depreciation expense), administrative costs and third party service costs, primarily in our corporate administrative and systems departments. Unallocated assets include corporate cash and cash equivalents, deferred income taxes, the net book value of corporate facilities and related information systems, and other corporate long-lived assets.

Income tax information by reportable segment has not been included as income taxes are calculated at a company-wide level and are not allocated to each reportable segment.

56.    Defendants admit that:  (a) WSI sells *Williams Sonoma Home* products in retail stores in the United States; (b) WSI advertises, markets, and sells bedding under the *Williams Sonoma Home* directly to consumers through *Williams Sonoma Home* catalogs and the e-commerce website at www.williams-sonoma.com; and (c) WSI is the registrant of the domains www.williams-sonoma.com,                www.williams-sonomahome.com,                and www.williamssonomahome.com.  Except as expressly admitted, Defendants deny the allegations in Paragraph 56 of the *8AC*.

57.    Defendants admit that:  (a) WSI advertises, markets, and sells bedding in the United States through *Pottery Barn* retail stores, catalogs, and websites including the websites at www.potterybarn.com, www.pbteen.com, www.pbdorm.com, www.potterybarnkids.com, and www.potterybarnbaby.com; (c) WSI is the current registrant of the domains www.potterybarn.com, www.pbteen.com, www.pbdorm.com, www.potterybarnkids.com, and www.potterybarnbaby.com; (c) the domain www.pbdorm.com automatically redirects to the webpage at the domain http://www.pbteen.com/pages/pbdorm/; and (d) the domain www.potterybarnbaby.com automatically redirects to the website at

http://www.potterybarnkids.com/.  Except as expressly admitted, Defendants deny the allegations of Paragraph 57 of the *8AC*.

58.     Defendants admit that WSI sells bedding in the United States through *West Elm* retail stores, catalogs, and the website available at the domain www.westelm.com and that WSI is the current registrant of the domain www.westelm.com.

59.     Defendants admit that:  (a) WSI owns copyrights associated with its catalogs and websites; (b) WSA prepares and distributes catalogs; and (c) they operate websites for WSI's "Brands."  Except as expressly admitted, Defendants deny the allegations in Paragraph 59 of the *8AC*.

60.     Defendants deny the allegations of Paragraph 60 of the *8AC*.

61.     Defendants admit WSI does not currently identify its "Brands," as defined in the *8AC*, as subsidiaries or other independent business entities separate from WSI on the websites for its "Brands" or in the catalogs for its "Brands."  Except as expressly admitted, Defendants deny the allegations of Paragraph 61 of the *8AC*.

62.     Paragraph 62 of the *8AC* contains mere legal argument and conclusions to which no response is required.  To the extent that a response is required, Defendants admit the current terms available on the websites at www.williams-sonoma.com, www.potterybarn.com, www.potterybarnkids.com, www.pbteen.com, www.westelm.com, www.rejuvenation.com, and www.markandgraham.com do not purport to be an agreement between a "Brand," as defined in the *8AC*, and a consumer.

63.     Defendants admit that the privacy policies currently available on the websites at www.williams-sonoma.com, www.potterybarn.com, www.potterybarnkids.com, www.pbteen.com, www.westelm.com, www.rejuvenation.com, and www.markandgraham.com state "[w]e are part of the Williams-Sonoma, Inc. Brands which includes Williams Sonoma, Pottery Barn, pottery barn kids, Pottery Barn Teen, west elm, Rejuvenation and Mark and Graham."

64.     Defendants admit that Paragraph 64 of the *8AC* appears to contain screenshots of portions of prior versions of certain of WSI's websites and that the red circles appears to indicate hyperlinks to the websites of WSI's "Brands," as defined in the *8AC*.

## "VI.    FACTUAL ALLEGATIONS COMMON TO ALL CLAIMS"

**"A.     Defendants Created a Reputation for Being Luxury and Quality Brands"**

65.     Defendants admit that the quoted language appeared at http://www.williams-sonoma.com/customer-service/about-us.html?cm_type=fnav on November 10, 2015.   The remaining allegations of Paragraph 65 of the *8AC* contain mere legal argument and conclusions to which no response is required.   To the extent that a response is required, Defendants deny the remaining allegations in Paragraph 65 of the *8AC*.

66.     Defendants admit that the quoted language currently appears on the webpage at http://www.williams-sonomainc.com/brands/williams-sonoma-home.html and appeared on that webpage on November 5, 2015.   The remaining allegations of Paragraph 66 of the *8AC* contain mere legal argument and conclusions to which no response is required.   To the extent that a response is required, Defendants deny the remaining allegations in Paragraph 66 of the *8AC*.

67.     Defendants admit that the quoted language appeared on the webpage at http://www.potterybarn.com/about-us/?cm_type=fnav on November 5, 2015.   The remaining allegations of Paragraph 67 of the *8AC* contain mere legal argument and conclusions to which no response is required.   To the extent that a response is required, Defendants deny the remaining allegations in Paragraph 67 of the *8AC*.

68.     Defendants admit that the quoted language appeared on the webpage at http://www.potterybarnkids.com/about-us/?cm_type=fnav on December 1, 2015.   The remaining allegations of Paragraph 68 of the *8AC* contain mere legal argument and conclusions to which no response is required.   To the extent that a response is required, Defendants deny the remaining allegations in Paragraph 68 of the *8AC*.

69.     Defendants admit that the quoted language appeared on the webpage at http://www.pbteen.com/about-us/?cm_type=fnav on December 1, 2015.   The remaining allegations of Paragraph 69 of the *8AC* contain mere legal argument and conclusions to which no

1   response is required.  To the extent that a response is required, Defendants deny the remaining

2   allegations in Paragraph 69 of the *8AC*.

3        70.      Defendants admit that: (a) the *West Elm* brand has a variety of furniture, décor, and

4   bedding     and     (b)     the     quoted     language     appeared     on     the     webpages     at

5   http://www.westelm.com/pages/about-us/our-vision/     and     http://www.williams-

6   sonomainc.com/brands/west-elm.html on December 30, 2015.  The remaining allegations of

7   Paragraph 70 of the *8AC* contain mere legal argument and conclusions to which no response is

8   required.  To the extent that a response is required, Defendants deny the remaining allegations in

9   Paragraph 70 of the *8AC*.

10  **"B.      ASTM D3775 Provides the Industry Standard Testing Protocol for Testing Thread**

11  **Count"**

12       71.      Defendants lack knowledge or information sufficient to form a belief as to the truth

13  of the allegations in Paragraph 71 of the *8AC* and, accordingly, deny such allegations.

14       72.      Defendants lack knowledge or information sufficient to form a belief as to the truth

15  of the allegations in Paragraph 72 of the *8AC*, and, accordingly, deny such allegations.

16       73.      Defendants lack knowledge or information sufficient to form a belief as to the truth

17  of the allegations in Paragraph 73 of the *8AC* and, accordingly, deny such allegations.

18       74.      Defendants lack knowledge or information sufficient to form a belief as to the truth

19  of the allegations in Paragraph 74 of the *8AC* and, accordingly, deny such allegations.

20       75.      Defendants lack knowledge or information sufficient to form a belief as to the truth

21  of the allegations in Paragraph 75 of the *8AC* and, accordingly, deny such allegations.

22       76.      Defendants admit that quoted language in Paragraph 76 of the *8AC* appears to be

23  from ASTM D3775-12 § 9.1.1.  Defendants lack knowledge or information sufficient to form a

24  belief as to the truth of the remaining allegations in Paragraph 76 of the *8AC*, and, accordingly,

25  deny such allegations.

26       77.      Defendants lack knowledge or information sufficient to form a belief as to the truth

27  of the allegations in Paragraph 77 of the *8AC*, and, accordingly, deny such allegations.

28

78.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 78 of the *8AC*, and, accordingly, deny such allegations.

79.     Defendants admit that the quoted language in Paragraph 79 of the *8AC* to appears be excerpted from the ASTM D3775-12 § 9.1.1.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 79 of the *8AC*, and, accordingly, deny such allegations.

80.     Defendants admit the quoted language – "is applicable to all types of woven fabrics" – appears to be excerpted from ASTM D3775-12 § 1.1.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 80 of the *8AC*, and, accordingly, deny such allegations.

81.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 81 of the *8AC* and, accordingly, deny such allegations.

