SHEPPARD MULLIN RICHTER & HAMPTON LLP
P. CRAIG CARDON, Cal. Bar No. 168646
ROBERT J. GUITE, Cal. Bar. No. 244590
BENJAMIN O. AIGBOBOH, Cal. Bar No. 268531
ALYSSA M. SONES, Cal. Bar No. 318359
Four Embarcadero Center, 17th Floor
San Francisco, California 94111-4109
Telephone:    415.434.9100
Facsimile:    415.434.3947
Email:        ccardon@sheppardmullin.com
              rguite@sheppardmullin.com
              baigboboh@sheppardmullin.com
              asones@sheppardmullin.com

*Attorneys for Defendants*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION**

| | |
|---|---|
| WILLIAM RUSHING and ELIZABETH PERLIN, individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>    v.<br><br>WILLIAMS-SONOMA, INC., a Delaware corporation, also d/b/a Williams-Sonoma, Williams-Sonoma Home, and Pottery Barn; WILLIAMS-SONOMA DTC, INC., a California corporation; WILLIAMS-SONOMA ADVERTISING, INC.,<br><br>    Defendants. | Case No. 3:16-cv-01421-WHO<br><br>*Assigned to the Hon. William H. Orrick*<br><br>**CLASS ACTION**<br><br>**NOTICE OF MOTION AND MOTION FOR RELIEF FROM NONDISPOSITIVE PRETRIAL ORDER OF MAGISTRATE JUDGE [LOCAL RULE 72-2]**<br><br>Complaint Filed:   January 29, 2016<br>Action Removed:   March 23, 2016<br>8AC Filed:             June 5, 2020<br>Trial Date:             None Set |

PLEASE TAKE NOTICE THAT, pursuant to Fed. R. Civ. P. 72(a), 28 U.S.C. § 636(b)(1)(A) and Civil Local Rule 72-2, Williams-Sonoma, Inc., Williams-Sonoma DTC, Inc., and Williams-Sonoma Advertising, Inc. (collectively, "WSI") move this Court for relief from Magistrate Judge Kim's *Order Regarding Joint Discovery Letter Brief* entered June 6, 2022 (Dkt. 274) ("*Order*").  WSI seeks relief from the portions of Section B of the *Order* highlighted in Exhibit A to the *Declaration of Alyssa Sones*, which hold that non-privileged information sought by WSI in Plaintiff Elizabeth Perlin's deposition is not relevant and, as a result, deny WSI the opportunity to obtain that information via further deposition.  WSI respectfully request the Court set aside and/or modify the *Order* so as to return WSI to the position it would have been in but for Perlin's counsel's improper instruction not to answer deposition questions and Perlin's subsequent refusal to answer, by requiring Perlin to sit for a short continuation of the Zoom deposition.  This *Motion for Relief from Nondispositive Pretrial Order of Magistrate Judge* is made on the grounds that the highlighted portions of Section B of the *Order* are clearly erroneous, an abuse of discretion and/or contrary to law.

This Request for Relief from Nondispositive Pretrial Order of Magistrate Judge is based upon this Notice, the attached Memorandum of Points and Authorities, the Declaration of Alyssa Sones and attachment thereto, and all of the pleadings, records, and papers on file herein, as well as such other oral and/or documentary evidence as may be presented at or before the time of the hearing.

SHEPPARD MULLIN RICHTER & HAMPTON LLP

Dated: June 20, 2022      By      */s/ Alyssa Sones*
P. CRAIG CARDON
ROBERT J. GUITE
BENJAMIN O. AIGBOBOH
ALYSSA M. SONES

*Attorneys for Defendants*

I.   **INTRODUCTION**

This motion arises out of instructions by Plaintiff Elizabeth Perlin's counsel at her deposition that, based on privilege, she not answer questions regarding her initial communications with her now-counsel when they first solicited her. In the *Order Regarding Joint Discovery Letter Brief* ("*Order*"), Judge Kim, after determining that the conversation in question was not privileged, nevertheless denied Defendants Williams-Sonoma, Inc., Williams-Sonoma DTC, Inc., and Williams-Sonoma Advertising, Inc.'s (collectively, "WSI") request that the Court order Perlin testify at a further deposition to the pre-engagement communications. The improper privilege objection and instruction barred WSI from inquiring into this non-privileged conversation. The *Order* denied the request not because of privilege but because of relevance. Yet, no relevance objection was made, and no instruction based on relevance could have been made.

