Amber L. Eck (177882)
HAEGGQUIST & ECK, LLP
225 Broadway, Suite 2050
San Diego, California 92101
Telephone: 619.342.8000
ambere@haelaw.com

Robert B. Carey (*pro hac vice*)
Leonard W. Aragon (*pro hac vice*)
E. Tory Beardsley (*pro hac vice*)
HAGENS BERMAN SOBOL SHAPIRO LLP
11 West Jefferson Street, Suite 1000
Phoenix, Arizona 85003
Telephone: 602.840.5900
rob@hbsslaw.com
leonarda@hbsslaw.com
toryb@hbsslaw.com

Attorneys for Plaintiffs and the Proposed Class

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| WILLIAM RUSHING and ELIZABETH PERLIN, individually and on behalf of all others similarly situated,<br><br>    Plaintiffs,<br><br>v.<br><br>WILLIAMS-SONOMA, INC., et al.,<br><br>    Defendants. | Case No.: 3:16-cv-01421-WHO<br><br>**CLASS ACTION**<br><br>**EIGHTH JOINT CASE MANAGEMENT STATEMENT**<br><br>Judge William H. Orrick<br>Courtroom: 2, 17th Floor<br>Date: January 21, 2025<br>Time: 2:00 p.m.<br><br>8th Amd. Compl. Filed: June 5, 2020<br>Trial Date: Not Set |

Pursuant to the Clerk's December 10, 2024 Notice Setting Zoom Hearing (Dkt. 353) and Civil L.R. 16-10(d), Plaintiffs Elizabeth Perlin and William Rushing, and Defendants Williams-Sonoma, Inc., Williams-Sonoma DTC, Inc., and Williams-Sonoma Advertising, Inc. (collectively, "Williams-Sonoma"), by and through their respective counsel, submit this Joint Case Management Statement in anticipation of the Case Management Conference scheduled before the Honorable William H. Orrick for January 21, 2025, at 2:00 p.m.

Pursuant to the Clerk's December 10, 2024 Notice Setting Zoom Hearing (Dkt. 353) and Civil L.R. 16-10(d), Plaintiffs Elizabeth Perlin and William Rushing, and Defendants Williams-Sonoma, Inc., Williams-Sonoma DTC, Inc., and Williams-Sonoma Advertising, Inc. (collectively, "Williams-Sonoma"), by and through their respective counsel, submit this Joint Case Management Statement in anticipation of the Case Management Conference scheduled before the Honorable William H. Orrick for January 21, 2025, at 2:00 p.m.

### A. Procedural Summary

This action was filed by Plaintiff Rushing in March 2016. Williams-Sonoma moved for summary judgment in April 2018, on choice of law, among other grounds. Dkt. 119. In October 2018, this Court held that Rushing could not pursue claims arising under California law. Dkt. 170. That Order also required Rushing to elect whether he intended to pursue claims under Kentucky law. *Id.* Rushing filed a notice stating he intended to pursue claims under Kentucky law on November 13, 2018. Dkt. 174.

On June 5, 2020, Plaintiff Elizbeth Perlin filed the Eighth Amended Complaint, taking over as the class representative for the nationwide class. Dkt. 217. Defendants moved to compel arbitration of Perlin's claims based upon her recent purchase on or about June 4, 2020 (Dkt. 219) and, in the alternative, to dismiss the Eighth Amended Complaint because Perlin's claims were filed past the statute of limitations. Dkt. 218. The Court denied the motion to dismiss finding a question of fact existed as to the statute of limitations (Dkt. 244), granted Defendants' motion to compel arbitration as to Perlin, and stayed this action in its entirety "pending the arbitrator's determination of whether Perlin's claims are arbitrable." Dkt. 252.

Perlin filed a demand for arbitration with the American Arbitration Association on February 25, 2021. *See* Dkt. 256. The parties briefed the arbitrability issues and on October 25, 2021, the arbitrator issued an opinion finding that Perlin's claims were not subject to mandatory arbitration and remanded the case to this Court. *Id.*

Defendants filed a motion for summary judgment against Plaintiff Perlin on April 18, 2022. Dkt. 267. The Court denied the motion for summary judgment on July 20, 2022, finding an issue of fact as to whether the "discovery rule" applies to Perlin claims. Dkt. 283.