82.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 82 of the *8AC* and, accordingly, deny such allegations.

83.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 83 of the *8AC* and, accordingly, deny such allegations.

84.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 84 of the *8AC* and, accordingly, deny such allegations.

85.     Defendants admit that Exhibit B to the *8AC* appears to include a documents purporting to be a Federal Trade Commission staff opinion, dated August 2, 2005 and addressed to the National Textile Association, which contains the language quoted in Paragraph 85 of the *8AC*. Defendants deny that Exhibit B includes "the National Textile Association's April 8, 1996 letter to the FTC…."  The remaining allegations of Paragraph 85 of the *8AC* contain mere legal argument and conclusions to which no response is required.   To the extent that a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 85 of the *8AC*, and, accordingly, deny such allegations.

86.     Paragraph 86 of the *8AC* contains mere legal argument and conclusions to which no response is required.   To the extent that a response is required, Defendants lack knowledge or

1  information sufficient to form a belief as to the truth of the allegations in Paragraph 86 of the *8AC*,

2  and, accordingly, deny such allegations.

3       87.    Paragraph 87 of the *8AC* contains mere legal argument and conclusions to which no

4  response is required.  To the extent that a response is required, Defendants lack knowledge or

5  information sufficient to form a belief as to the truth of the allegations in Paragraph 87 of the *8AC*,

6  and, accordingly, deny such allegations.

7       88.    Paragraph 88 of the *8AC* contains mere legal argument and conclusions to which no

8  response is required.  To the extent that a response is required, Defendants lack knowledge or

9  information sufficient to form a belief as to the truth of the allegations in Paragraph 88 of the *8AC*,

10  and, accordingly, deny such allegations.

11  **"D.    Defendants Use WSI's Reputation as a High-End Retailer to Deceive Consumers into**

12  **Believing Its False Thread Count Statements"**

13       89.    Paragraph 89 of the *8AC* contains mere legal argument and conclusions to which no

14  response is required.  To the extent that a response is required, Defendants lack knowledge or

15  information sufficient to form a belief as to the truth of the allegations in Paragraph 89 of the *8AC*,

16  and, accordingly, deny such allegations.

17       90.    Defendants lack knowledge or information sufficient to form a belief as to the truth

18  of the allegations in Paragraph 90 of the *8AC*, and, accordingly, deny such allegations.

19       91.    Defendants admit that the thread counts of certain of WSI's bedding products are

20  identified on a product's label, in WSI's catalogs, on WSI's websites, and/or in a product's name.

21  Except as expressly admitted, Defendants deny the allegations of Paragraph 91 of the *8AC*.

22       92.    Defendants lack knowledge or information sufficient to form a belief as to the truth

23  of the allegations in the first sentence of Paragraph 92 of the *8AC*, and, accordingly, deny such

24  allegations.  Defendants deny the allegations in the second sentence of Paragraph 92 of the *8AC*.

25       93.    Defendants deny the allegations of Paragraph 93 of the *8AC*.

26       94.    Defendants deny the allegations of Paragraph 94 of the *8AC*.

27       95.    Defendants admit that sheet sets *Williams Sonoma Home* "Signature 600-Thread-

28  Count Sateen Bedding" was offered for purchase from the website at www.williams-sonoma.com

for $489 or $499, depending on size.  Except as expressly admitted, Defendants deny the allegations of Paragraph 95 of the *8AC*.

96.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 96 of the *8AC*, and, accordingly, deny such allegations.

97.    Defendants admit that the language quoted in Paragraph 97 of the *8AC* was used to describe the *Williams Sonoma Home* "Signature 600-Thread-Count Sateen Bedding. "  Except as expressly admitted, Defendants deny the allegations of Paragraph 97 of the *8AC*.

98.    Defendants admit that Paragraph 98 of *8AC* contains a screenshot purporting to be a label on the back of packaging of the *Williams Sonoma Home* "Signature 600-Thread-Count Sateen Bedding."  Except as expressly admitted, Defendants deny the allegations of Paragraph 98 of the *8AC*.

99.    Paragraph 99 of the *8AC* contains mere legal argument and conclusions to which no response is required.  To the extent that a response is required, Defendants deny the allegations of Paragraph 99 of the *8AC*.

100.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 100 of the *8AC*, and, accordingly, deny such allegations.

101.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 101 of the *8AC*, and, accordingly, deny such allegations.

102.    Paragraph 102 of the *8AC* contains mere legal argument and conclusions to which no response is required.  To the extent that a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 102 of the *8AC*, and, accordingly, deny such allegations.

103.    Defendants admit that *Williams-Sonoma Home* "Signature 600-Thread-Count Sateen Bedding" was offered for purchase from www.williams-sonoma.com for $489 or $499, depending on size.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 103 of the *8AC*, and, accordingly, deny such allegations.

104.   Defendants admit that:  (a) *West Elm* "400-Thread-Count Organic Sateen Set" is offered on the website available at www.westelm.com; (b) Exhibit C to the *8AC* purports to be a capture of a portion of a webpage available at www.westelm.com; and (c) *Williams-Sonoma Home* "Signature 600-Thread-Count Sateen Bedding" was available for purchase from www.williams-sonoma.com for $489 or $499, depending on size.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 104 of the *8AC*, and, accordingly, deny such allegations.

105.   Defendants admit that:  (a) *Pottery Barn* "700-Thread-Count Sheet Set" was offered on the website at www.potterybarn.com; (b) Exhibit D to the *8AC* purports to be a capture of a portion of a webpage available at www.potterybarn.com; and (c) *Williams-Sonoma Home* "Signature 600-Thread-Count Sateen Bedding" was available for purchase from www.williams-sonoma.com for $489 or $499, depending on size.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 105 of the *8AC*, and, accordingly, deny such allegations.

106.   Defendants admit that:  (a) Group Exhibit E to the purports to be copies of portions webpages for the bedding products identified in Paragraph 106 of the *8AC*; and (b) *Pottery Barn* "Foundations Hotel Sateen Bedding" and *Pottery Barn* "Banded Hemstitch Bedding" have been discontinued.  Except as expressly admitted, Defendants deny the allegations of Paragraph 106 of the *8AC*.

107.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 107 of the *8AC*, and, accordingly, deny such allegations.

108.   Defendants admit that the words "600-thread-count two-ply" appear in Exhibit E-1 to the *8AC*.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 108 of the *8AC*, and, accordingly, deny such allegations.

109.   Defendants admit that the phrases "Jacquard-woven 600-thread-count duvets and shams display classic Greek key design" and "600-thread-count sateen sheeting is in coordinating solid light grey with dark grey cuffs on flat sheet and pillowcases" appear in Exhibit E-2 to the

1    *8AC*.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the

2    remaining allegations in Paragraph 109 of the *8AC*, and, accordingly, deny such allegations.

3         110.    Defendants admit that phrase "500-thread-count cotton sateen, printed with tone-

4    on-tone gray pattern" appears in Exhibit E-3 to the *8AC*.   Defendants lack knowledge or

5    information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 110

6    of the *8AC*, and, accordingly, deny such allegations.

7         111.    Defendants admit that the phrase "600 thread count {2-ply}" appears in Exhibit E-4

8    to the *8AC*.  Defendants lack knowledge or information sufficient to form a belief as to the truth of

9    the remaining allegations in Paragraph 111 of the *8AC*, and, accordingly, deny such allegations.

10        112.    Defendants admit that the phrase "400 THREAD COUNT (2 PLY)" appears in

11   Exhibit E-5 to the *8AC*.  Defendants lack knowledge or information sufficient to form a belief as

12   to the truth of the remaining allegations in Paragraph 112 of the *8AC*, and, accordingly, deny such

13   allegations.

14        113.    Defendants admit that the phrases "400-thread-count" and "2 ply" appear in Exhibit

15   E-6 to the *8AC*.  Defendants lack knowledge or information sufficient to form a belief as to the

16   truth of the remaining allegations in Paragraph 113 of the *8AC*, and, accordingly, deny such

17   allegations.

18        114.    Defendants admit that the phrase "400-thread count.  2-ply" appears in Exhibit E-7

19   to the *8AC*.  Defendants lack knowledge or information sufficient to form a belief as to the truth of

20   the remaining allegations in Paragraph 114 of the *8AC*, and, accordingly, deny such allegations.