As confirmed in the *Order*, the initial communications between Perlin and her now-counsel were not privileged because counsel—after obtaining discovery showing that Perlin purchased the sheets at issue and complained in 2014 about their thread count—solicited Perlin to serve as a class representative in this case. Perlin did not know her now-counsel when they called and was not looking for an attorney or legal advice. The pre-engagement conversations relate directly to WSI's statute of limitations defense at issue in the pending motion for summary judgment ("*MSJ*"), and specifically the tolling and discovery issues implicated by Perlin's own invocation of these doctrines. Indeed, the contents of these conversations *are relied on by Perlin in opposition to the MSJ*. Yet, the *Order* denied WSI's request for testimony on these same conversations based on the erroneous legal conclusion that the conversations are not relevant. Perlin cannot invoke these conversations to oppose the *MSJ* and at the same time prevent WSI from inquiring into these conversations.

The contents of these pre-engagement conversations may not be ***necessary*** for the Court to grant the *MSJ* because Perlin's claims are facially barred by the respective statutes of limitations and the evidence does not support tolling of those periods by fraudulent concealment or the delayed discovery rule. *See* Dkts. 268-1 at 13 n.12; Dkt. 272 at 7. Nevertheless, the conversations in which Perlin and her now-counsel discussed this case and her claims are clearly ***relevant*** to this

case, her claims, and WSI's defenses—including statute of limitations. As the *Order* acknowledges, WSI should never have been deprived of the opportunity to investigate the content of these communications based on the improper privilege instruction, and accordingly WSI should be returned to the position it would have been in but for being stifled by the improper instruction by counsel. Doing so is simple — a short continuation of the Zoom deposition should be ordered.[1]

## II.     FACTUAL BACKGROUND

The Parties' May 5, 2022 *Joint Discovery Letter Brief* ("*Letter*") involves Perlin's refusal to testify at her deposition to solicitation conversations with her counsel before she engaged them based on a privilege objection. Dkt. 270. In it, WSI asks the Court to resolve whether those pre-attorney-client relationship communications are discoverable. *Id.* Since the *Letter* was filed, and before the *Order* was issued, Perlin filed her *MSJ* opposition arguing the *8AC* is timely because "she first learned facts related to her claims" in these pre-engagement conversations. Dkt. 272.

WSI objects to the *Order*'s holding that "the information sought is not relevant to this case" and its underlying reasoning as highlighted in Exhibit A to the Declaration of Alyssa Sones.[2]

## III.     LEGAL STANDARD

Where a party objects to a non-dispositive order issued by a magistrate judge, a district court "must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a); *see also* 28 U.S.C. § 636(b)(1)(A). A ruling is clearly erroneous if the reviewing court, after considering the evidence, is left with the "definite and firm conviction that a mistake has been committed." *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948). A decision is contrary to law if the magistrate judge fails to apply

---

[1] If the Court denies this short continuation, WSI requests the Court set aside the *Order* to the extent it improperly opines on the merits of the *MSJ*. In ambiguous *dicta* the *Order* suggests Judge Kim decided the statute of limitations issues raised in the *MSJ*. The *MSJ* was not and, as a dispositive motion, could not have been before Judge Kim.