1    Plaintiff Perlin moved for class certification on September 28, 2022, and Defendants opposed. The Court granted Plaintiff's motion for class certification, in part, on February 21, 2024, and certified a class of "[a]ll persons in California who from January 19, 2007 to the present … purchased bedding, including sheets, sheet sets, pillowcases, duvet covers, and/or shams, directly from Williams-Sonoma, Inc. from any of the Bedding Products." Dkt. 342. In its order on Class Certification, the Court ordered the parties meet and confer regarding the form Notice and Notice Plan for the certified class. The parties, however, asked the Court to stay the case to allow the parties to pursue private mediation. The mediation, before the Honorable Richard A. Kramer of JAMS, was unsuccessful.

The parties have met and conferred regarding a notice plan and schedule for the remaining case. The parties, however, have not yet been able to agree on the form of notice and whether all class members should receive notice. Defendants believe that class members subject to arbitration agreements and class action waivers are not entitled to and should not be provided notice. Class representative Perlin disagrees. As such, the parties propose a concurrent schedule to brief class representative Perlin's Motion to Approve the Form and Manner of Class Notice and Defendants' Motion to Modify Class Definition (or similar motion) to resolve the notice issues. It should be noted, however, that the parties anticipate stipulating to most of the notice plan, but require a briefing schedule to resolve any remaining discrete issues.

In addition, discovery in this matter was bifurcated, with all discovery related to damages and related issues scheduled for after class certification. As such, the parties have proposed a schedule to complete discovery. Given that much of the remaining discovery is related to damages, and discovery related to damages is impacted by the Court's determination of (1) whether all class members receive notice, and (2) whether class members who are subject to arbitration are still part of the class, Class Representative Perlin suggests starting phase II of discovery once those determinations are made. The parties will then meet and confer and submit a more detailed schedule to the Court.

**B.     Scheduling Proposal**

| Event | Proposed Deadline |
|---|---|
| Plaintiff's Motion to Approve the Form and Manner of Class Notice and Defendants' Motion to Modify Class Definition (or similar motion) | March 5, 2025 |
| Defendants' Response to Motion to Approve the Form and Manner of Class Notice and Plaintiff's Response to Defendants' Motion to Modify Class Definition (or similar motion) | April 7, 2025 |
| Plaintiff's Reply in Support of Motion to Approve Form and Manner of Class Notice and Defendants' Reply in Support of Motion to Modify Class Definition (or similar motion) | April 23, 2025 |
| Discovery Phase II Open | On date Court Issues Order on Plaintiff's Motion to Approve Form and Manner of Class Notice and Defendants' Motion to Modify Class Definition (or similar motion) |
| CMC, with proposed discovery schedule, due to Court | 30 days later |

I, Leonard W. Aragon, am the ECF User whose ID and password are being used to file this document. In compliance with Civil Local Rule 5-1(i)(3), I hereby attest that P. Craig Cardon, counsel of record for Defendants, has concurred in this filing.

Dated: January 15, 2025                                HAGENS BERMAN SOBOL SHAPIRO LLP

                                                                       By ____/s/ Leonard W. Aragon____
                                                                       Robert B. Carey (*pro hac vice*)
                                                                       Leonard W. Aragon (*pro hac vice*)
                                                                       E. Tory Beardsley (*pro hac vice*)

                                                                       Attorneys for Plaintiffs

Dated: January 15, 2025                                SHEPPARD MULLIN RICHTER & HAMPTON LLP

                                                                       By ____/s/ P. Craig Cardon____
                                                                       P. Craig Cardon
                                                                       Robert J. Guite
                                                                       Benjamin O. Aigboboh
                                                                       Alyssa M. Sones

                                                                       Attorneys for Defendants

3