21        115.    Defendants admit that the phrase "[t]his 400-thread-count Egyptian cotton sheeting

22   features our Easy-Care finish" appears in Exhibit E-8 to the *8AC*.  Defendants lack knowledge or

23   information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 115

24   of the *8AC*, and, accordingly, deny such allegations.

25        116.    Paragraph 116 of the *8AC* contains mere legal argument and conclusions to which

26   no response is required.  To the extent that a response is required, Defendants lack knowledge or

27   information sufficient to form a belief as to the truth of the allegations in Paragraph 116 of the

28   *8AC*, and, accordingly, deny such allegations.

117.    Paragraph 117 of the *8AC* contains mere legal argument and conclusions to which no response is required.  To the extent that a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 117 of the *8AC*, and, accordingly, deny such allegations.

118.    Paragraph 118 of the *8AC* contains mere legal argument and conclusions to which no response is required.  To the extent that a response is required, Defendants deny the allegations in Paragraph 118 of the *8AC*.

119.    Defendants deny the allegations in Paragraph 119 of the *8AC*.

120.    Defendants deny the allegations in the first sentence of Paragraph 120 of the *8AC*. Defendants admit that "Everyday Luxury Oxford Sheeting" was offered on the website at www.williams-sonoma.com for $239 or $259, depending on size.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 120 of the *8AC*, and, accordingly, deny such allegations.

121.    Paragraph 121 of the *8AC* contains mere legal argument and conclusions to which no response is required.  To the extent that a response is required, Defendants deny the allegations in Paragraph 121 of the *8AC*.

122.    Paragraph 122 of the *8AC* contains mere legal argument and conclusions to which no response is required.  To the extent that a response is required, Defendants deny the allegations in Paragraph 122 of the *8AC*.

123.    Paragraph 123 of the *8AC* contains mere legal argument and conclusions to which no response is required.  To the extent that a response is required, Defendants deny the allegations in the first, second, third, and fourth sentences of Paragraph 123 of the *8AC*.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the final sentence of Paragraph 123 of the *8AC*, and, accordingly, deny such allegations.

124.    Defendants deny the allegation in Paragraph 124 of the *8AC* that they "are actually engaged in an overall deception that allows Defendants to deceive reasonable consumers through passing off goods as ones that are really something else."   Defendants lack knowledge or

1    information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 124

2    of the *8AC*, and, accordingly, deny such allegations.

3         125.    Defendants deny the allegation in Paragraph 125 of the *8AC* that their "branding,

4    advertising, packaging, labeling, pricing, product placement, store location, store appearance and

5    employee policies" are "marketing deceptions" or "reinforce[]" purported "marketing deceptions."

6    Defendants lack knowledge or information sufficient to form a belief as to the truth of the

7    allegations in the second sentence of Paragraph 125 of the *8AC*, and, accordingly, deny such

8    allegations.  The remaining allegations in Paragraph 125 of the *8AC* contain mere legal argument

9    and conclusions to which no response is required.  To the extent that a response is required,

10   Defendants deny the remaining allegations in Paragraph 125 of the *8AC*.

11        126.    Defendants deny the allegations in Paragraph 126 of the *8AC*.

12        127.    Defendants deny the allegations in Paragraph 127 of the *8AC*.

13        128.    Defendants deny the allegations in Paragraph 128 of the *8AC*.

14        129.    Defendants deny the allegations in Paragraph 129 of the *8AC*.

15        130.    Defendants deny the allegations in Paragraph 130 of the *8AC*.

16        131.    Defendants deny the allegations in Paragraph 131 of the *8AC*.

17        132.    Defendants deny the allegations in Paragraph 132 of the *8AC*.

18        133.    Defendants deny the allegations in Paragraph 133 of the *8AC*.

19        134.    Paragraph 134 of the *8AC* contains mere legal argument and conclusions to which

20   no response is required.  To the extent that a response is required, Defendants lack knowledge or

21   information sufficient to form a belief as to the truth of the allegations in Paragraph 134 of the

22   *8AC* and, accordingly, deny such allegations.

23        135.    Paragraph 135 of the *8AC* contains mere legal argument and conclusions to which

24   no response is required.  To the extent that a response is required, Defendants lack knowledge or

25   information sufficient to form a belief as to the truth of the allegations in Paragraph 135 of the

26   *8AC* and, accordingly, deny such allegations.

27

28

136.   Defendants deny the allegations in the first sentence of Paragraph 136 of the *8AC*. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 136 of the *8AC*, and, accordingly, deny such allegations.

137.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 137 of the *8AC*, and, accordingly, deny such allegations.

138.   Defendants deny the allegations in Paragraph 138 of the *8AC*.

139.   Defendants admit that Plaintiffs purport to seek injunctive and restitutionary relief. Except as expressly admitted, Defendants deny the allegations of Paragraph 139 of the *8AC*.

140.   Defendants deny the allegations of Paragraph 140 of the *8AC*.

141.   Defendants deny the allegations of Paragraph 141 of the *8AC*.

142.   Paragraph 142 of the *8AC* contains mere legal argument and conclusions to which no response is required.  To the extent that a response is required, Defendants deny the allegations of Paragraph 142 of the *8AC*.

143.   Paragraph 143 of the *8AC* contains mere legal argument and conclusions to which no response is required.  To the extent that a response is required, Defendants deny the allegations of Paragraph 143 of the *8AC*.

## "VII.   APPLICATION OF THE DISCOVERY RULE AND THE FRAUDULENT CONCEALMENT DOCTRINE"

144.   Defendants deny that they supplied Plaintiffs or the putative class with false or misleading information or concealed material information from Plaintiffs or the putative class. The remaining allegations in Paragraph 144 of the *8AC* contain mere legal argument and conclusions to which no response is required.   To the extent that a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 144 of the *8AC*, and, accordingly, deny such allegations.

145.   Defendants deny that they actively deceived Plaintiffs and deny that they concealed Plaintiffs' or the putative class's causes of action. The remaining allegations in Paragraph 145 of the *8AC* contain mere legal argument and conclusions to which no response is required.  To the extent that a response is required, Defendants lack knowledge or information sufficient to form a

1  belief as to the truth of the allegations in Paragraph 145 of the *8AC*, and, accordingly, deny such

2  allegations.

3                              **"VIII. CLASS ACTION ALLEGATIONS"**

4          146.    Defendants admit that Perlin purports to bring this action on behalf of the putative

5  class described in Paragraph 146 of the *8AC*.  Except as expressly admitted, Defendants deny the

6  remaining allegation in Paragraph 146 of the *8AC*.

7          147.    Defendants admit that Perlin purports to exclude the individuals and entities from

8  the putative class described in Paragraph 147 of the *8AC*.  The remaining allegations in Paragraph

9  147 of the *8AC* contain mere legal argument and conclusions to which no response is required.  To

10  the extent that a response is required, Defendants deny the remaining allegations in Paragraph 147

11  of the *8AC*.

12  **"A.      Rule 23(a) & Section 1781(b) Elements"**

13          148.    Paragraph 148 of the *8AC* contains mere legal argument and conclusions to which

14  no response is required.  To the extent that a response is required, Defendants lack knowledge or

15  information sufficient to form a belief as to the truth of the allegations in Paragraph 148 of the

16  *8AC*, and, accordingly, deny such allegations.

17          149.    Paragraph 149 of the *8AC* contains mere legal argument and conclusions to which

18  no response is required.  To the extent that a response is required, Defendants lack knowledge or

19  information sufficient to form a belief as to the truth of the allegations in Paragraph 149 of the

20  *8AC*, and, accordingly, deny such allegations.

21          150.    Paragraph 150 of the *8AC* contains mere legal argument and conclusions to which

22  no response is required.  To the extent that a response is required, Defendants lack knowledge or

23  information sufficient to form a belief as to the truth of the allegations in Paragraph 150 of the

24  *8AC*, and, accordingly, deny such allegations.

25          151.    Paragraph 151 of the *8AC* contains mere legal argument and conclusions to which

26  no response is required.  To the extent that a response is required, Defendants lack knowledge or

27  information sufficient to form a belief as to the truth of the allegations in Paragraph 151 of the

28  *8AC*, and, accordingly, deny such allegations.

152.   Paragraph 152 of the *8AC* contains mere legal argument and conclusions to which no response is required.  To the extent that a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 152 of the *8AC*, and, accordingly, deny such allegations.