[2] WSI does not object to the *Order*'s proper holding that the pre-engagement conversations are not privileged. Dkt. 274 at 2-3. "[P]rivilege protects from disclosure a pre-engagement conversation" ***only if*** the client "consults a lawyer for the purposes of retaining the lawyer or securing legal service or advice from him in his professional capacity." *Id.* at 2; Cal. Evid. Code § 951. Perlin provided no declarations confirming that, based on her own state of mind at the time of the pre-engagement call(s), this standard was met. *Id.* Counsel's statement does not meet that burden. *Id.*

or misapplies relevant case law, statutes or rules of procedure.  *See United States v. Cathcart*, 2009 WL 1764642, at * 2 (N.D. Cal. June 18, 2009).

The district court reviews issues of law de novo.  *Medical Imaging Ctrs. of Am., Inc. v. Lichtenstein*, 917 F. Supp. 717, 719 (S.D. Cal. 1996).  District courts have applied an abuse of discretion standard to certain aspects of a magistrate's decision, such as the "vast area of … choice that remains to the [magistrate] who has properly applied the law to fact findings that are not clearly erroneous."  *See Lahr v. Fulbright & Jaworski LLP*, 164 F.R.D. 204, 208 (N.D. Tex. 1996).  And, whenever a court makes an error of law or fails to exercise its discretion, it necessarily abuses its discretion.  *See, e.g., Koon v. U.S.*, 518 U.S. 81, 100 (1996).

## IV.     THE *MOTION* SHOULD BE GRANTED

"[R]elevancy (for discovery purposes) is defined broadly."  *Elgindy v. AGA Serv. Co.*, 2021 U.S. Dist. LEXIS 211772, at *9 (N.D. Cal. Nov. 2, 2021).  *See also* Fed. R. Civ. P. 26 ("[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case").  The *Order*'s sweeping holding that Perlin and her counsel's pre-engagement calls about this case are not relevant is clearly erroneous.

First, the pre-engagement communications are directly relevant to the *MSJ*.  As stated in the *Order*, the *MSJ* and Perlin's opposition thereto relied in part on these conversations.  *See* Dkt. 268-1 at 13 n.12; Dkt. 272 at 2, 3, 7 (Perlin argues "she first learned facts related to her claims" in these conversations and "did not have reason to suspect a claim until after she spoke with her attorney").  Perlin made the same arguments in opposing WSI's motion to dismiss.  Dkt. 230 at 2-3.  This Court held the very issues on which the pre-engagement communications bear "are questions of fact that should be resolved either after Ms. Perlin's deposition by way of summary judgment motion or at trial."  Dkt. 244, ¶ 2.[3]

The *Order* implicitly recognizes the conversations are relevant, but neglects to conclude as much.  Dkt. 274 at 4 ("***further*** information about the conversation … is not relevant" because the

---

[3] If the conversations are truly irrelevant, even-handedness requires Plaintiff's invocation of them in her Opposition to the *MSJ* be stricken.

"Court *may* rule on the legal issue" without additional evidence) (emphasis added).  The bits and pieces of the pre-engagement conversation Perlin chose to share are not the subject of this dispute.  But the remaining contents of those conversations are relevant, even if they do not end up being case dispositive (though they very well may).  For example, further deposition testimony may elicit that in 2018 Perlin said she felt deceived by the thread count advertisement ever since her sheets first ripped, or that she always suspected her concerns about the bedding were tied to the thread count.  That would not create an issue of fact as to any evidence in the record, but it would further prove that Perlin was on legal notice of her claims since in or around 2011.