**"B.      Rule 23(b)(3)"**

153.   Paragraph 153 of the *8AC* contains mere legal argument and conclusions to which no response is required.  To the extent that a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 153 of the *8AC*, and, accordingly, deny such allegations.

154.   Paragraph 154 of the *8AC* contains mere legal argument and conclusions to which no response is required.  To the extent that a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 154 of the *8AC*, and, accordingly, deny such allegations.

155.   Paragraph 155 of the *8AC* contains mere legal argument and conclusions to which no response is required.  To the extent that a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 155 of the *8AC*, and, accordingly, deny such allegations.

156.   Paragraph 156 of the *8AC* contains mere legal argument and conclusions to which no response is required.  To the extent that a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 156 of the *8AC*, and, accordingly, deny such allegations.

157.   Paragraph 157 of the *8AC* contains mere legal argument and conclusions to which no response is required.  To the extent that a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 157 of the *8AC*, and, accordingly, deny such allegations.

**"PLAINTIFF WILLIAM RUSHING"**

158.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 158 of the *8AC*, and, accordingly, deny such allegations.

159.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 159 of the *8AC*, and, accordingly, deny such allegations.

160.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 160 of the *8AC*, and, accordingly, deny such allegations.

161.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 161 of the *8AC*, and, accordingly, deny such allegations.

162.    Defendants admit that the language quoted in Paragraph 162 of the *8AC* appeared on the webpage at http://www.williams-sonoma.com/products/signature-600-thread-count-sateen-sheeting/.  Except as expressly admitted, Defendants deny the allegations of Paragraph 162 of the *8AC*.

163.    Defendants admit that Paragraph 163 of the *8AC* purports to contain an image from the webpage for the *Williams-Sonoma Home* "Signature 600-Thread-Count Sateen Bedding." Except as expressly admitted, Defendants deny the allegations of Paragraph 163 of the *8AC*.

164.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 164 of the *8AC*, and, accordingly, deny such allegations.

165.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 165 of the *8AC*, and, accordingly, deny such allegations.

166.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 166 of the *8AC*, and, accordingly, deny such allegations.

167.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 167 of the *8AC*, and, accordingly, deny such allegations.

168.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 168 of the *8AC*, and, accordingly, deny such allegations.

169.    Paragraph 169 of the *8AC* contains mere legal argument and conclusions to which no response is required.  To the extent that a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 169 of the *8AC*, and, accordingly, deny such allegations.

1

**"PLAINTIFF ELIZABETH PERLIN"**

2      170.   Defendants lack knowledge or information sufficient to form a belief as to the truth

3  of the allegations in Paragraph 170 of the *8AC*, and, accordingly, deny such allegations.

4      171.   Defendants lack knowledge or information sufficient to form a belief as to the truth

5  of the allegations in Paragraph 171 of the *8AC*, and, accordingly, deny such allegations.

6      172.   Defendants lack knowledge or information sufficient to form a belief as to the truth

7  of the allegations in Paragraph 172 of the *8AC*, and, accordingly, deny such allegations.

8      173.   Defendants lack knowledge or information sufficient to form a belief as to the truth

9  of the allegations in Paragraph 173 of the *8AC*, and, accordingly, deny such allegations.

10     174.   Defendants lack knowledge or information sufficient to form a belief as to the truth

11  of the allegations in Paragraph 174 of the *8AC*, and, accordingly, deny such allegations.

12     175.   Defendants lack knowledge or information sufficient to form a belief as to the truth

13  of the allegations in Paragraph 175 of the *8AC*, and, accordingly, deny such allegations.

14     176.   Defendants lack knowledge or information sufficient to form a belief as to the truth

15  of the allegations in Paragraph 176 of the *8AC*, and, accordingly, deny such allegations.

16     177.   Defendants admit that Paragraph 177 of the *8AC* purports to contain images from a

17  webpage for *PB Classic* "400-THREAD-COUNT SHEET SET."  Defendants lack knowledge or

18  information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 177

19  of the *8AC*, and, accordingly, deny such allegations.

20     178.   Defendants lack knowledge or information sufficient to form a belief as to the truth

21  of the allegations in Paragraph 178 of the *8AC*, and, accordingly, deny such allegations.

22     179.   Defendants lack knowledge or information sufficient to form a belief as to the truth

23  of the allegations in Paragraph 179 of the *8AC*, and, accordingly, deny such allegations.

24     180.   Defendants lack knowledge or information sufficient to form a belief as to the truth

25  of the allegations in Paragraph 180 of the *8AC*, and, accordingly, deny such allegations.

26     181.   Defendants lack knowledge or information sufficient to form a belief as to the truth

27  of the allegations in Paragraph 181 of the *8AC*, and, accordingly, deny such allegations.

28

182.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 182 of the *8AC*, and, accordingly, deny such allegations.

183.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 183 of the *8AC*, and, accordingly, deny such allegations.

184.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 184 of the *8AC*, and, accordingly, deny such allegations.

185.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 185 of the *8AC*, and, accordingly, deny such allegations.

186.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 186 of the *8AC*, and, accordingly, deny such allegations.

187.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 187 of the *8AC*, and, accordingly, deny such allegations.

188.    Defendants deny the allegations in Paragraph 188 of the *8AC*.

189.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 189 of the *8AC*, and, accordingly, deny such allegations.

**"IX.    CLAIMS FOR RELIEF"**

**"COUNT ONE**

**Consumer Legal Remedies Act**

**(California Civil Code § 1750, et seq.)**

**(Class Only)"**

190.    Defendants incorporate by this reference their responses to Paragraphs 1 through 189 of the *8AC*.

191.    Defendants admit that Perlin purports to bring on "Count One" of the *8AC* behalf of the "Class" as defined in the *8AC*.

192.    Defendants admit that Perlin purports to bring this "Count One" of the *8AC* pursuant to California Consumer Legal Remedies Act, California Civil Code § 1750, *et seq.*  The remaining allegations in Paragraph 192 of the *8AC* contain mere legal argument and conclusions

1   to which no response is required.  To the extent that a response is required, Defendants deny the

2   remaining allegations in Paragraph 192 of the *8AC*.

3        193.   Paragraph 193 of the *8AC* contains mere legal argument and conclusions to which

4   no response is required.  To the extent that a response is required, Defendants lack knowledge or

5   information sufficient to form a belief as to the truth of the allegations in Paragraph 193 of the

6   *8AC* and, accordingly, deny such allegations.

7        194.   Paragraph 194 of the *8AC* contains mere legal argument and conclusions to which

8   no response is required.  To the extent that a response is required, Defendants lack knowledge or

9   information sufficient to form a belief as to the truth of the allegations in Paragraph 194 of the

10  *8AC* and, accordingly, deny such allegations.

11       195.   Paragraph 195 of the *8AC* contains mere legal argument and conclusions to which

12  no response is required.  To the extent that a response is required, Defendants lack knowledge or

13  information sufficient to form a belief as to the truth of the allegations in Paragraph 195 of the

14  *8AC* and, accordingly, deny such allegations.

15       196.   Paragraph 196 of the *8AC* contains mere legal argument and conclusions to which

16  no response is required.  To the extent that a response is required, Defendants lack knowledge or

17  information sufficient to form a belief as to the truth of the allegations in Paragraph 196 of the

18  *8AC* and, accordingly, deny such allegations.

19       197.   Paragraph 197 of the *8AC* contains mere legal argument and conclusions to which

20  no response is required.  To the extent that a response is required, Defendants lack knowledge or

21  information sufficient to form a belief as to the truth of the allegations in Paragraph 197 of the

22  *8AC* and, accordingly, deny such allegations.

23  **"A.   Affirmative Misrepresentations"**

24       198.   Defendants admit that thread count is a measurable attribute of fabric that can be

25  determined by visual inspection.  Defendants lack knowledge or information sufficient to form a

26  belief as to the truth of the remaining allegations in Paragraph 198 of the *8AC* and, accordingly,

27  deny such allegations.

28

199.    Defendants admit that consumer facing labels or marketing and advertising material for the bedding products at issue in the *8AC* are not required to state thread count.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 199 of the *8AC* and, accordingly, deny such allegations.

200.    Defendants deny the allegations of Paragraph 200 of the *8AC*.

201.    Defendants deny the allegation in the first sentence that "Defendants labeled, advertised, marketed the bedding Mrs. Perlin purchased as being constructed of 600 thread count fabric…."  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 201 of the *8AC*, and, accordingly, deny such allegations.