Second, the pre-engagement communications are relevant to other potential defenses in this action.  Improper solicitation or engagement of a named plaintiff "may affect the decision whether to appoint counsel under [] Rule 23(g)."  Manual for Complex Litig. at 248-49 (4th ed.).  Nonprivileged communications with putative class members are not only discoverable, but also subject to filing with the Court for review of potential abuse.  *Id.*  Courts have denied class certification where class counsel improperly "went in search of a plaintiff" to forum shop.  *See Bodner v. Oreck Direct, LLC*, 2007 WL 1223777, at *3 (N.D. Cal. Apr. 25, 2007).  Here, future class certification arguments may focus on this issue, as counsel intentionally solicited Perlin to bring California claims once the Court held Plaintiff Rushing could allege only Kentucky law claims.  These concerns will be subject to greater scrutiny here than in other cases since counsel (who had no California plaintiff at that time) only learned of Perlin's existence and obtained her contact information through a discovery order that has since been vacated by the 9th Circuit.

Third, counsel's privilege objection and instruction not to answer should be overruled.  Perlin's portion of the *Letter* shows that the privilege objection and instruction not to answer found no basis in a legitimate privilege objection at all, and instead were primarily based on relevance.  Dkt. 270 at 6-7.  Instructions not to answer may be given "only when *necessary* to preserve a privilege."  Fed. R. Civ. P. 30(c) (emphasis added).  Counsel's instruction was not necessary because the questions did not in fact seek privileged information.  The instruction therefore should not have been given at all, and should be overruled by the Court.  WSI should have the right to ask the questions Perlin refused to answer and any reasonable, related follow up

questions. *See McClure v. Prisoner Transportation Servs. of Am., LLC*, 2020 WL 1182653, at *5 (E.D. Cal. Mar. 12, 2020). The *Order* is clearly erroneous to the extent it denies WSI the ability to take further deposition testimony despite the holding that the information sought is not privileged.

Fourth, completing the deposition is proportional to the needs of the case. *See* Fed. R. Civ. P. 26(b). The contents of the pre-engagement conversations may not be necessary to the *MSJ* but could be a smoking gun that mandates granting it. The conversations' contents are currently solely within the knowledge of Perlin and her counsel. Yet, sitting for an additional couple hours of a Zoom deposition is neither burdensome nor expensive.[4]

Finally, to the extent the *Order* can be interpreted as discussing the merits of the statutes of limitations issues in the *MSJ*, it should be disregarded.[5] The full evidence supporting the *MSJ* and the totality of the legal theories on which it is based and opposed were not in front of or considered by Judge Kim, including the various tolling issues at the core of the *MSJ*. Accordingly, this dicta is in no way a ruling on the merits of the *MSJ* and should be disregarded.

## V.  CONCLUSION

Though Judge Kim found there to be no privilege, the Order essentially applies a "no harm, no foul" rule in denying the requested relief. But given the importance of the statute of limitations issues, including the pending *MSJ* addressing these issues, there is real and imminent prejudice to WSI being prevented from exploring these non-privileged communications. WSI thus respectfully requests that the Court modify the *Order* to hold that the information sought is relevant to the claims and/or defenses in this case, and order Perlin to sit for a further deposition on this topic.

---

[4] Judge Kim's erroneous relevance analysis fails to consider the issue's context in a case that has been pending since 2016, including that (a) one ruling of this Court left no plaintiff with California claims until Perlin joined the action, (b) the manner in which Rushing's counsel learned about Perlin, (c) this Court views the statute of limitations issues as properly raised at summary judgment, and (d) Perlin's purchases underlying the statutes of limitations issues were made nearly a decade she sued WSI.

[5] The *Order* states "she was within the statute of limitations for her claims" and briefly addresses the statutes of limitations, ignoring tolling and discovery issues briefed in the *MSJ*. Dkt. 274 at 3.

|   |   |   |
|---|---|---|
|   |   | SHEPPARD MULLIN RICHTER & HAMPTON LLP |
| Dated: June 20, 2022 | By | _/s/ Alyssa Sones_ |
|   |   | P. CRAIG CARDON |
|   |   | ROBERT J. GUITE |
|   |   | BENJAMIN O. AIGBOBOH |
|   |   | ALYSSA M. SONES |
|   |   |   |
|   |   | *Attorneys for Defendants* |

SMRH:4846-2104-6976