202.    Defendants admit that the quoted language in Paragraph 202 of the *8AC* appears in their motion to dismiss Rushing's third amended complaint (Dkt. 26).   Except as expressly admitted, Defendants deny the allegations of Paragraph 202 of the *8AC*.

203.    Defendants deny the allegations of Paragraph 203 of the *8AC*.

204.    Defendants deny that they have mislabeled the "Bedding Products," as defined in the *8AC*, to assert false thread counts.  The remaining allegations in Paragraph 204 of the *8AC* contain mere legal argument and conclusions to which no response is required.  To the extent that a response is required, Defendants deny the remaining allegations of Paragraph 204 of the *8AC*.

205.    Defendants deny that they have mislabeled the "Bedding Products," as defined in the *8AC*, to reflect a thread count materially higher than that which they actually had.  The remaining allegations in Paragraph 205 of the *8AC* contain mere legal argument and conclusions to which no response is required.  To the extent that a response is required, Defendants deny the allegations of Paragraph 205 of the *8AC*.

206.    Defendants deny that they have misrepresented the thread counts of the "Bedding Products," as defined in the *8AC*.  The remaining allegations in Paragraph 206 of the *8AC* contain mere legal argument and conclusions to which no response is required.  To the extent that a response is required, Defendants deny the allegations of Paragraph 206 of the *8AC*.

**"B.    Exclusive Knowledge of Material Facts Not Known or Reasonably Accessible to Consumers"**

207.   Paragraph 207 of the *8AC* contains mere legal argument and conclusions to which no response is required.  To the extent that a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 207 of the *8AC*, and, accordingly, deny such allegations.

208.   Defendants admit that:  (a) WSI provides thread count information for some of its bedding and has access to thread count information for that bedding; and (b) the "Return Policy" available on the webpage at http://www.williams-sonoma.com/products/monogrammed-classic-greek-key-bedding/?pkey=chome-sheet-sets&&chome-sheet-sets includes the language quoted in Paragraph 208 of the *8AC*.  The remaining allegations in Paragraph 208 of the *8AC* contain mere legal argument and conclusions to which no response is required.  To the extent that a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 208 of the *8AC*, and, accordingly, deny such allegations.

209.   Paragraph 209 of the *8AC* contains mere legal argument and conclusions to which no response is required.  To the extent that a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 209 of the *8AC*, and, accordingly, deny such allegations.

210.   Defendants deny the allegations in the first sentence of Paragraph 210 of the *8AC*. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 210 of the *8AC*, and, accordingly, deny such allegations.

**"C.   Omissions of Material Facts"**

211.   Defendants deny the allegations in Paragraph 211 of the *8AC*.

212.   Paragraph 212 of the *8AC* contains mere legal argument and conclusions to which no response is required.  To the extent that a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 212 of the *8AC*, and, accordingly, deny such allegations.

213.   Defendants deny the allegations of Paragraph 213 of the *8AC*.

214.   Paragraph 214 of the *8AC* contains mere legal argument and conclusions to which no response is required.  To the extent that a response is required, Defendants lack knowledge or

1    information sufficient to form a belief as to the truth of the allegations in Paragraph 214 of the
2    *8AC*, and, accordingly, deny such allegations.

3        215.    Paragraph 215 of the *8AC* contains mere legal argument and conclusions to which
4    no response is required.  To the extent that a response is required, Defendants deny the allegations
5    of Paragraph 215 of the *8AC*.

6        216.    Defendants deny the allegations of Paragraph 216 of the *8AC*.

7        217.    Paragraph 217 of the *8AC* contains mere legal argument and conclusions to which
8    no response is required.  To the extent that a response is required, Defendants deny the allegations
9    of Paragraph 217 of the *8AC*.

10       218.    Paragraph 218 of the *8AC* contains mere legal argument and conclusions to which
11   no response is required.  To the extent that a response is required, Defendants deny the allegations
12   of Paragraph 218 of the *8AC*.

13       219.    Paragraph 219 of the *8AC* contains mere legal argument and conclusions to which
14   no response is required.  To the extent that a response is required, Defendants deny the allegations
15   of Paragraph 219 of the *8AC*.

16       220.    Paragraph 220 of the *8AC* contains mere legal argument and conclusions to which
17   no response is required.  To the extent that a response is required, Defendants deny the allegations
18   of Paragraph 220 of the *8AC*.

19       221.    Paragraph 221 of the *8AC* contains mere legal argument and conclusions to which
20   no response is required.  To the extent that a response is required, Defendants deny the allegations
21   of Paragraph 221 of the *8AC*.

22       222.    Paragraph 222 of the *8AC* contains mere legal argument and conclusions to which
23   no response is required.  To the extent that a response is required, Defendants deny the allegations
24   of Paragraph 222 of the *8AC*.

25   **"D.    Active Concealment"**

26       223.    Paragraph 223 of the *8AC* contains mere legal argument and conclusions to which
27   no response is required.  To the extent that a response is required, Defendants deny the allegations
28   of Paragraph 223 of the *8AC*.

224. Defendants admit that WSI and others were named in a putative class action, captioned *Schickel v. Williams-Sonoma, Inc.*, and that Plaintiffs have attached a document purporting to be a copy of the complaint in that action as Exhibit F to the *8AC*. The remaining allegations in Paragraph 224 of the *8AC* contain mere legal argument and conclusions to which no response is required. To the extent that a response is required, Defendants deny the remaining allegations of Paragraph 224 of the *8AC*.

225. Defendants admit that Plaintiffs have attached a copy of a document purporting to be WSI's answer in the *Schickel* action as Exhibit G to the *8AC*. The remaining allegations in Paragraph 225 of the *8AC* contain mere legal argument and conclusions to which no response is required. To the extent that a response is required, Defendants deny the remaining allegations of Paragraph 225 of the *8AC*.

226. Defendants admit that Plaintiffs have attached documents purporting to be excerpts from HTSUS's Chapter 52 and General Rules of Interpretation as Exhibits H and I to the *8AC*. The remaining allegations of Paragraph 226 of the *8AC* contain mere legal argument and conclusions to which no response is required. To the extent that a response is required, Defendants deny the remaining allegations in Paragraph 226 of the *8AC*.

227. Defendants admit that Plaintiffs have attached documents purporting to be copies of U.S. Customs tariff classification rulings and excerpts from HTSUS Chapter 63 as Exhibits J, K, L, and M to the *8AC*. The remaining allegations of Paragraph 227 of the *8AC* contain mere legal argument and conclusions to which no response is required. To the extent that a response is required, Defendants deny the remaining allegations in Paragraph 227 of the *8AC*.

228. Defendants deny the allegations in Paragraph 228 of the *8AC*.

229. Paragraph 229 of the *8AC* contains mere legal argument and conclusions to which no response is required. To the extent that a response is required, Defendants deny the allegations of Paragraph 229 of the *8AC*.

230. Defendants deny the allegations in Paragraph 230 of the *8AC*.

231. Defendants deny the allegations in Paragraph 231 of the *8AC*.

232. Defendants deny the allegations in Paragraph 232 of the *8AC*.

233.     Paragraph 233 of the *8AC* contains mere legal argument and conclusions to which no response is required.  To the extent that a response is required, Defendants deny the allegations in Paragraph 233 of the *8AC*.

234.     Paragraph 234 of the *8AC* contains mere legal argument and conclusions to which no response is required.  To the extent that a response is required, Defendants deny the allegations in Paragraph 234 of the *8AC*.

235.     Paragraph 235 of the *8AC* contains mere legal argument and conclusions to which no response is required.  To the extent that a response is required, Defendants deny the allegations in Paragraph 235 of the *8AC*.

236.     Paragraph 236 of the *8AC* contains mere legal argument and conclusions to which no response is required.  To the extent that a response is required, Defendants deny the allegations in Paragraph 236 of the *8AC*.

237.     Paragraph 237 of the *8AC* contains mere legal argument and conclusions to which no response is required.  To the extent that a response is required, Defendants deny the allegations in Paragraph 237 of the *8AC*.

238.     Paragraph 238 of the *8AC* contains mere legal argument and conclusions to which no response is required.  To the extent that a response is required, Defendants deny the allegations in Paragraph 238 of the *8AC*.

239.     Paragraph 239 of the *8AC* contains mere legal argument and conclusions to which no response is required.  To the extent that a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 239 of the *8AC*, and, accordingly, deny such allegations.

240.     Paragraph 240 of the *8AC* contains mere legal argument and conclusions to which no response is required.  To the extent that a response is required, Defendants deny the allegations in Paragraph 240 of the *8AC*.

241.     Defendants admit that Perlin seeks the relief described in Paragraph 241 of the *8AC* but deny that Perlin and the putative class are entitled to any relief whatsoever.

242. Paragraph 242 of the *8AC* contains mere legal argument and conclusions to which no response is required. To the extent that a response is required, Defendants deny the allegations in Paragraph 242 of the *8AC*.

243. Defendants admit that Perlin has attached a document purporting to be a venue affidavit as Exhibit A to the *8AC*. The remaining allegations in Paragraph 243 of the *8AC* contain mere legal argument and conclusions to which no response is required. To the extent that a response is required, Defendants deny the remaining allegations in Paragraph 243 of the *8AC*.

244. Paragraph 244 of the *8AC* contains mere legal argument and conclusions to which no response is required. To the extent that a response is required, Defendants deny the allegations in Paragraph 244 of the *8AC*.

245. Defendants admit that: (a) their counsel received email service of Rushing's purported CLRA Notice Letter on May 4, 2016 pursuant to agreement of the parties; (2) Rushing sent additional copies of his purported CLRA Notice Letter to 3250 Van Ness Avenue, San Francisco California; and (3) Plaintiffs have attached copies of Rushing's purported CLRA Notice Letter and transmittal email as Exhibits N to the *8AC* and documents purporting to be the certified mail receipts as Exhibit O to the *8AC*. The remaining allegations in Paragraph 245 of the *8AC* contain mere legal argument and conclusions to which no response is required. To the extent that a response is required, Defendants deny the remaining allegations in Paragraph 245 of the *8AC*.

246. Defendants admit that Rushing amended his complaint after June 3, 2016. The remaining allegations in Paragraph 246 of the *8AC* contain mere legal argument and conclusions to which no response is required. To the extent that a response is required, Defendants deny the remaining allegations in Paragraph 246 of the *8AC*.

247. Defendants admit that: (a) they received Rushing's purported Amended CLRA Notice Letter via certified mail on September 19, 2016 and by email on September 14, 2016; and (b) that the purported Amended CLRA Notice Letter, the transmittal email, documents purporting to be the certified mail receipts, and a document purporting to be a screen shot of the United States Postal Service's tracking page are attached as Exhibits P, Q, and R to the *8AC*. The remaining allegations in Paragraph 247 of the *8AC* contain mere legal argument and conclusions to which no

1    response is required.  To the extent that a response is required, Defendants deny the remaining

2    allegations in Paragraph 247 of the *8AC*.

3         248.    Paragraph 248 of the *8AC* contains mere legal argument and conclusions to which

4    no response is required.  To the extent that a response is required, Defendants deny the allegations

5    in Paragraph 248 of the *8AC*.

6         249.    Defendants admit that Rushing amended his complaint after October 20, 2016

7    without leave of court.  The remaining allegations in Paragraph 249 of the *8AC* contain mere legal

8    argument and conclusions to which no response is required.  To the extent that a response is

9    required, Defendants deny the remaining allegations in Paragraph 249 of the *8AC*.

10        250.    Defendants admit that Perlin sent a purported CLRA notice letter on or around June

11   5, 2020.  The remaining allegations in Paragraph 250 of the *8AC* contain mere legal argument and

12   conclusions to which no response is required.  To the extent that a response is required,

13   Defendants deny the remaining allegations in Paragraph 250 of the *8AC*.

14        251.    Paragraph 251 of the *8AC* contains mere legal argument and conclusions to which

15   no response is required.  To the extent that a response is required, Defendants admit that Perlin

16   purports to seek the relief described in Paragraph 251 of the *8AC* but deny that Perlin and the

17   putative class are entitled to any relief whatsoever.

18                          **"COUNT TWO**

19                **Misleading and Deceptive Advertising**

20            **(Business and Professions Code § 17500, *et seq.*)"**

21        252.    Defendants incorporate by this reference their responses to Paragraphs 1 through

22   251 of the *8AC*.

23        253.    Paragraph 253 of the *8AC* contains mere legal argument and conclusions to which

24   no response is required.  To the extent that a response is required, Defendants admit that Perlin

25   purports to bring this cause of action for violations of California Business and Professions Code §

26   17500 but deny that she has effectively done so.

27

28

254.    Paragraph 254 of the *8AC* contains mere legal argument and conclusions to which no response is required.  To the extent that a response is required, Defendants deny the allegations of Paragraph 254 of the *8AC*.

255.    Paragraph 255 of the *8AC* contains mere legal argument and conclusions to which no response is required.  To the extent that a response is required, Defendants deny the allegations of Paragraph 255 of the *8AC*.

256.    Paragraph 256 of the *8AC* contains mere legal argument and conclusions to which no response is required.  To the extent that a response is required, Defendants deny the allegations of Paragraph 256 of the *8AC*.

257.    Paragraph 257 of the *8AC* contains mere legal argument and conclusions to which no response is required.  To the extent that a response is required, Defendants deny the allegations of Paragraph 257 of the *8AC*.

258.    Defendants admit that Perlin seeks relief as described in Paragraph 258 of the *8AC* but deny that Perlin or the putative class is entitled to any relief whatsoever.

**"COUNT THREE**

**Untrue Advertising**

**(Business and Professions Code § 17500, *et seq.*)"**

259.    Defendants incorporate by this reference their responses to Paragraphs 1 through 258 of the *8AC*.

260.    Paragraph 260 of the *8AC* contains mere legal argument and conclusions to which no response is required.  To the extent that a response is required, Defendants deny the allegations of Paragraph 260 of the *8AC*.

261.    Paragraph 261 of the *8AC* contains mere legal argument and conclusions to which no response is required.  To the extent that a response is required, Defendants deny the allegations of Paragraph 261 of the *8AC*.

262.    Paragraph 262 of the *8AC* contains mere legal argument and conclusions to which no response is required.  To the extent that a response is required, Defendants deny the allegations of Paragraph 262 of the *8AC*.

263.    Paragraph 263 of the *8AC* contains mere legal argument and conclusions to which no response is required.  To the extent that a response is required, Defendants deny the allegations of Paragraph 263 of the *8AC*.

264.    Paragraph 264 of the *8AC* contains mere legal argument and conclusions to which no response is required.  To the extent that a response is required, Defendants deny the allegations of Paragraph 264 of the *8AC*.

265.    Paragraph 265 of the *8AC* contains mere legal argument and conclusions to which no response is required.  To the extent that a response is required, Defendants deny the allegations of Paragraph 265 of the *8AC*.

266.    Paragraph 266 of the *8AC* contains mere legal argument and conclusions to which no response is required.  To the extent that a response is required, Defendants deny the allegations of Paragraph 266 of the *8AC*.

267.    Paragraph 267 of the *8AC* contains mere legal argument and conclusions to which no response is required.  To the extent that a response is required, Defendants admit that Perlin seeks relief as described in Paragraph 267 of the *8AC* but deny that Perlin or the putative class is entitled to any relief whatsoever.

**"COUNT FOUR**

**Unlawful Business Practices**

**(Unfair Competition Law – Business and Professions Code § 17200, *et seq.*)"**

268.    Defendants incorporate by this reference their responses to Paragraphs 1 through 267 of the *8AC*.

269.    Paragraph 269 of the *8AC* contains mere legal argument and conclusions to which no response is required.  To the extent that a response is required, Defendants deny the allegations of Paragraph 269 of the *8AC*.

270.    Paragraph 270 of the *8AC* contains mere legal argument and conclusions to which no response is required.  To the extent that a response is required, Defendants deny the allegations of Paragraph 270 of the *8AC*.

271.     Paragraph 271 of the *8AC* contains mere legal argument and conclusions to which no response is required.  To the extent that a response is required, Defendants deny the allegations of Paragraph 271 of the *8AC*.

272.     Paragraph 272 of the *8AC* contains mere legal argument and conclusions to which no response is required.  To the extent that a response is required, Defendants deny the allegations of Paragraph 272 of the *8AC*.

273.     Paragraph 273 of the *8AC* contains mere legal argument and conclusions to which no response is required.  To the extent that a response is required, Defendants deny the allegations of Paragraph 273 of the *8AC*.

274.     Paragraph 274 of the *8AC* contains mere legal argument and conclusions to which no response is required.  To the extent that a response is required, Defendants deny the allegations of Paragraph 274 of the *8AC*.

275.     Paragraph 275 of the *8AC* contains mere legal argument and conclusions to which no response is required.  To the extent that a response is required, Defendants deny the allegations of Paragraph 275 of the *8AC*.

276.     Paragraph 276 of the *8AC* contains mere legal argument and conclusions to which no response is required.  To the extent that a response is required, Defendants deny the allegations of Paragraph 276 of the *8AC*.

277.     Paragraph 277 of the *8AC* contains mere legal argument and conclusions to which no response is required.  To the extent that a response is required, Defendants admit that Perlin seeks relief as described in Paragraph 277 of the *8AC* but deny that Perlin or the putative class is entitled to any relief whatsoever.

### "COUNT FIVE

### Unfair Business Practices

### (Unfair Competition Law – Business and Professions Code § 17200, *et seq.*)"

278.     Defendants incorporate by this reference their responses to Paragraphs 1 through 277 of the *8AC*.

1    279.    Paragraph 279 of the *8AC* contains mere legal argument and conclusions to which

2  no response is required.  To the extent that a response is required, Defendants deny the allegations

3  of Paragraph 279 of the *8AC*.

4    280.    Paragraph 280 of the *8AC* contains mere legal argument and conclusions to which

5  no response is required.  To the extent that a response is required, Defendants deny the allegations

6  of Paragraph 280 of the *8AC*.

7    281.    Paragraph 281 of the *8AC* contains mere legal argument and conclusions to which

8  no response is required.  To the extent that a response is required, Defendants deny the allegations

9  of Paragraph 281 of the *8AC*.

10    282.    Paragraph 282 of the *8AC* contains mere legal argument and conclusions to which

11  no response is required.  To the extent that a response is required, Defendants deny the allegations

12  of Paragraph 282 of the *8AC*.

13    283.    Paragraph 283 of the *8AC* contains mere legal argument and conclusions to which

14  no response is required.  To the extent that a response is required, Defendants deny the allegations

15  of Paragraph 283 of the *8AC*.

16    284.    Paragraph 284 of the *8AC* contains mere legal argument and conclusions to which

17  no response is required.  To the extent that a response is required, Defendants deny the allegations

18  of Paragraph 284 of the *8AC*.

19    285.    Paragraph 285 of the *8AC* contains mere legal argument and conclusions to which

20  no response is required.  To the extent that a response is required, Defendants deny the allegations

21  of Paragraph 285 of the *8AC*.

22    286.    Defendants deny that Perlin or any putative class member was injured as a result of

23  the conduct alleged in the *8AC*.  Defendants lack knowledge or information sufficient to form a

24  belief as to the truth of the remaining allegations in Paragraph 286 of the *8AC*, and, accordingly,

25  deny such allegations.

26    287.    Paragraph 287 of the *8AC* contains mere legal argument and conclusions to which

27  no response is required.  To the extent that a response is required, Defendants deny the allegations

28  of Paragraph 287 of the *8AC*.

1    288.    Paragraph 288 of the *8AC* contains mere legal argument and conclusions to which

2    no response is required.  To the extent that a response is required, Defendants admit that Perlin

3    seeks relief as described in Paragraph 288 of the *8AC* but deny that Perlin or the putative class is

4    entitled to any relief whatsoever.

5                                        **"COUNT SIX**

6                               **Fraudulent Business Practices**

7      **(Unfair Competition Law – Business and Professions Code § 17200, *et seq*.)"**

8    289.    Defendants incorporate by this reference their responses to Paragraphs 1 through

9    288 of the *8AC*.

10   290.    Paragraph 290 of the *8AC* contains mere legal argument and conclusions to which

11   no response is required.  To the extent that a response is required, Defendants deny the allegations

12   of Paragraph 290 of the *8AC*.

13   291.    Paragraph 291 of the *8AC* contains mere legal argument and conclusions to which

14   no response is required.  To the extent that a response is required, Defendants deny the allegations

15   of Paragraph 291 of the *8AC*.

16   292.    Paragraph 292 of the *8AC* contains mere legal argument and conclusions to which

17   no response is required.  To the extent that a response is required, Defendants deny the allegations

18   of Paragraph 292 of the *8AC*.

19   293.    Paragraph 293 of the *8AC* contains mere legal argument and conclusions to which

20   no response is required.  To the extent that a response is required, Defendants deny the allegations

21   of Paragraph 293 of the *8AC*.

22   294.    Paragraph 294 of the *8AC* contains mere legal argument and conclusions to which

23   no response is required.  To the extent that a response is required, Defendants deny the allegations

24   of Paragraph 294 of the *8AC*.

25   295.    Paragraph 295 of the *8AC* contains mere legal argument and conclusions to which

26   no response is required.  To the extent that a response is required, Defendants deny the allegations

27   of Paragraph 295 of the *8AC*.

28

296.    Paragraph 296 of the *8AC* contains mere legal argument and conclusions to which no response is required.  To the extent that a response is required, Defendants deny the allegations of Paragraph 296 of the *8AC*.

297.    Paragraph 297 of the *8AC* contains mere legal argument and conclusions to which no response is required.  To the extent that a response is required, Defendants admit that Perlin seeks relief as described in Paragraph 297 of the *8AC* but deny that Perlin or the putative class is entitled to any relief whatsoever.

**"COUNT SEVEN**

**Unjust Enrichment**

**(*As to Defendants' [sic] WSI*)**

**(Class and Plaintiff Rushing)"**

298.    Defendants incorporate by this reference their responses to Paragraphs 1 through 297 of the *8AC*.

299.    Paragraph 299 of the *8AC* contains mere legal argument and conclusions to which no response is required.  To the extent that a response is required, Defendants deny the allegations of Paragraph 299 of the *8AC*.

300.    Paragraph 300 of the *8AC* contains mere legal argument and conclusions to which no response is required.  To the extent that a response is required, Defendants deny the allegations of Paragraph 300 of the *8AC*.

301.    Paragraph 301 of the *8AC* contains mere legal argument and conclusions to which no response is required.  To the extent that a response is required, Defendants deny the allegations of Paragraph 301 of the *8AC*.

302.    Paragraph 302 of the *8AC* contains mere legal argument and conclusions to which no response is required.  To the extent that a response is required, Defendants deny the allegations of Paragraph 302 of the *8AC*.

303.    Paragraph 303 of the *8AC* contains mere legal argument and conclusions to which no response is required.  To the extent that a response is required, Defendants deny the allegations of Paragraph 303 of the *8AC*.

**"COUNT EIGHT**

**KENTUCKY CONSUMER PROTECTION ACT**

**(Ky. Rev. Stat. § 367.110, et seq.**

**(Plaintiff Rushing Only)"**

304.    Defendants incorporate by this reference their responses to Paragraphs 1 through 303 the *8AC*.

305.    Paragraph 305 of the *8AC* contains mere legal argument and conclusions to which no response is required.  To the extent that a response is required, Defendants admit that Rushing purports to assert this cause of action on behalf of himself, but deny that he has done so.

306.    Paragraph 306 of the *8AC* contains mere legal argument and conclusions to which no response is required.  To the extent that a response is required, Defendants deny the allegations of Paragraph 306 of the *8AC*.

307.    Paragraph 307 of the *8AC* contains mere legal argument and conclusions to which no response is required.  To the extent that a response is required, Defendants deny the allegations of Paragraph 307 of the *8AC*.

308.    Defendants deny that they have made misstatements of fact regarding their bedding including by overstating bedding's thread-count.  The remaining allegations of Paragraph 308 of the *8AC* contain mere legal argument and conclusions to which no response is required.  To the extent that a response is required, Defendants deny the remaining allegations of Paragraph 308 of the *8AC*.

309.    Paragraph 309 of the *8AC* contains mere legal argument and conclusions to which no response is required.  To the extent that a response is required, Defendants deny the allegations of Paragraph 309 of the *8AC*.

310.    Paragraph 310 of the *8AC* contains mere legal argument and conclusions to which no response is required.  To the extent that a response is required, Defendants deny the allegations of Paragraph 310 of the *8AC*.

311.    Paragraph 311 of the *8AC* contains mere legal argument and conclusions to which no response is required.  To the extent that a response is required, Defendants lack knowledge or

1    information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 311

2    of the *8AC*, and, accordingly, deny such allegations.

3          312.    Paragraph 312 of the *8AC* contains mere legal argument and conclusions to which

4    no response is required.  To the extent that a response is required, Defendants lack knowledge or

5    information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 312

6    of the *8AC*, and, accordingly, deny such allegations.

7          313.    Paragraph 313 of the *8AC* contains mere legal argument and conclusions to which

8    no response is required.  To the extent that a response is required, Defendants deny the allegations

9    of Paragraph 313 of the *8AC*.

10         314.    Paragraph 314 of the *8AC* contains mere legal argument and conclusions to which

11   no response is required.  To the extent that a response is required, Defendants deny the allegations

12   of Paragraph 314 of the *8AC*.

13         315.    Paragraph 315 of the *8AC* contains mere legal argument and conclusions to which

14   no response is required.  To the extent that a response is required, Defendants deny the allegations

15   of Paragraph 315 of the *8AC*.

16         316.    Paragraph 316 of the *8AC* contains mere legal argument and conclusions to which

17   no response is required.  To the extent that a response is required, Defendants deny the allegations

18   of Paragraph 316 of the *8AC*.

19         317.    Paragraph 317 of the *8AC* contains mere legal argument and conclusions to which

20   no response is required.  To the extent that a response is required, Defendants deny the allegations

21   of Paragraph 317 of the *8AC*.

22         318.    Paragraph 318 of the *8AC* contains mere legal argument and conclusions to which

23   no response is required.  To the extent that a response is required, Defendants deny the allegations

24   of Paragraph 318 of the *8AC*.

25         319.    Paragraph 319 of the *8AC* contains mere legal argument and conclusions to which

26   no response is required.  To the extent that a response is required, Defendants admit that Rushing

27   purports to seek the remedies alleged in Paragraph 319 of the *8AC* but deny that he is entitled to

28   any relief whatsoever.

**"X.   PRAYER FOR RELIEF"**

WSI denies that Plaintiffs and the putative class are entitled to any relief whatsoever, including the relief requested in *8AC*'s Prayer for Relief.

<u>**AFFIRMATIVE DEFENSES**</u>

**FIRST AFFIRMATIVE DEFENSE**

(*Lack of Subject Matter Jurisdiction*)

1.     The Court lacks subject matter jurisdiction over the claims asserted in the *8AC*.

**SECOND AFFIRMATIVE DEFENSE**

(*Failure To State A Claim*)

2.     The *8AC* fails to state facts sufficient to constitute a claim for relief against Defendants.

**THIRD AFFIRMATIVE DEFENSE**

(*Statute of Limitations*)

3.     The *8AC* is barred, in whole or in part, by the applicable statutes of limitations.

**FOURTH AFFIRMATIVE DEFENSE**

(*Laches*)

4.     The *8AC* is barred, in whole or in part, by the doctrine of laches.

**FIFTH AFFIRMATIVE DEFENSE**

(*Safe Harbor*)

5.     Defendants' conduct is protected by the safe harbor recognized in *Alvarez v. Chevron Corp.*, 656 F.3d 925, 933-34 (9th Cir. 2011) because Defendants' conduct was authorized by 19 C.F.R. § 141.89.

**SIXTH AFFIRMATIVE DEFENSE**

(*Fair Competition/Business Economic Justification*)

6.     Plaintiffs' claims, and/or those of the putative class, are barred, in whole or in part, because the conduct alleged in the *8AC* constituted fair competition, and was reasonable, based on independent and legitimate business and economic justifications, and without the purpose, intent, or effect of injuring Plaintiffs.

**SEVENTH AFFIRMATIVE DEFENSE**

(*No Damages*)

7.      Plaintiffs and the putative class did not suffer any damages and are not otherwise entitled to any monetary restitution as a result of any action taken by Defendants.

**EIGHTH AFFIRMATIVE DEFENSE**

(*Lack of Causation*)

8.      Any damages that Plaintiffs or the putative class may have suffered were not directly or proximately caused, in whole or in part, by Defendants, and must be decreased to the extent the acts or omissions of Plaintiffs, the putative class, or any third party were the cause of those damages.

**NINTH AFFIRMATIVE DEFENSE**

(*This Action Is Not Appropriate For Class Treatment*)

9.      Class treatment under Federal Rule of Civil Procedure 23 is inappropriate for this action because Perlin is not an adequate representative, Perlin's claims are not typical of the claims of the putative class she purports to represent, Perlin's claims are subject to unique defenses including statutes of limitations and laches, the putative class is not ascertainable, common questions of law and fact do not predominate over any common issues, class treatment is not superior to other available methods of resolving the controversy, and a class action would be unmanageable.

**TENTH AFFIRMATIVE DEFENSE**

(*Waiver*)

10.      Plaintiffs' claims, and those of the putative class, are barred in whole or in part by the doctrine of waiver.

**ELEVENTH AFFIRMATIVE DEFENSE**

(*Estoppel*)

11.      Plaintiffs' claims, and those of the putative class, are barred in whole or in part by the doctrine of estoppel.

**TWELFTH AFFIRMATIVE DEFENSE**

(*Adequate Remedy At Law*)

12.     Plaintiffs and the putative class have adequate remedies at law so resort to equitable relief is inappropriate.

**THIRTEENTH AFFIRMATIVE DEFENSE**

(*Failure to Mitigate*)

13.     Plaintiffs' and the putative class's claims are barred in whole or in part because Plaintiffs and the putative class failed to take reasonable steps to mitigate or prevent the alleged harm, if any.

**FOURTEENTH AFFIRMATIVE DEFENSE**

(*Arbitration Agreement*)

14.     The claims of Plaintiffs and/or the putative class are barred in whole or in part, or are not within the jurisdiction of this Court, because they are subject to agreement(s) to arbitrate with Defendants.

**FIFTEENTH AFFIRMATIVE DEFENSE**

(*Set-Off*)

15.     The claims of Plaintiffs and/or the putative class are subject to set-off of the reasonable value of goods and services that Plaintiffs and the and the putative class have received from Defendants.

**SIXTEENTH AFFIRMATIVE DEFENSE**

(*Unclean Hands*)

16.     The claims of Plaintiffs and/or the putative class are barred by the doctrine of unclean hands.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

(*No Extraterritorial Application*)

17.     The claims of Plaintiffs and/or the putative class are barred to the extent they attempt to apply California law extraterritorially to conduct occurring outside California and/or to nonresidents.

1

**EIGHTEENTH AFFIRMATIVE DEFENSE**

2

(*Comparative Fault*)

3      18.      The claims of Plaintiffs and/or the putative class are barred to the extent the

4 negligence or fault of a nonparty tortfeasor was a substantial factor in causing the harm alleged.

5

**NINETEENTH AFFIRMATIVE DEFENSE**

6

(*Bona Fide Error*)

7      19.      The claims of Plaintiffs and/or the putative class are barred, in whole or in part,

8 because any violation of law was unintentional and resulted from a bona fide error

9 notwithstanding the maintenance of procedures reasonably adopted to avoid any such error.

10      WHEREFORE, Defendants pray for judgment as follows:

11      1.      That Plaintiffs and the putative class take nothing by this action;

12      2.      That a judgment of dismissal be entered in favor of Defendants and against

13 Plaintiffs and the putative class;

14      3.      That Defendants be awarded their costs of suit; and

15      4.      That Defendants be awarded such other and further relief as the Court deems just

16 and proper.

17

18 Dated:  December 14, 2021          SHEPPARD MULLIN RICHTER & HAMPTON LLP

19

20                                    By      _____
                                                    */s/ Benjamin O. Aigboboh*
21                                              P. CRAIG CARDON
                                                ROBERT J. GUITE
22                                              BENJAMIN O. AIGBOBOH
                                                ALYSSA M. SHAUER

23                                              *Attorneys for Defendants*
24                                              WILLIAMS-SONOMA, INC.,
                                                WILLIAMS-SONOMA DTC, INC., and
25 SMRH:4834-0059-6113.2                         WILLIAMS-SONOMA ADVERTISING, INC.

26

27

28